| | |
|---|---|
| 1 | Robert E. Thackston (CA SBN 255658) |
| | rthackston@hptylaw.com |
| 2 | Edward R. Ulloa (CA SBN 177909) |
| | eulloa@hptylaw.com |
| 3 | Julia A. Gowin (CA SBN 234995) |
| | jgowin@hptylaw.com |
| 4 | J. Kyle Gaines (CA SBN 287536) |
| | kgaines@hptylaw.com |
| 5 | **HAWKINS PARNELL THACKSTON & YOUNG LLP** |
| | 445 South Figueroa Street, Suite 3200 |
| 6 | Los Angeles, CA 90071 |
| | Telephone:  (213) 486-8000 |
| 7 | Facsimile:   (213) 486-8080 |
| | Email:     jgowin@hptylaw.com |
| 8 | kgaines@hptylaw.com |

Attorneys for Defendant,
JOHN CRANE INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FARID MALEK, an individual; MARY MALEK, an individual, | Case No. 2:15-cv-04454-SJO-JEM |
| Plaintiffs, | Assigned for all purposes to the Honorable S. James Otero in Courtroom 1 |
| vs. | **DEFENDANT JOHN CRANE INC.'S NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION PURSUANT TO RULE 12(B)(2) OF THE FEDERAL RULES OF CIVIL PROCEDURE; MEMORANDUM OF POINTS AND AUTHORITIES** |
| BLACKMER PUMP COMPANY, et al. | |
| Defendants. | |
| | *[Filed concurrently with Declaration of J. Kyle Gaines; Declaration of George Springs; and Proposed Order]* |
| | Date:  July 20, 2015 |
| | Time:  10:00 a.m. |
| | Courtroom:  1 |
| | Judge: Hon. S. James Otero |
| | FAC Filed:         May 20, 2015 |
| | Trial Date:        Not Set |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

---

**JCI'S NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

**PLEASE TAKE NOTICE** that, on July 20, 2015 at 10:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 1 before the Honorable S. James Otero of the above-referenced Court, located at 312 North Spring Street, Los Angeles, CA 90012, Defendant John Crane Inc. ("JCI") will and hereby does move to dismiss the action against JCI for lack of personal jurisdiction under Federal Rules of Civil Procedure Rule 12(b)(2).

Pursuant to Rule 12(b)(2), Plaintiffs' claims for personal injury and loss of consortium should be dismissed because the Court lacks general and specific personal jurisdiction over JCI. In particular, the Court lacks specific personal jurisdiction over JCI because the conduct alleged against JCI occurred in Iran, not California. The Court lacks general personal jurisdiction over JCI because JCI is a Delaware corporation with its principal place of business in Illinois. Accordingly, JCI is not "essentially at home" in California. See *Daimler AG v. Bauman,* 134 S.Ct. 746, 760 (2014); *Goodyear Dunlop Tires Operations, S.A. v. Brown,* 131 S.Ct. 2846 (2011).

JCI's motion is made following the conference with Plaintiffs' counsel pursuant to Local Rule 7-3, which took place on Wednesday, June 17, 2015. (*See* ¶ 5 of the Gaines Declaration.) It is based upon this Notice of Motion and Motion, the attached Memorandum of Points and Authorities and Declaration of J. Kyle Gaines, the concurrently filed Declaration of George Springs, all papers and pleadings in the Court's file, any matter of which the Court may take judicial notice, and upon such oral argument as may be presented at the time of hearing.

DATED: June 18, 2015      HAWKINS PARNELL THACKSTON & YOUNG LLP

By: _____
Robert E. Thackston
Edward R. Ulloa
Julia A. Gowin
J. Kyle Gaines
Attorneys for Defendant,
JOHN CRANE INC.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      INTRODUCTION AND PROCEDURAL HISTORY**

Plaintiffs' initial Complaint for personal injury and loss of consortium was filed on May 7, 2015, in the Los Angeles Superior Court. (*See* Exh. A, at pp. 3 to Gaines Decl.) On May 20, 2015, Plaintiffs filed a First Amended Complaint in the Los Angeles Superior Court. (*See* Exh. C, at pp. 18 to Gaines Decl.)  JCI subsequently filed a Motion to Quash Service of Summons based on lack of personal jurisdiction on June 10, 2015.  On June 12, 2015, before JCI's Motion to Quash could be heard, Defendants Chevron U.S.A. Inc. and Texaco Inc. served a Notice of Removal.

This Court should dismiss JCI for lack of personal jurisdiction.  First, JCI is not subject to general personal jurisdiction in California.  JCI is a Delaware corporation. (*See* Springs Decl., ¶ 5.)  Its principal place of business is in Illinois, which is also "where the majority of its officers direct, control, and coordinate operations." (*Id.*)  Under recent United States Supreme Court precedent, JCI is not "at home" in California and, thus, is not subject to general personal jurisdiction here.  See *Daimler AG v. Bauman,* 134 S.Ct. 746, 760 (2014); *Goodyear Dunlop Tires Operations, S.A. v. Brown,* 131 S.Ct. 2846 (2011).

Second, JCI is not subject to specific personal jurisdiction in California.  According to Plaintiffs' First Amended Complaint and the Preliminary Fact Sheet, Plaintiffs allege that Farid Malek worked with or around purportedly asbestos-containing JCI products in Abadan, Iran (while employed at the Abadan Oil Refinery from approximately 1951-1979), only.  (*See* Exhibits B, at pp. 16 and C, at pp. 37, 64 to Gaines Decl.)  Therefore, Plaintiffs have not and cannot establish that their claims "arise out of" or are "related to" JCI's activities in California, which is required to establish specific jurisdiction.  *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 477-478 (1985).

Whatever the merits of Plaintiffs' claims, they have no connection to any activity performed by JCI in California sufficient to warrant haling JCI, a Delaware entity, into this Court.  Because there is no basis for this Court to exercise personal jurisdiction, JCI's motion to dismiss should be granted.

## II. LEGAL STANDARD

California's long-arm statute and Rule 4(k) of the Federal Rules of Civil Procedure require compliance with due process. *Pebble Beach Co. v. Caddy,* 453 F.3d 1151, 1155 (9th Cir. 2006). Defendants are permitted to challenge pleadings based on a lack of personal jurisdiction via motion. *See* FED. R. CIV. P. 12(b). When a nonresident defendant challenges personal jurisdiction, the plaintiff bears the burden of proving the necessary jurisdictional facts; e.g., the existence of "minimum contacts" between defendant and the forum state. *In re Western States Wholesale Natural Gas Antitrust Litig.*, 715 F.3d 716, 741 (9th Cir. 2013).

Under the Due Process Clause, a court cannot exercise jurisdiction over a nonresident defendant unless the defendant has such "minimum contacts" with the forum state that "maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945) (internal quotations and citations omitted). Under that restrictive standard, a court must have either "general or specific jurisdiction over a defendant." *Doe v. Unocal Corp.,* 248 F.3d 915, 923 (9th Cir. 2001); *see also Helicopteros Nacionales de Columbia, S.A. v. Hall,* 466 U.S. 408, 413-15 (1984). "If the defendant's activities in the forum are substantial, continuous and systematic, general jurisdiction is available; in other words, the foreign defendant is subject to suit even on matters unrelated to his or her contacts to the forum." *Doe*, 248 F.3d at 923. "A court may exercise specific jurisdiction over a foreign defendant if his or her less substantial contacts with the forum give rise to the cause of action before the court," but "[i]t is the plaintiff's burden to establish the court's personal jurisdiction over a defendant." *Id.* at 922-23. As shown below, Plaintiffs cannot meet their burden to establish this Court's general or specific jurisdiction over JCI.

## III. THE COURT SHOULD GRANT JCI'S MOTION BECAUSE JCI LACKS SUFFICIENT CONTACTS WITH CALIFORNIA

JCI is not subject to general or specific personal jurisdiction in this case.

4

## A. JCI IS NOT SUBJECT TO GENERAL PERSONAL JURISDICTION IN CALIFORNIA.

### 1. The *Goodyear* and *Daimler* holdings apply.

JCI is not subject to general personal jurisdiction in California. A corporation is subject to general personal jurisdiction only if its in-state contacts are "so continuous and systematic as to render [it] essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown,* 131 S.Ct. 2846, 2851 (2011) (internal quotations omitted). "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place . . . in which the corporation is fairly regarded as at home," such as its "domicile, place of incorporation, and principal place of business." *Id.* at 2853-54; *see also Daimler AG v. Bauman,* 134 S.Ct. 746, 760 (2014) (general jurisdiction typically requires corporation either to be incorporated or have its principal place of business in forum state). A corporation's "principal place of business," in turn, "refer[s] to the place where a corporation's officers direct, control, and coordinate the corporation's activities . . . [a]nd in practice it should normally be the place where the corporation maintains its headquarters." *Hertz Corp. v. Friend,* 130 S.Ct. 1181, 1192 (2010). Applying that test here, there is no question that JCI is "at home" in Illinois or Delaware but not in California.

JCI's status is comparable to but even further removed from the defendant in *Goodyear,* which was a products liability case involving nonresident product manufacturers sued in North Carolina. *Goodyear*, 131 S.Ct. 2846. Although the plaintiffs and their decedents were from North Carolina, and the defendants' products had been sold in North Carolina, the Supreme Court held that general jurisdiction was lacking because the nonresident defendants were "in no sense at home in North Carolina." *ld.* at 2857.

With *Goodyear*, the United States Supreme Court swept aside the "sprawling view of general jurisdiction" under which "any substantial manufacturer . . . would be amenable to suit, on any claim for relief, wherever its products are distributed," making plain that "even regularly occurring sales of a product in a State do not justify" the

1  exercise of general jurisdiction there.  *Id.* at 2856, 2857 n.6.  The Supreme Court
2  cemented its position in *Daimler* when it rejected California's exercise of general
3  jurisdiction over a nonresident manufacturer simply because it sold hundreds of
4  thousands of automobiles in California through an in-state subsidiary.  *Daimler*, 134 S.Ct.
5  at 761-62 ("It was therefore error for the Ninth Circuit to conclude that *Daimler*, even
6  with MBUSA's contacts attributed to it, was at home in California, and hence subject to
7  suit there.").  The Supreme Court reiterated that the inquiry "is not whether a foreign
8  corporation's in-forum contacts can be said to be in some sense 'continuous and
9  systematic,' it is whether that corporation's affiliations with the State are so 'continuous
10 and systematic as to render [it] essentially at home in the forum State.'"  *Id.* at 761 (citation
11 omitted).

12       Recently, California's Second District Court of Appeal applied *Goodyear* and
13 *Daimler* in the context of a wrongful death asbestos case in *BNSF Railway Company v.*
14 *Superior Court (Kralovetz),* 235 Cal.App.4th 591 (2015).  In *BNSF,* the plaintiffs alleged that
15 decedent Peter J. Kralovetz died from mesothelioma as a result of exposure to asbestos.
16 *Id.* at 595.  The exposure attributed to defendant BNSF allegedly occurred in Wichita,
17 Kansas.  *Id.*  BNSF, a Delaware corporation with its principal place of business in Texas,
18 moved to quash service of the summons for lack of personal jurisdiction.  *Id.* at 596.
19 Despite the facts that California housed approximately 8.1 percent of BNSF's total
20 workforce (3,520 employees), accounted for approximately 6 percent of BNSF's revenue,
21 and contained approximately 5 percent of its total track mileage (1,149 miles), the
22 California Court of Appeal held that BNSF was not subject to general jurisdiction in
23 California.  *Id.*  Specifically, the court found that BNSF's operations in California were
24 not sufficient in comparison to its national operations and were not so "continuous and
25 systematic" as to render it "at home" in California.  *Id.* at 604.  In so holding, the *BNSF*
26 court relied on the United States Supreme Court's decision in *Daimler*.

27       *Goodyear* and *Daimler* instruct that JCI is "at home" in Illinois or Delaware but not
28 in California.  Although Plaintiffs will likely contend that JCI is subject to personal

jurisdiction here, simply placing products in the stream of commerce and having an office in California is not enough.  JCI is a Delaware corporation. (Springs Decl. ¶ 5.)  It maintains its principal place of business in Illinois, where it is headquartered and "the majority of its officers direct, control, and coordinate operations." *Id.*; *Hertz,* 130 S.Ct. at 1192.  Under *Goodyear* and *Daimler*, JCI is not subject to general jurisdiction in California, and it would violate due process to hale JCI into California to defend itself in connection with alleged activities occurring outside the country. JCI's motion to dismiss should accordingly be granted.

### 2. This is not an "exceptional" case exemplified by *Perkins.*

The Court should reject any argument by the Plaintiffs that the present case is "exceptional." In *Daimler*, the United States Supreme Court identified the "textbook" example of the rare case that might qualify as "exceptional:" *Perkins v. Benguet Consol. Min. Co.,* 342 U.S. 437 (1952).  *Daimler*, 134 S.Ct. at 761 n.19.  To this day, *Perkins* "remains [t]he textbook case of general jurisdiction" when a corporation is neither headquartered nor incorporated in the forum state.  *Goodyear*, 131 S.Ct. at 2856.

In *Perkins*, the defendant, sued in Ohio, was a foreign Philippine mining corporation that had ceased all mining activities abroad.  *Perkins*, 342 U.S. at 447-48.  Its only business at the time of suit was done in Ohio, where its president maintained his office, kept the company files, and supervised the company.  *Id.*  Due process was satisfied because "Ohio *was* the corporation's principal, if temporary, place of business." *Daimler*, 134 S.Ct. at 756 (emphasis added).

That is a far cry from JCI's operations.  As stated above, JCI ran and continues to run its operations from its headquarters in Illinois, a fact that singlehandedly sets it apart from the "exceptional" case of *Perkins.*  Unlike *Perkins*, California has never served as JCI's *de facto* home base.  Nor could it ever be said that JCI's business involves "California-only operations." "Unlike the defendant in *Perkins*, whose sole wartime business activity was conducted in Ohio, [JCI is] in no sense at home in [California]." *Goodyear*, 131 S.Ct. at 2857.

The fact that this is an asbestos case does not make it "exceptional." In *BNSF*, plaintiffs argued that asbestos disease is an indivisible injury, and requiring plaintiffs affected by it to "sue individual defendants, each in its own state of incorporation or in its principal place of business, in multiple places throughout the country," would "present a horrific burden to all the courts," work a grave injustice to injured plaintiffs, and "unjustifiably assist defendants in avoiding responsibility for their conduct." *BNSF,* 235 Cal.App.4th at 605. The California appellate court found that these concerns did not render an asbestos-related case "exceptional," and stated that the due process rights of defendants cannot vary with the types of injury alleged by plaintiffs. *Id.* Similarly, the asbestos-related claims now alleged against JCI do not make this case "exceptional."

### 3. Other U.S. courts have declined to find jurisdiction in similar cases.

In the wake of *Daimler*, numerous courts have declined to find jurisdiction under circumstances similar to the facts here:

- *Ubid, Inc. v. GoDaddy Grp., Inc.,* 623 F.3d 421, 426 (7th Cir. 2010) (no general jurisdiction over GoDaddy in Illinois despite company's intense national advertising campaign, "extensive and deliberate contacts" with Illinois and hundreds of thousands of Illinois customers delivering "many millions of dollars in revenue");

- *Brown v. CBS Corporation*, 19 F.Supp.3d 390, 398-400 (2014) (no general jurisdiction over Lockheed Martin in Connecticut asbestos action even though company derived roughly $160 million in revenue from Connecticut-based work between 2008 and 2012, maintained employees at four in-state locations, leased real property at four separate locations and paid Connecticut corporate income tax);

- *Ricks v. Armstrong Int'l, Inc.,* 2014 WL 2873189 at *1 (E.D.N.C. June 24, 2014) (no general jurisdiction over defendant in North Carolina asbestos

action even though defendant derived 9.86 percent of total sales from forum state);

- *Cortec Corp. v. Transilwrap Co.*, 2015 WL 164173 at *3 (D. Minn. Jan. 13, 2015) (no general jurisdiction over defendant that derived 6.5-7.7 percent of its revenue from in-state customers, amounting to approximately $15-18 million in annual sales);
- *In re Asbestos Products Liab. Litig. (No. VI)*, 2014 WL 5394310 at *5-11 (E.D. Pa. Oct. 23, 2014) (no specific jurisdiction as claims did not arise out of defendants' activities in the Virgin Islands or general jurisdiction under the restrictive holding in *Daimler* for all 32 defendants).

### B. JCI IS NOT SUBJECT TO SPECIFIC PERSONAL JURISDICTION IN CALIFORNIA.

Plaintiffs cannot establish that this Court has specific jurisdiction over JCI. A court may exercise specific jurisdiction over a nonresident defendant *only if*: (1) the defendant has purposefully directed its activities at California; (2) the litigation results from alleged injuries that "arise out of or relate to" those activities; and (3) the assertion of personal jurisdiction would comport with fair play and substantial justice. *Burger King*, 471 U.S. at 472, 476. The analysis begins and swiftly ends with the second requirement. To satisfy the "arise out of or relate to" requirement, Plaintiffs must prove that this litigation results from alleged injuries that arise out of or relate to JCI's activities in California. *Burger King*, 471 U.S. at 472. Plaintiffs have not and cannot make that showing.

Plaintiffs' claims for personal injuries against JCI are based on alleged activities that took place entirely within Iran. In particular, Plaintiffs claim Mr. Malek worked with or around JCI "gaskets and packing" from approximately 1951-1979 at the Abadan Oil Refinery in Iran. (*See* Exh. C at pp. 37, 64 to Gaines Decl.) Indeed, all of Mr. Malek's alleged "exposures" to JCI's products occurred in Iran. As such, there is no connection

between this lawsuit and any activities or contacts JCI may have with California. Specific jurisdiction simply does not exist.

## IV. CONCLUSION

Plaintiffs cannot invoke this Court's jurisdiction over JCI. For the above-stated reasons, the Court should grant JCI's motion to dismiss pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure.

DATED: June 18, 2015

**HAWKINS PARNELL THACKSTON & YOUNG LLP**

By: _____
Robert E. Thackston
Edward R. Ulloa
Julia A. Gowin
J. Kyle Gaines
Attorneys for Defendant,
JOHN CRANE INC.

# CERTIFICATE OF SERVICE

The undersigned counsel for Defendant John Crane Inc. hereby certifies that a true and correct copy of the forgoing document was filed with the Court and served electronically through the CM-ECF (Electronic Case Filing) system to all counsel of record registered to receive a Notice of Electronic Filing for this case on this 18th day of June, 2015. To ensure service to the parties that have yet to appear in the federal court action, it was also served electronically through Lexis File & ServeXpress to all counsel of record in the state court action on this 18th day of June, 2015.

/s/ J. Kyle Gaines

J. Kyle Gaines

**JCI's Notice of Motion and Motion to Dismiss for Lack of Personal Jurisdiction**