1 | Robert E. Thackston (CA SBN 255658)
*rthackston@hptylaw.com*
2 | Edward R. Ulloa (CA SBN 177909)
*eulloa@hptylaw.com*
3 | Julia A. Gowin (CA SBN 234995)
*jgowin@hptylaw.com*
4 | J. Kyle Gaines (CA SBN 287536)
*kgaines@hptylaw.com*
5 | **HAWKINS PARNELL THACKSTON & YOUNG LLP**
445 South Figueroa Street, Suite 3200
6 | Los Angeles, CA 90071
Telephone:  (213) 486-8000
7 | Facsimile:   (213) 486-8080
Email:    *jgowin@hptylaw.com*
8 |       *kgaines@hptylaw.com*

9 | Attorneys for Defendant,
JOHN CRANE INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FARID MALEK, an individual; MARY MALEK, an individual, | Case No. 2:15-cv-04454-SJO-JEM |
| | Assigned for all purposes to the Honorable S. James Otero in Courtroom 1 |
| Plaintiffs, | |
| vs. | **DECLARATION OF J. KYLE GAINES IN SUPPORT OF DEFENDANT JOHN CRANE INC.'S NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION PURSUANT TO RULE 12(B)(2) OF THE FEDERAL RULES OF CIVIL PROCEDURE** |
| BLACKMER PUMP COMPANY, et al. | |
| Defendants. | |
| | *[Filed concurrently with Notice of Motion and Motion; Declaration of George Springs; and Proposed Order]* |
| | Date:  July 20, 2015
Time:  10:00 a.m.
Courtroom:  1
Judge: Hon. S. James Otero |
| | FAC Filed:      May 20, 2015
Trial Date:      Not Set |

I, J. Kyle Gaines, declare:

---

1.      I am an attorney licensed to practice before all courts in the State of California and the United States District Court for the Central District of California, and I am an associate with the law firm of Hawkins Parnell Thackston & Young LLP, attorneys of record for Defendant JOHN CRANE INC. in the above-captioned action. I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would testify competently to such facts under oath.

2.      Attached as Exhibit A is a true and correct copy of the relevant portions of Plaintiffs' Summons and Complaint, filed on May 7, 2015, in the Los Angeles Superior Court.

3.      Attached as Exhibit B is a true and correct copy of Plaintiffs' Preliminary Fact Sheet, filed in connection with Plaintiffs' Complaint on May 7, 2015 in the Los Angeles Superior Court.

4.      Attached as Exhibit C is a true and correct copy of the relevant portions of Plaintiffs' First Amended Complaint, filed on May 20, 2015, in the Los Angeles Superior Court.

5.      This motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on June 17, 2015.


I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on this 18th day of June 2015, at Los Angeles, California.


_____
J. KYLE GAINES

2

**DECLARATION OF J. KYLE GAINES IN SUPPORT OF JCI'S NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

# EXHIBIT A

 CT Corporation

**Service of Process Transmittal**
05/11/2015
CT Log Number 527098864

TO: Daisy Denizard, Attorney
OConnell, Tivin, Miller & Burns, LLC
135 S La Salle St Ste 2300
Chicago, IL 60603-4152

RE: **Process Served in California**

FOR: John Crane Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Farid Malek, etc. and Mary Malek, etc., Pltfs. vs. Blackmer Pump Company, et al. including John Crane Inc., etc., Dfts. |
| **DOCUMENT(S) SERVED:** | Proof of Service, Summons, Instructions, Complaint, Exhibit(s), Fact Sheet, Attachment(s), Cover Sheet, Notice(s) |
| **COURT/AGENCY:** | Los Angeles County - Superior Court - Hill Street, CA Case # BC580695 |
| **NATURE OF ACTION:** | Asbestos Litigation - Personal Injury |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 05/11/2015 at 14:30 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | Benno Ashrafi Weitz & Luxenberg, P.C. 1880 Century Park East, Suite 700 Los Angeles, CA 90067 310-247-0921 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 05/12/2015, Expected Purge Date: 05/17/2015 Image SOP Email Notification, Daisy Denizard ddenizard@djoalaw.com Email Notification, Rene Hernandez rhernandez@otmblaw.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 818 West Seventh Street Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

Page 1 of 1 / KS

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

EXHIBIT A - Page 3

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Benno Ashrafi, Esq. (CSBN 247623), Weitz & Luxenberg, P.C. 1880 Century Park East, Suite 700, Los Angeles, CA 90067 TELEPHONE NO.: 310-247-0921   FAX NO. *(Optional):* E-MAIL ADDRESS *(Optional):* ATTORNEY FOR *(Name):*  Plaintiffs | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  LOS ANGELES
STREET ADDRESS:  600 South Commonwealth Ave.
MAILING ADDRESS:  600 South Commonwealth Ave.
CITY AND ZIP CODE:  Los Angeles, 90005
BRANCH NAME:  Central Civil West Courthouse

| | CASE NUMBER: |
|---|---|
| PLAINTIFF/PETITIONER: Farid Malek, ind. and Mary Malek, DEFENDANT/RESPONDENT: Blackmer Pump Company, et al. | BC 580695 |
| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. [✓] summons
   b. [✓] complaint
   c. [ ] Alternative Dispute Resolution (ADR) package
   d. [✓] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] cross-complaint
   f. [✓] other *(specify documents):* Civil Case Cover Sheet addendum; Additional Parties Attachment; Notice of Case Assignment; Preliminary Fact Sheet; Exhibit A
3. a. Party served *(specify name of party as shown on documents served):*
      JOHN CRANE, INC.

   b. [✓] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
      CT CORPORATION SYSTEM
4. Address where the party was served:
   CT CORPORATION SYSTEM 818 W. 7TH STREET SUITE 930 LOS ANGELES, CA 90017
5. I served the party *(check proper box)*
   a. [✓] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* 5/11/2015   (2) at *(time):* 2:30
   b. [ ] **by substituted service.** On *(date):*   at *(time):*   I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*   from *(city):*   or [ ] a declaration of mailing is attached.

      (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10 |
|---|---|---|

| PLAINTIFF/PETITIONER: Farid Malek, ind. and Mary Malek, | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Blackmer Pump Company, et al. | BC 580695 |

5.  c.  ☐  **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*                      (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*)* (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d.  ☐  **by other means** *(specify means of service and authorizing code section):*

    ☐  Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:

  a.  ☐  as an individual defendant.
  b.  ☐  as the person sued under the fictitious name of *(specify):*
  c.  ☐  as occupant.
  d.  ☑  On behalf of *(specify):*

    under the following Code of Civil Procedure section:

| | |
|---|---|
| ☑ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7.  **Person who served papers**
  a.  Name: Richard Dominguez
  b.  Address: 1880 Century Park East, Suite 700
  c.  Telephone number: 310-247-0921
  d.  **The fee** for service was: $
  e.  I am:

    (1) ☐ not a registered California process server.
    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☐ a registered California process server:
      (i) ☐ owner ☐ employee ☐ independent contractor.
      (ii) Registration No.:
      (iii) County:

8.  ☑  **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9.  ☐  **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: 5/11/2015

Richard Dominguez
_____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶ _____
(SIGNATURE )

EXHIBIT A - Page 5



SUM-100

# SUMMONS
## (CITACIÓN JUDICIAL)

**NOTICE TO DEFENDANT:** BLACKMER PUMP COMPANY; [see Additional
**(AVISO AL DEMANDADO):** Parties Attachment]

**YOU ARE BEING SUED BY PLAINTIFF:** FARID MALEK AN INDIVIDUAL
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):** AND MARY MALEK AN INDIVIDUAL

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

MAY 07 2015

Sherri R. Carter, Executive Officer/Clerk

By Myrna Beltran, Deputy

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is: (El nombre y dirección de la corte es): Superior Court of California, County of Los Angeles 111 North Hill Street, Los Angeles, CA 90012 Los Angeles, California 90012 | CASE NUMBER: (Número del Caso): **BC 5 8 0 6 9 5** |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Benno Ashrafi, WEITZ & LUXENBERG, P.C.
1880 Century Park East, Suite 700, Los Angeles, CA 90067                    (310) 247-0921

DATE:                    **SHERRI R. CARTER**   Clerk, by   **MYRNA BELTRAN**   , Deputy
(Fecha)                               (Secretario)                              (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED: You are served**
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of (specify):

3. [ ] on behalf of (specify):
   under: [ ] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
          [ ] other (specify):
4. [ ] by personal delivery on (date):

[SEAL] MAY 07 2015

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]
SUMMONS
Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
Westlaw Doc & Form Builder

EXHIBIT A - Page 6

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| MALEK v. BLACKMER PUMP COMPANY, et al. | |

### INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.)*:

☐ Plaintiff    ☑ Defendant    ☐ Cross-Complainant    ☐ Cross-Defendant

BLACKMER PUMP COMPANY;
BP AMERICA INC. (sued individually and as successor-in-interest to ANGLO-IRANIAN OIL COMPANY and THE STANDARD OIL COMPANY and THE STANDARD OIL COMPANY (OHIO));
BP P.L.C. (sued individually and as successor-in-interest to ANGLO-IRANIAN OIL COMPANY and THE STANDARD OIL COMPANY and THE STANDARD OIL COMPANY (OHIO));
BRAND INSULATIONS, INC. individually and successor-in-interest to and as alter-ego to and joint venture with KAFRANG BRAND CO. LTD.;
BW/IP, INC. (sued individually and as successor-in-interest to BYRON JACKSON PUMPS);
CBS CORPORATION f/k/a VIACOM, INC., successor by merger to CBS CORPORATION f/k/a WESTINGHOUSE ELECTRIC CORPORATION;
CHEVRON U.S.A. INC. (sued individually and as successor-in-interest to GULF OIL CORPORATION, TEXACO, INC., THE TEXAS COMPANY, STANDARD OIL COMPANY OF CALIFORNIA and GETTY OIL COMPANY);
CLA-VAL CO., a division of GRISWOLD INDUSTRIES;
CONOCOPHILLIPS COMPANY (sued individually and as successor by merger to CONOCO, INC. and CONTINENTAL OIL COMPANY);
CRANE CO. (sued individually and as successor-in-interest to CHAPMAN VALVE CO. and COCKRANE, INC.);
EXXON MOBIL CORPORATION (sued individually and as successor-in-interest to ESSO RESEARCH AND ENGINEERING COMPANY, STANDARD OIL COMPANY (NEW JERSEY) and SOCONY MOBIL OIL COMPANY INC. f/k/a SOCONY VACUUM OIL COMPANY and ESSO INTERNATIONAL INC);
EXXONMOBIL OIL CORPORATION (sued individually and as successor-in-interest to SOCONY VACUUM OIL COMPANY and STANDARD OIL COMPANY OF NEW JERSEY and ESSO INTERNATIONAL INC);
FISHER CONTROLS INTERNATIONAL LLC f/k/a FISHER CONTROLS INTERNATIONAL, INC. f/k/a FISHER CONTROLS OF DELAWARE;

Page __2__ of __4__

Page 1 of 1

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

EXHIBIT A - Page 7

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| MALEK V. BLACKMER PUMP COMPANY, et al. | |

**INSTRUCTIONS FOR USE**

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties (Check only one box. Use a separate page for each type of party.):

☐ Plaintiff   ☑ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

FLOWSERVE US, INC. (sued individually and as successor-in-interest to PACIFIC PUMPS; SERCK AUDCO VALVES, INC.; NORDSTROM AUDCO, INC.; AUDELY ENGINEERING CO., DURIRON COMPANY INC. and EDWARDS VALVES);

FLUOR CONSTRUCTORS INTERNATIONAL, INC.;

FLUOR CORPORATION (sued individually and as successor-in-interest to FLUOR ENGINEERING & CONSTRUCTION COMPANY LTD.; FLUOR ENGINEERING AND CONSTRUCTION GROUP, INC.; THE FLUOR CORPORATION, LTD.; FLUOR OIL AND GAS CORPORATION; FLUOR INTERNATIONAL, INC.; FLUOR MIDEAST LIMITED; FLUOR DANIEL ENGINEERS & CONSTRUCTORS, LTD; FLUOR-DANIEL ENGINEERS & CONSTRUCTION, LTD.; ESPANA OIL, INC.; FLUOR ABADAN, INC.; MIDDLE EAST FLUOR; FLUOR DANIEL CONSTRUCTION COMPANY; FLUOR IRAN; FLUOR MIDDLE EAST, LLC; FLUOR ABADAN, LIMITED);

FLUOR DANIEL ENGINEERS & CONSTRUCTORS, LTD (sued individually and as successor-in-interest to FLUOR-DANIEL ENGINEERS & CONSTRUCTORS, LTD.; ESPANA OIL, INC.; FLUOR ABADAN LIMITED);

FLUOR ENTERPRISES, INC. (f/k/a FLUOR ENGINEERS AND CONSTRUCTORS, INC. sued individually and as successor-in-interest to FLUOR ENGINEERING & CONSTRUCTION COMPANY LTD.; FLUOR ENGINEERING AND CONSTRUCTION GROUP, INC.; THE FLUOR CORPORATION, LTD.; FLUOR MIDEAST LIMITED, FLUOR ABADAN, LIMITED, FLUOR DANIEL ENGINEERS & CONSTRUCTORS, INC., MIDDLE EAST FLUOR, FLUOR ENGINEERS, INC., FLUOR DANIEL, INC.);

FLUOR INTERNATIONAL, INC.;

FLUOR MIDDLE EAST, LLC;

FLUOR MIDEAST LIMITED;

FMC CORPORATION (sued individually and as successor-in-interest to PEERLESS PUMP, CO.);

FOSTER WHEELER ENERGY CORPORATION;

GARDNER DENVER, INC., f/k/a GARDNER DENVER MACHINERY, INC.;

GENERAL ELECTRIC COMPANY;

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
Attachment to Summons

EXHIBIT A - Page 8

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| MALEK V. BLACKMER PUMP COMPANY, et al. | |

**INSTRUCTIONS FOR USE**

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties (Check only one box. Use a separate page for each type of party.):

☐ Plaintiff   ☑ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

GOULDS PUMPS, INC.;
GRINNELL LLC, d/b/a GRINNELL CORPORATION;
IMO INDUSTRIES, INC. (sued individually and as successor-in-interest to DeLAVAL STEAM TURBINE COMPANY and DELAVAL, INC.);
INGERSOLL-RAND COMPANY (sued individually and as successor-in-interest to TERRY STEAM TURBINE COMPANY and PACIFIC PUMPS);
JOHN CRANE, INC.;
MIDDLE EAST FLUOR;
PARSONS CORPORATION (sued individually and as successor-in-interest to RALPH M. PARSONS (UK), LTD and TETE RALPH M. PARSONS OF ASIA);
PARSONS INFRASTRUCTURE & TECHNOLOGY GROUP (sued individually and as successor-in-interest to RALPH M. PARSONS (UK), LTD);
RILEY POWER, INC. f/k/a RILEY STOKER CORPORATION;
R.J. REYNOLDS TOBACCO COMPANY (sued individually and as successor in interest to R.J. REYNOLDS INDUSTRIES, INC. and as successor by merger to RJR CORPORATION and AMERICAN INDEPENDENT OIL COMPANY a/k/a AMINOIL);
ROYAL DUTCH SHELL, PLC (sued individually and as successor-in-interest to SHELL PETROLEUM N.V.);
SHELL OIL COMPANY (sued individually and as successor-in-interest to ROYAL DUTCH SHELL PLC and SHELL UNION OIL CORPORATION);
SHELL PETROLEUM COMPANY LIMITED (sued individually and as successor-in-interest to SHELL PETROLEUM N.V.); SHELL PETROLEUM N.V.; STANDARD OIL COMPANY OF CALIFORNIA; TEXACO INC. (sued individually and as successor-in-interest to THE TEXAS COMPANY and GETTY OIL COMPANY);
THE STANDARD OIL COMPANY; THE WILLIAM POWELL COMPANY;
UOP, LLC (sued individually and as successor-in-interest to UNIVERSAL OIL PRODUCTS CO.);
WARREN PUMPS, LLC;
WEIR VALVES & CONTROLS USA, INC. (sued f/k/a and individually and as successor in interest to ATWOOD & MORRILL);
and DOES 1 through 500, inclusive

Page 4 of 4

Page 1 of 1

**ADDITIONAL PARTIES ATTACHMENT**
Attachment to Summons

EXHIBIT A - Page 9

COPY

1  Benno Ashrafi, Esq. (CSBN 247623)
2  Venus Burns, Esq. (CSBN265425)
   WEITZ & LUXENBERG, P.C.
3  1880 Century Park East, Suite 700
   Los Angeles, California 90067
4  Tel.: (310) 247-0921
   Fax: (310) 786-9927
5
6  Attorneys for Plaintiffs

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

MAY 07 2015

Sherri R. Carter, Executive Officer/Clerk
By Myrna Beltran, Deputy

7
8               SUPERIOR COURT OF THE STATE OF CALIFORNIA
9                   FOR THE COUNTY OF LOS ANGELES
10

11  FARID MALEK, an individual;           CASE NO.   BC 5 8 0 6 9 5
    MARY MALEK, an individual;
12
13           Plaintiffs,
                                          PLAINTIFFS' COMPLAINT FOR DAMAGES
14       v.
                                          1.  PROFESSIONAL NEGLIGENCE
15  BLACKMER PUMP COMPANY;
    BP AMERICA INC. *(sued individually and*   2.  NEGLIGENCE
16  *as successor-in-interest to* ANGLO-
    IRANIAN OIL COMPANY and THE            3.  STRICT LIABILITY
17  STANDARD OIL COMPANY and THE
    STANDARD OIL COMPANY (OHIO));          4.  PREMISES OWNER/CONTRACTOR
18  BP P.L.C. *(sued individually and as*       LIABILITY
    *successor-in-interest to* ANGLO-IRANIAN
19  OIL COMPANY and THE STANDARD OIL       5.  NEGLIGENCE-JOINT
    COMPANY and THE STANDARD OIL               VENTURE/SINGLE BUSINESS
20  COMPANY (OHIO));                           ENTERPRISE
    BRAND INSULATIONS, INC. individually
21  and successor-in-interest to and as alter-ego  6.  ALTER EGO
    to and joint venture with KAFRANG
22  BRAND CO. LTD.;                        7.  LOSS OF CONSORTIUM
    BW/IP, INC. *(sued individually and as*
23  *successor-in-interest to* BYRON          DEMAND FOR JURY TRIAL
    JACKSON PUMPS);
24  CBS CORPORATION *f/k/a* VIACOM, INC.,
    *successor by merger to* CBS CORPORATION
25  *f/k/a* WESTINGHOUSE ELECTRIC
    CORPORATION;
26  CHEVRON U.S.A. INC. *(sued individually*
    *and as successor-in-interest to* GULF OIL
27  CORPORATION, TEXACO, INC., THE
28

WEITZ & LUXENBERG, P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

- 1 -

PLAINTIFFS' COMPLAINT

1    suffered severe mental and emotional distress and general nervousness as a result thereof.

2    As the above referenced conduct complained of in this complaint of defendants and DOES

3    1 through 500, and each of them, inclusive, was and is vile, base, willful, malicious, fraudulent,

4    oppressive, outrageous, and that said defendants, and each of them, demonstrated such an entire

5    want of care as to establish that their acts and omissions were the result of actual conscious

6    indifference to the rights, safety, and welfare of plaintiff MARY MALEK, such that plaintiff, for

7    the sake of example, and by way of punishing said defendants, seeks punitive damages according

8    to proof.

9    **WHEREFORE**, Plaintiffs pray judgment against Defendants, and DOES 1 through

10   500, and each of them, inclusive, as follows:

11   1. For general damages according to proof;

12   2. For special damages according to proof;

13   3. For medical and related expenses according to proof;

14   4. For loss of income, earning capacity, earning potential according to proof;

15   5. For exemplary or punitive damages according to proof;

16   6. For costs of suit herein;

17   7. For prejudgment interest on all damages as allowed by laws; and

18   8. For such other and further relief as the Court deems just and proper.

19

20   DATED: May 7, 2015                    WEITZ & LUXENBERG, P.C.

21

22                                        BY:

23                                        BENNO ASHRAFI
                                          VENUS BURNS
                                          Attorneys for Plaintiffs

24

25

26

27

28

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

- 41 -

# EXHIBIT B

## PRELIMINARY FACT SHEET
### (PERSONAL INJURY COMPLAINT)

## I.   BACKGROUND INFORMATION

Name: Farid Malek

Address: 22761 Brookhaven         City: Lake Forest         State: CA

Number of years at present address: 14         Number of years living in current state: 33

Date of Birth: 1/26/1934

Based on the current facts, do plaintiff(s) intend on filing a motion for preference?

__X__ Yes     _____ No     ____ Do Not Know

Have you received, or have you applied for, Medicare benefits or Social Security Disability benefits?
_____ Yes     __X__ No

Have you ever resided in California? __X__ Yes     ____ No.   If YES, provide cities in California where you resided and the dates you resided in each city.

City   Los Angeles         Dates   1982-2015

## II.   EXPOSURE   [See Attachment]

Date of First Claimed Asbestos Exposure: 1951     Date of Last Claimed Asbestos Exposure 1979

For each asbestos-containing product to which you claim you were exposed, please provide the following information (fill in the chart):

| Defendant | Product at Issue | Date(s) of Exposure [SEE ATTACHMENT] | Employer | Location of Exposure | Type of Exposure (Direct Occupational, Para-Occupational or Non-Occupational) |
|---|---|---|---|---|---|
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

Have you ever served in the military? _____ Yes    X_____ No

If yes:

(a)     Identify the branch of service:_____

(b)     Identify the dates of service:_____

(c)     Identify the rank and title:_____

III.    **MEDICAL HISTORY**

1.     Which of the following diseases have you been diagnosed with?  Check all that apply:

X_____ Mesothelioma (pleural)
_____ Mesothelioma (peritoneal)
_____ Lung Cancer – Squamous Cell/Adenocarcinoma/Small Cell/Other (circle one)
_____ Asbestosis
_____ Pleural Disease
_____ Other       Specify:_____

2.     Date of diagnosis and name of diagnosing doctor (per disease, if more than one):_____
       3/31/2015; Shigeru Chino

3.     Does any pathology material exist for the individual claiming an asbestos-related injury?
       x_____Yes    _____ No
       If YES, please identify what material exists and where it is presently located:_____
       27601 Forbes Rd., Laguna Niguel, CA 92677

4.     Have you ever smoked?        _____ Yes    X_____ No
       If YES, state years and quantity smoked:_____

II. EXPOSURE

| Defendant | Product at Issue | Date(s) of Exposure | Employer | Location of Exposure | Type of Exposure (Direct Occupational, Para- Occupational or Non- Occupational) |
|---|---|---|---|---|---|
| BLACKMER PUMP COMPANY; | Pumps | 1951-1979 | IORC/NIOC | Abadan Oil Refinery | Direct-Occupational/ Para-Occupational |
| BP AMERICA INC. (sued individually and as successor-in-interest to ANGLO-IRANIAN OIL COMPANY and THE STANDARD OIL COMPANY and THE STANDARD OIL COMPANY (OHIO)); | | 1951-1979 | IORC/NIOC | Abadan Oil Refinery | Direct-Occupational/ Para-Occupational |
| BP P.L.C. (sued individually and as successor-in-interest to ANGLO-IRANIAN OIL COMPANY and THE STANDARD OIL COMPANY and THE STANDARD OIL COMPANY (OHIO)); | | 1951-1979 | IORC/NIOC | Abadan Oil Refinery | Direct-Occupational/ Para-Occupational |
| BRAND INSULATIONS, INC. individually and successor-in-interest to and as alter-ego to and joint venture with KAFRANG BRAND CO. LTD.; | | 1951-1979 | IORC/NIOC | Abadan Oil Refinery | Direct-Occupational/ Para-Occupational |
| BW/IP, INC. (sued individually and as successor-in-interest to BYRON JACKSON PUMPS); | pumps and turbines | 1951-1979 | IORC/NIOC | Abadan Oil Refinery | Direct-Occupational/ Para-Occupational |
| CBS CORPORATION f/k/a VIACOM, INC., successor by merger to CBS CORPORATION f/k/a WESTINGHOUSE ELECTRIC CORPORATION; | generators, turbines, pumps, valves and condensers | 1951-1979 | IORC/NIOC | Abadan Oil Refinery | Direct-Occupational/ Para-Occupational |
| CHEVRON U.S.A. INC. (sued individually and as successor-in-interest to GULF OIL CORPORATION, TEXACO, INC., THE TEXAS COMPANY, STANDARD OIL COMPANY OF CALIFORNIA and GETTY OIL COMPANY); | | 1951-1979 | IORC/NIOC | Abadan Oil Refinery | Direct-Occupational/ Para-Occupational |
| CLA-VAL CO., a division of GRISWOLD INDUSTRIES; | valves, gaskets and packing | 1951-1979 | IORC/NIOC | Abadan Oil Refinery | Direct-Occupational/ Para-Occupational |
| CONOCOPHILLIPS COMPANY (sued individually and as successor by merger to CONOCO, INC. and CONTINENTAL OIL COMPANY); | | 1951-1979 | IORC/NIOC | Abadan Oil Refinery | Direct-Occupational/ Para-Occupational |
| CRANE CO. (sued individually and as successor-in-interest to CHAPMAN VALVE CO. and COCKRANE, INC.); | valves and gaskets | 1951-1979 | IORC/NIOC | Abadan Oil Refinery | Direct-Occupational/ Para-Occupational |
| EXXON MOBIL CORPORATION (sued individually and as successor-in-interest to ESSO RESEARCH AND ENGINEERING COMPANY, STANDARD OIL COMPANY (NEW JERSEY) and SOCONY MOBIL OIL COMPANY INC. f/k/a SOCONY VACUUM OIL COMPANY and ESSO INTERNATIONAL INC); | | 1951-1979 | IORC/NIOC | Abadan Oil Refinery | Direct-Occupational/ Para-Occupational |
| EXXONMOBIL OIL CORPORATION (sued individually and as successor-in-interest to SOCONY VACUUM OIL COMPANY and STANDARD OIL COMPANY OF NEW JERSEY and ESSO INTERNATIONAL INC); | | 1951-1979 | IORC/NIOC | Abadan Oil Refinery | Direct-Occupational/ Para-Occupational |
| FISHER CONTROLS INTERNATIONAL LLC f/k/a FISHER CONTROLS INTERNATIONAL, INC. f/k/a FISHER CONTROLS OF DELAWARE; | valves, gaskets and packing | 1951-1979 | IORC/NIOC | Abadan Oil Refinery | Direct-Occupational/ Para-Occupational |

EXHIBIT B - Page 14

II. EXPOSURE

| Defendant | Product at Issue | Date(s) of Exposure | Employer | Location of Exposure | Type of Exposure (Direct Occupational, Para- Occupational or Non- Occupational) |
|---|---|---|---|---|---|
| FLOWSERVE US, INC. (sued individually and as successor-in-interest to PACIFIC PUMPS; SERCK AUDCO VALVES, INC.; NORDSTROM AUDCO, INC.; AUDELY ENGINEERING CO., DURIRON COMPANY INC. and EDWARDS VALVES); | | 1951-1979 | IORC/NIOC | Abadan Oil Refinery | Direct-Occupational/ Para-Occupational |
| FLUOR CONSTRUCTORS INTERNATIONAL, INC.; | | 1951-1979 | IORC/NIOC | Abadan Oil Refinery | Direct-Occupational/ Para-Occupational |
| FLUOR CORPORATION (sued individually and as successor-in-interest to FLUOR ENGINEERING & CONSTRUCTION COMPANY LTD.; FLUOR ENGINEERING AND CONSTRUCTION GROUP, INC.; THE FLUOR CORPORATION, LTD.; FLUOR OIL AND GAS CORPORATION; FLUOR INTERNATIONAL, INC.; FLUOR MIDEAST LIMITED; FLUOR DANIEL ENGINEERS & CONSTRUCTORS, LTD; FLUOR-DANIEL ENGINEERS & CONSTRUCTION, LTD.; ESPANA OIL, INC.; FLUOR ABADAN, INC.; MIDDLE EAST FLUOR; FLUOR DANIEL CONSTRUCTION COMPANY; FLUOR IRAN; FLUOR MIDDLE EAST, LLC; FLUOR ABADAN, LIMITED); | | 1951-1979 | IORC/NIOC | Abadan Oil Refinery | Direct-Occupational/ Para-Occupational |
| FLUOR DANIEL ENGINEERS & CONSTRUCTORS, LTD (sued individually and as successor-in-interest to FLUOR-DANIEL ENGINEERS & CONSTRUCTORS, LTD.; ESPANA OIL, INC.; FLUOR ABADAN LIMITED); | | 1951-1979 | IORC/NIOC | Abadan Oil Refinery | Direct-Occupational/ Para-Occupational |
| FLUOR ENTERPRISES, INC. (f/k/a FLUOR ENGINEERS AND CONSTRUCTORS, INC. sued individually and as successor-in-interest to FLUOR ENGINEERING & CONSTRUCTION COMPANY LTD.; FLUOR ENGINEERING AND CONSTRUCTION GROUP, INC.; THE FLUOR CORPORATION, LTD.; FLUOR MIDEAST LIMITED, FLUOR ABADAN, LIMITED, FLUOR DANIEL ENGINEERS & CONSTRUCTORS, INC., MIDDLE EAST FLUOR, FLUOR ENGINEERS, INC., FLUOR DANIEL, INC.); | | 1951-1979 | IORC/NIOC | Abadan Oil Refinery | Direct-Occupational/ Para-Occupational |
| FLUOR INTERNATIONAL, INC.; | pumps | 1951-1979 | IORC/NIOC | Abadan Oil Refinery | Direct-Occupational/ Para-Occupational |
| FLUOR MIDDLE EAST, LLC; | | 1951-1979 | IORC/NIOC | Abadan Oil Refinery | Direct-Occupational/ Para-Occupational |
| FLUOR MIDEAST LIMITED; | | 1951-1979 | IORC/NIOC | Abadan Oil Refinery | Direct-Occupational/ Para-Occupational |

EXHIBIT B - Page 15

II. EXPOSURE

| Defendant | Product at Issue | Date(s) of Exposure | Employer | Location of Exposure | Type of Exposure (Direct Occupational, Para- Occupational or Non- Occupational) |
|---|---|---|---|---|---|
| FMC CORPORATION (sued individually and as successor-in-interest to PEERLESS PUMP, CO.); | pumps | 1951-1979 | IORC/NIOC | Abadan Oil Refinery | Direct-Occupational/ Para-Occupational |
| FOSTER WHEELER ENERGY CORPORATION; | heaters, boilers, heat exchanges FCC units, insulation and as a premises/ contractor | 1951-1979 | IORC/NIOC | Abadan Oil Refinery | Direct-Occupational/ Para-Occupational |
| GARDNER DENVER, INC., f/k/a GARDNER DENVER MACHINERY, INC.; | pumps | 1951-1979 | IORC/NIOC | Abadan Oil Refinery | Direct-Occupational/ Para-Occupational |
| GENERAL ELECTRIC COMPANY; | turbines and generators | 1951-1979 | IORC/NIOC | Abadan Oil Refinery | Direct-Occupational/ Para-Occupational |
| GOULDS PUMPS, INC.; | pumps | 1951-1979 | IORC/NIOC | Abadan Oil Refinery | Direct-Occupational/ Para-Occupational |
| GRINNELL LLC, d/b/a GRINNELL CORPORATION; | valves | 1951-1979 | IORC/NIOC | Abadan Oil Refinery | Direct-Occupational/ Para-Occupational |
| IMO INDUSTRIES, INC. (sued individually and as successor-in-interest to DeLAVAL STEAM TURBINE COMPANY and DELAVAL, INC.); | pumps, turbines and compressors | 1951-1979 | IORC/NIOC | Abadan Oil Refinery | Direct-Occupational/ Para-Occupational |
| INGERSOLL-RAND COMPANY (sued individually and as successor-in-interest to TERRY STEAM TURBINE COMPANY and PACIFIC PUMPS); | pumps and compressors | 1951-1979 | IORC/NIOC | Abadan Oil Refinery | Direct-Occupational/ Para-Occupational |
| JOHN CRANE, INC.; | gaskets and packing | 1951-1979 | IORC/NIOC | Abadan Oil Refinery | Direct-Occupational/ Para-Occupational |
| MIDDLE EAST FLUOR; | | 1951-1979 | IORC/NIOC | Abadan Oil Refinery | Direct-Occupational/ Para-Occupational |
| PARSONS CORPORATION (sued individually and as successor-in-interest to RALPH M. PARSONS (UK), LTD and TETE RALPH M. PARSONS OF ASIA); | | 1951-1979 | IORC/NIOC | Abadan Oil Refinery | Direct-Occupational/ Para-Occupational |
| PARSONS INFRASTRUCTURE & TECHNOLOGY GROUP (sued individually and as successor-in-interest to RALPH M. PARSONS (UK), LTD); | | 1951-1979 | IORC/NIOC | Abadan Oil Refinery | Direct-Occupational/ Para-Occupational |
| RILEY POWER, INC. f/k/a RILEY STOKER CORPORATION; | | 1951-1979 | IORC/NIOC | Abadan Oil Refinery | Direct-Occupational/ Para-Occupational |
| R.J. REYNOLDS TOBACCO COMPANY (sued individually and as successor in interest to R.J. REYNOLDS INDUSTRIES, INC. and as successor by merger to RJR CORPORATION and AMERICAN INDEPENDENT OIL COMPANY a/k/a AMINOIL); | | 1951-1979 | IORC/NIOC | Abadan Oil Refinery | Direct-Occupational/ Para-Occupational |
| ROYAL DUTCH SHELL, PLC (sued individually and as successor-in-interest to SHELL PETROLEUM N.V.); | | 1951-1979 | IORC/NIOC | Abadan Oil Refinery | Direct-Occupational/ Para-Occupational |
| SHELL OIL COMPANY (sued individually and as successor-in-interest to ROYAL DUTCH SHELL PLC and SHELL UNION OIL CORPORATION) | | 1951-1979 | IORC/NIOC | Abadan Oil Refinery | Direct-Occupational/ Para-Occupational |
| SHELL PETROLEUM COMPANY LIMITED (sued individually and as successor-in-interest to SHELL PETROLEUM N.V.); | | 1951-1979 | IORC/NIOC | Abadan Oil Refinery | Direct-Occupational/ Para-Occupational |
| SHELL PETROLEUM N.V.; | | 1951-1979 | IORC/NIOC | Abadan Oil Refinery | Direct-Occupational/ Para-Occupational |

EXHIBIT B - Page 16

II. EXPOSURE

| Defendant | Product at Issue | Date(s) of Exposure | Employer | Location of Exposure | Type of Exposure (Direct Occupational, Para- Occupational or Non-Occupational) |
|---|---|---|---|---|---|
| STANDARD OIL COMPANY OF CALIFORNIA | | 1951-1979 | IORC/NIOC | Abadan Oil Refinery | Direct-Occupational/ Para-Occupational |
| TEXACO INC. (sued individually and as successor-in-interest to THE TEXAS COMPANY and GETTY OIL COMPANY) | | 1951-1979 | IORC/NIOC | Abadan Oil Refinery | Direct-Occupational/ Para-Occupational |
| THE STANDARD OIL COMPANY | | 1951-1979 | IORC/NIOC | Abadan Oil Refinery | Direct-Occupational/ Para-Occupational |
| THE WILLIAM POWELL COMPANY | valves | 1951-1979 | IORC/NIOC | Abadan Oil Refinery | Direct-Occupational/ Para-Occupational |
| UOP, LLC (sued individually and as successor-in-interest to UNIVERSAL OIL PRODUCTS CO.) | | 1951-1979 | IORC/NIOC | Abadan Oil Refinery | Direct-Occupational/ Para-Occupational |
| WARREN PUMPS, LLC | pumps | 1951-1979 | IORC/NIOC | Abadan Oil Refinery | Direct-Occupational/ Para-Occupational |
| WEIR VALVES & CONTROLS USA, INC. (sued f/k/a and individually and as successor in interest to ATWOOD & MORRILL) | valves | 1951-1979 | IORC/NIOC | Abadan Oil Refinery | Direct-Occupational/ Para-Occupational |

EXHIBIT B - Page 17

# EXHIBIT C

 CT Corporation

**Service of Process Transmittal**
05/22/2015
CT Log Number 527172949

TO: Daisy Denizard, Attorney
OConnell, Tivin, Miller & Burns, LLC
135 S La Salle St Ste 2300
Chicago, IL 60603-4152

RE: **Process Served in California**

FOR: John Crane Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Farid Malek, etc. and Mary Malek, etc., Pltfs. vs. Blackmer Pump Company, et al. including John Crane Inc., etc., Dfts. |
| **DOCUMENT(S) SERVED:** | Proof(s) of Service, First Amended Complaint, Demand, Exhibit(s) |
| **COURT/AGENCY:** | Los Angeles County - Superior Court - Hill Street, CA<br>Case # BC580695 |
| **NATURE OF ACTION:** | Asbestos Litigation - Personal Injury - Proof of Service of Summons |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 05/22/2015 at 12:50 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | Benno Ashrafi<br>Weitz & Luxenberg, P.C.<br>1880 Century Park East, Suite 700<br>Los Angeles, CA 90067<br>310-247-0921 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 05/23/2015, Expected Purge Date: 05/28/2015<br>Image SOP<br>Email Notification, Daisy Denizard ddenizard@djoalaw.com<br>Email Notification, Rene Hernandez rhernandez@otmblaw.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 818 West Seventh Street<br>Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

EXHIBIT C - Page 18

 CT Corporation

**Service of Process Transmittal**
05/22/2015
CT Log Number 527172949

TO: Daisy Denizard, Attorney
OConnell, Tivin, Miller & Burns, LLC
135 S La Salle St Ste 2300
Chicago, IL 60603-4152

RE: **Process Served in California**

FOR: John Crane Inc. (Domestic State: DE)

**DOCKET HISTORY:**

| DOCUMENT(S) SERVED: | DATE AND HOUR OF SERVICE: | TO: | CT LOG NUMBER: |
|---|---|---|---|
| Proof of Service, Summons, Instructions, Complaint, Exhibit(s), Fact Sheet, Attachment(s), Cover Sheet, Notice(s) | By Process Server on 05/11/2015 at 14:30 | Daisy Denizard, Attorney OConnell, Tivin, Miller & Burns, LLC | 527098864 |

Page 2 of 2 / KB

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

EXHIBIT C - Page 19

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Benno Ashrafi, Esq. (CSBN 247623), Weitz & Luxenberg, P.C. 1880 Century Park East, Suite 700, Los Angeles, CA 90067 | |

TELEPHONE NO.: 310-247-0921   FAX NO. *(Optional)*:

E-MAIL ADDRESS *(Optional)*:

ATTORNEY FOR *(Name)*: Plaintiffs

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
  STREET ADDRESS: 600 South Commonwealth Ave.
  MAILING ADDRESS: 600 South Commonwealth Ave.
  CITY AND ZIP CODE: Los Angeles, 90005
  BRANCH NAME: Central Civil West Courthouse

PLAINTIFF/PETITIONER: Farid Malek, ind. and Mary Malek,

DEFENDANT/RESPONDENT: Blackmer Pump Company, et al.

CASE NUMBER:
BC 580695

PROOF OF SERVICE OF SUMMONS

Ref. No. or File No.:

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ☐ summons
   b. ☐ complaint
   c. ☐ Alternative Dispute Resolution (ADR) package
   d. ☐ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☑ other *(specify documents)*: First Amended Complaint
3. a. Party served *(specify name of party as shown on documents served)*:
      JOHN CRANE, INC.

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
      CT CORPORATION SYSTEM
4. Address where the party was served:
   CT CORPORATION SYSTEM 818 W. 7TH STREET SUITE 930 LOS ANGELES, CA 90017
5. I served the party *(check proper box)*
   a. ☑ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party  (1) on *(date)*: 5/22/2015  (2) at *(time)*: 1250
   b. ☐ **by substituted service.** On *(date)*:           at *(time)*:           I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:

      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date)*:           from *(city)*:           or ☐ a declaration of mailing is attached.

      (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
POS-010 [Rev. January 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10

EXHIBIT C - Page 20

| PLAINTIFF/PETITIONER: Farid Malek, ind. and Mary Malek, | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Blackmer Pump Company, et al. | BC 580695 |

5.  c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

   (1) on *(date):*                                              (2) from *(city):*

   (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

   (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

   d. ☐ **by other means** *(specify means of service and authorizing code section):*

   ☐ Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:
   a. ☐ as an individual defendant.
   b. ☐ as the person sued under the fictitious name of *(specify):*
   c. ☐ as occupant.
   d. ☑ On behalf of *(specify):*
      under the following Code of Civil Procedure section:

      ☑ 416.10 (corporation)               ☐ 415.95 (business organization, form unknown)
      ☐ 416.20 (defunct corporation)       ☐ 416.60 (minor)
      ☐ 416.30 (joint stock company/association)   ☐ 416.70 (ward or conservatee)
      ☐ 416.40 (association or partnership)   ☐ 416.90 (authorized person)
      ☐ 416.50 (public entity)             ☐ 415.46 (occupant)
                                           ☐ other:

7.  **Person who served papers**
   a. Name: Richard Dominguez
   b. Address: 1880 Century Park East, Suite 700
   c. Telephone number: 310-247-0921
   d. **The fee** for service was: $
   e. I am:
      (1) ☐ not a registered California process server.
      (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
      (3) ☐ a registered California process server:
         (i) ☐ owner ☐ employee ☐ independent contractor.
         (ii) Registration No.:
         (iii) County:

8.  ☑ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   or

9.  ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: 5/22/2015

Richard Dominguez
_____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶ _____
(SIGNATURE)

Benno Ashrafi, Esq. (CSBN 247623)
Venus Burns, Esq. (CSBN265425)
WEITZ & LUXENBERG, P.C.
1880 Century Park East, Suite 700
Los Angeles, California 90067
Tel.: (310) 247-0921
Fax: (310) 786-9927

Attorneys for Plaintiffs

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

MAY 2 0 2015

Sherri R. Carter, Executive Officer/Clerk
By: Linda Delos Santos, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

FARID MALEK, an individual;
MARY MALEK, an individual;

     Plaintiffs,

v.

BLACKMER PUMP COMPANY;
BP AMERICA INC. *(sued individually and
as successor-in-interest to* ANGLO-
IRANIAN OIL COMPANY and THE
STANDARD OIL COMPANY and THE
STANDARD OIL COMPANY (OHIO));
BP P.L.C. *(sued individually and as
successor-in-interest to* ANGLO-IRANIAN
OIL COMPANY and THE STANDARD OIL
COMPANY and THE STANDARD OIL
COMPANY (OHIO));
BRAND INSULATIONS, INC. individually
and successor-in-interest to and as alter-ego
to and joint venture with KAFRANG
BRAND CO. LTD.;
BW/IP, INC. *(sued individually and as
successor-in-interest to* BYRON
JACKSON PUMPS);
CBS CORPORATION *f/k/a* VIACOM, INC.,
successor by merger to CBS CORPORATION
*f/k/a* WESTINGHOUSE ELECTRIC
CORPORATION;
CHEVRON U.S.A. INC. *(sued individually
and as successor-in-interest to* GULF OIL
CORPORATION, TEXACO, INC., THE
TEXAS COMPANY, STANDARD OIL
COMPANY OF CALIFORNIA and GETTY

CASE NO. BC580695

PLAINTIFFS' FIRST AMENDED
COMPLAINT FOR DAMAGES *BY FAX*

1. PROFESSIONAL NEGLIGENCE

2. NEGLIGENCE

3. STRICT LIABILITY

4. PREMISES OWNER/CONTRACTOR
   LIABILITY

5. NEGLIGENCE-JOINT
   VENTURE/SINGLE BUSINESS
   ENTERPRISE

6. ALTER EGO

7. LOSS OF CONSORTIUM

DEMAND FOR JURY TRIAL

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

- 1 -

PLAINTIFFS' FIRST AMENDED COMPLAINT

EXHIBIT C - Page 22

OIL COMPANY);
**CLA-VAL CO.,** a division of GRISWOLD INDUSTRIES;
**CONOCOPHILLIPS COMPANY** (*sued individually and as successor by merger to* CONOCO, INC. and CONTINENTAL OIL COMPANY);
**CRANE CO.** (*sued individually and as successor-in-interest to* CHAPMAN VALVE CO. and COCKRANE, INC.);
**EXXON MOBIL CORPORATION** (*sued individually and as successor-in-interest to* ESSO RESEARCH AND ENGINEERING COMPANY, STANDARD OIL COMPANY (NEW JERSEY) and SOCONY MOBIL OIL COMPANY INC. f/k/a SOCONY VACUUM OIL COMPANY and ESSO INTERNATIONAL INC);
**EXXONMOBIL OIL CORPORATION** (*sued individually and as successor-in-interest to* SOCONY VACUUM OIL COMPANY *and* STANDARD OIL COMPANY OF NEW JERSEY and ESSO INTERNATIONAL INC);
**FISHER CONTROLS INTERNATIONAL LLC** *f/k/a* FISHER CONTROLS INTERNATIONAL, INC. *f/k/a* FISHER CONTROLS OF DELAWARE;
**FLOWSERVE US, INC.** (*sued individually and as successor-in-interest to* PACIFIC PUMPS; SERCK AUDCO VALVES, INC.; NORDSTROM AUDCO, INC.; AUDELY ENGINEERING CO., DURIRON COMPANY INC. *and* EDWARDS VALVES);
**FLUOR CONSTRUCTORS INTERNATIONAL, INC.;**
**FLUOR CORPORATION** (*sued individually and as successor-in-interest to* FLUOR ENGINEERING & CONSTRUCTION COMPANY LTD.; FLUOR ENGINEERING AND CONSTRUCTION GROUP, INC.; THE FLUOR CORPORATION, LTD.; FLUOR OIL AND GAS CORPORATION; FLUOR INTERNATIONAL, INC.; FLUOR MIDEAST LIMITED; FLUOR DANIEL

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

- 2 -

PLAINTIFFS' FIRST AMENDED COMPLAINT

EXHIBIT C - Page 23

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

1  ENGINEERS & CONSTRUCTORS, LTD;
   FLUOR-DANIEL ENGINEERS &
2  CONSTRUCTION, LTD.;
   ESPANA OIL, INC.; FLUOR ABADAN,
3  INC.; MIDDLE EAST FLUOR; FLUOR
   DANIEL CONSTRUCTION COMPANY;
4  FLUOR IRAN; FLUOR MIDDLE EAST,
   LLC; FLUOR ABADAN, LIMITED);
5  **FLUOR DANIEL ENGINEERS &
   CONSTRUCTORS, LTD** (*sued*
6  *individually and as successor-in-interest to*
   FLUOR-DANIEL ENGINEERS &
7  CONSTRUCTORS, LTD.; ESPANA OIL,
   INC.; FLUOR ABADAN LIMITED);
8  **FLUOR ENTERPRISES, INC.** (*f/k/a*
   FLUOR ENGINEERS AND
9  CONSTRUCTORS, INC. *sued individually*
   *and as successor-in-interest to* FLUOR
10 ENGINEERING & CONSTRUCTION
   COMPANY LTD.; FLUOR ENGINEERING
11 AND CONSTRUCTION GROUP, INC.; THE
   FLUOR CORPORATION, LTD.; FLUOR
12 MIDEAST LIMITED, FLUOR ABADAN,
   LIMITED, FLUOR DANIEL ENGINEERS &
13 CONSTRUCTORS, INC., MIDDLE EAST
   FLUOR, FLUOR ENGINEERS, INC.,
14 FLUOR DANIEL, INC.);
   **FLUOR INTERNATIONAL, INC.;**
15 **FLUOR MIDDLE EAST, LLC;**
   **FLUOR MIDEAST LIMITED;**
16 **FMC CORPORATION** (*sued individually*
   *and as successor-in-interest to* PEERLESS
17 PUMP, CO.);
   **FOSTER WHEELER ENERGY**
18 **CORPORATION;**
   **GARDNER DENVER, INC.,** f/k/a
19 GARDNER DENVER MACHINERY, INC.;
   **GENERAL ELECTRIC COMPANY;**
20 **GOULDS PUMPS, INC.;**
   **GRINNELL LLC,** d/b/a GRINNELL
21 CORPORATION;
   **IMO INDUSTRIES, INC.** (*sued individually*
22 *and as successor-in-interest to* DeLAVAL
   STEAM TURBINE COMPANY and
23 DELAVAL, INC.);
   **INGERSOLL-RAND COMPANY** (*sued*
24 *individually and as successor-in-interest to*
   TERRY STEAM TURBINE COMPANY and
25 PACIFIC PUMPS);

26

27

28

- 3 -

PLAINTIFFS' FIRST AMENDED COMPLAINT

EXHIBIT C - Page 24

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

JOHN CRANE, INC.;
MIDDLE EAST FLUOR;
PARSONS CORPORATION *(sued individually and as successor-in-interest to* RALPH M. PARSONS (UK), LTD and TETE RALPH M. PARSONS OF ASIA);
PARSONS INFRASTRUCTURE & TECHNOLOGY GROUP *(sued individually and as successor-in-interest to* RALPH M. PARSONS (UK), LTD);
RILEY POWER, INC. f/k/a RILEY STOKER CORPORATION;
R.J. REYNOLDS TOBACCO COMPANY *(sued individually and as successor in interest to* R.J. REYNOLDS INDUSTRIES, INC. *and as successor by merger to* RJR CORPORATION and AMERICAN INDEPENDENT OIL COMPANY *a/k/a* AMINOIL);
ROYAL DUTCH SHELL, PLC *(sued individually and as successor-in-interest to* SHELL PETROLEUM N.V.);
SHELL OIL COMPANY *(sued individually and as successor-in-interest to* ROYAL DUTCH SHELL PLC and SHELL UNION OIL CORPORATION);
SHELL PETROLEUM COMPANY LIMITED *(sued individually and as successor-in-interest to* SHELL PETROLEUM N.V.);
SHELL PETROLEUM N.V.;
STANDARD OIL COMPANY OF CALIFORNIA;
TEXACO INC. *(sued individually and as successor-in-interest to* THE TEXAS COMPANY and GETTY OIL COMPANY);
THE STANDARD OIL COMPANY;
THE WILLIAM POWELL COMPANY;
UOP, LLC *(sued individually and as successor-in-interest to* UNIVERSAL OIL PRODUCTS CO.);
WARREN PUMPS, LLC;
WEIR VALVES & CONTROLS USA, INC. *(sued f/k/a and individually and as successor in interest to* ATWOOD & MORRILL);
and DOES 1 through 500, inclusive,

Defendants.

- 4 -

PLAINTIFFS' FIRST AMENDED COMPLAINT

EXHIBIT C - Page 25

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

1   COMES NOW Plaintiffs FARID MALEK and MARY MALEK for causes of action

2   against defendants and DOES 1 through 500, inclusive, who files this Complaint and alleges as

3   follows:

### GENERAL ALLEGATIONS

5   1.   The true names and capacities, whether individual, corporate, associate, governmental

6   or otherwise, of defendants DOES 1 through 500, inclusive, are unknown to Plaintiffs at this time,

7   who therefore sue said defendants by such fictitious names. When the true names and capacities of

8   said defendants have been ascertained, Plaintiffs will amend this complaint accordingly. Plaintiffs

9   are informed and believe, and thereon allege, that each defendant designated herein as a DOE is

10   responsible, negligently or in some other actionable manner, for the events and happenings

11   hereinafter referred to, and caused injuries and damages proximately thereby to Plaintiffs, as

12   hereinafter alleged.

13   2.   At all times herein mentioned, each of the Defendants was the agent, servant,

14   employee and/or joint venture of his co-Defendants, and each of them, and at all said times each

15   Defendant was acting in the full course and scope said agency, service, employment and/or

16   joint venture.

17   3.   Plaintiffs are informed and believe, and thereon allege that at all times herein

18   mentioned, Defendants **BLACKMER PUMP COMPANY** for pumps; **BP AMERICA INC.** *(sued*

19   *individually and as successor-in-interest to* ANGLO-IRANIAN OIL COMPANY and THE

20   STANDARD OIL COMPANY and THE STANDARD OIL COMPANY (OHIO)); **BP P.L.C.** *(sued*

21   *individually and as successor-in-interest to* ANGLO-IRANIAN OIL COMPANY and THE

22   STANDARD OIL COMPANY and THE STANDARD OIL COMPANY (OHIO)); **BRAND**

23   **INSULATION, INC.** individually and successor-in-interest to and as alter-ego to and joint

24   venture with KAFRANG BRAND CO. LTD.; **BW/IP, INC.** *(sued individually and as successor-*

25   *in-interest to* BYRON JACKSON PUMPS) for pumps and turbines; **CBS CORPORATION** f/k/a

26   VIACOM, INC., *successor by merger to* CBS CORPORATION *f/k/a* WESTINGHOUSE

27   ELECTRIC CORPORATION for generators, turbines, pumps, valves and condensers; **CHEVRON**

28   **U.S.A. INC.** *(sued individually and as successor-in-interest to* GULF OIL CORPORATION,

- 5 -

PLAINTIFFS' FIRST AMENDED COMPLAINT

EXHIBIT C - Page 26

TEXACO, INC., THE TEXAS COMPANY, STANDARD OIL COMPANY OF CALIFORNIA and GETTY OIL COMPANY); CLA-VAL CO., a division of GRISWOLD INDUSTRIES (for valves, gaskets and packing);   CONOCOPHILLIPS COMPANY (*sued individually and as successor by merger to* CONOCO, INC. and CONTINENTAL OIL COMPANY); CRANE CO. *(sued individually and as successor-in-interest to* CHAPMAN VALVE CO. and COCKRANE, INC.) for valves and gaskets; EXXON MOBIL CORPORATION *(sued individually and as successor-in-interest to* ESSO RESEARCH AND ENGINEERING COMPANY, STANDARD OIL COMPANY (NEW JERSEY) and SOCONY MOBIL OIL COMPANY INC. f/k/a SOCONY VACUUM OIL COMPANY and ESSO INTERNATIONAL INC); EXXONMOBIL OIL CORPORATION (*sued individually and as successor-in-interest to* SOCONY VACUUM OIL COMPANY *and* STANDARD OIL COMPANY OF NEW JERSEY and ESSO INTERNATIONAL INC); FISHER CONTROLS INTERNATIONAL LLC *f/k/a* FISHER CONTROLS INTERNATIONAL, INC. *f/k/a* FISHER CONTROLS OF DELAWARE for valves, gaskets and packing; FLOWSERVE US, INC. *(sued individually and as successor-in-interest to* PACIFIC PUMPS SERCK AUDCO VALVES, INC.; NORDSTROM AUDCO, INC.; and AUDELY ENGINEERING CO., DURIRON COMPANY INC. *and* EDWARDS VALVES); FLUOR CONSTRUCTORS INTERNATIONAL, INC.; FLUOR CORPORATION (sued individually and as successor-in-interest to FLUOR ENGINEERING & CONSTRUCTION COMPANY LTD.; FLUOR ENGINEERING AND CONSTRUCTION GROUP, INC.; THE FLUOR CORPORATION, LTD.; FLUOR OIL AND GAS CORPORATION; FLUOR INTERNATIONAL, INC.; FLUOR MIDEAST LIMITED; FLUOR DANIEL ENGINEERS & CONSTRUCTORS, LTD; FLUOR-DANIEL ENGINEERS & CONSTRUCTION, LTD.; ESPANA OIL, INC.; FLUOR ABADAN, INC.; MIDDLE EAST FLUOR; FLUOR DANIEL CONSTRUCTION COMPANY; FLUOR IRAN; FLUOR MIDDLE EAST, LLC; FLUOR ABADAN, LIMITED); FLUOR DANIEL ENGINEERS & CONSTRUCTORS, LTD *(sued individually and as successor-in-interest to* FLUOR-DANIEL ENGINEERS & CONSTRUCTORS, LTD.; ESPANA OIL, INC.; FLUOR ABADAN LIMITED); FLUOR ENTERPRISES, INC. *(f/k/a* FLUOR ENGINEERS AND CONSTRUCTORS, INC. *sued*

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

- 6 -

PLAINTIFFS' FIRST AMENDED COMPLAINT

EXHIBIT C - Page 27

1   *individually and as successor-in-interest to* FLUOR ENGINEERING & CONSTRUCTION

2   COMPANY LTD.; FLUOR ENGINEERING AND CONSTRUCTION GROUP, INC.; THE

3   FLUOR CORPORATION, LTD.; FLUOR MIDEAST LIMITED, FLUOR ABADAN, LIMITED,

4   FLUOR DANIEL ENGINEERS & CONSTRUCTORS, INC., MIDDLE EAST FLUOR, FLUOR

5   ENGINEERS, INC., FLUOR DANIEL, INC.); **FLUOR INTERNATIONAL, INC.; FLUOR**

6   **MIDDLE EAST, LLC; FLUOR MIDEAST LIMITED; FMC CORPORATION** *(sued*

7   *individually and as successor-in-interest to* PEERLESS PUMP, CO.) for pumps; **FOSTER**

8   **WHEELER ENERGY CORPORATION** for heaters, boilers, insulation, heat exchanges FCC

9   units and as a premises/contractor; **GARDNER DENVER, INC.,** f/k/a GARDNER DENVER

10  MACHINERY, INC. for pumps; **GENERAL ELECTRIC COMPANY** for turbines and

11  generators; **GOULDS PUMPS, INC.** for pumps; **GRINNELL LLC,** d/b/a GRINNELL

12  CORPORATION (for valves); **IMO INDUSTRIES, INC.** *(sued individually and as successor-in-*

13  *interest to* DeLAVAL STEAM TURBINE COMPANY and DELAVAL, INC.) for pumps, turbines

14  and compressors; **INGERSOLL-RAND COMPANY** *(sued individually and as successor-in-*

15  *interest to* TERRY STEAM TURBINE COMPANY and PACIFIC PUMPS) for pumps and

16  compressors; **JOHN CRANE, INC.** for gaskets and packing; **MIDDLE EAST FLUOR;**

17  **PARSONS CORPORATION** *(sued individually and as successor-in-interest to* RALPH M.

18  PARSONS (UK), LTD and THE RALPH M. PARSONS OF ASIA); **PARSONS**

19  **INFRASTRUCTURE & TECHNOLOGY GROUP, INC.** *(sued individually and as successor-*

20  *in-interest to* RALPH M. PARSONS (UK), LTD); **RILEY POWER, INC.** f/k/a RILEY STOKER

21  CORPORATION; **R.J. REYNOLDS TOBACCO COMPANY** *(sued individually and as*

22  *successor-in-interest to* R.J. REYNOLDS INDUSTRIES, INC. *and as successor by merger to* RJR

23  CORPORATION and AMERICAN INDEPENDENT OIL COMPANY *a/k/a* AMINOIL); **ROYAL**

24  **DUTCH SHELL, PLC** *(sued individually and as successor-in-interest to* SHELL

25  PETROLEUM N.V.); **SHELL OIL COMPANY** *(sued individually and as successor-in-interest*

26  *to* ROYAL DUTCH SHELL PLC and SHELL UNION OIL CORPORATION);**SHELL**

27  **PETROLEUM COMPANY LIMITED** *(sued individually and as successor-in-interest to* SHELL

28  PETROLEUM N.V.); **SHELL PETROLEUM N.V.; STANDARD OIL COMPANY OF**

- 7 -

PLAINTIFFS' FIRST AMENDED COMPLAINT

EXHIBIT C - Page 28

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

1  CALIFORNIA; **TEXACO INC.** (*sued individually and as successor-in-interest to* THE TEXAS

2  COMPANY *and* GETTY OIL COMPANY); **THE STANDARD OIL COMPANY; THE**

3  **WILLIAM POWELL COMPANY** for valves; **UOP, LLC** (*sued individually and as successor-*

4  *in-interest to* UNIVERSAL OIL PRODUCTS CO.); **WARREN PUMPS, LLC** for pumps; **WEIR**

5  **VALVES & CONTROLS USA, INC.** (*sued f/k/a and individually and as successor in interest to*

6  *ATWOOD & MORRILL*) for valves; and DOES 1-500 INCLUSIVE; THEIR "ALTERNATE

7  ENTITIES" were individuals, corporations, partnerships and/or unincorporated associations

8  organized and existing under and by virtue of the laws of the State of California, or the laws of

9  some other state or foreign jurisdiction, and that said Defendants, and each of them, were and are

10  authorized to do and are doing business in the State of California, or the laws of some other state or

11  foreign jurisdiction, and that said Defendants, and each of them, were and are authorized to do and

12  are doing business in the State of California, and that said Defendants have regularly conducted

13  business in the County of Los Angeles, State of California.

14      4.    Additionally, Defendants **BP AMERICA INC.; BP P.L.C.** *(sued individually and*

15  *as successor-in-interest to* ANGLO-IRANIAN OIL COMPANY); **CHEVRON U.S.A. INC.**

16  *(sued individually and as successor-in-interest to* GULF OIL CORPORATION, TEXACO, INC.,

17  THE TEXAS COMPANY, STANDARD OIL COMPANY OF CALIFORNIA *and* GETTY OIL

18  COMPANY); **CONOCOPHILLIPS COMPANY** (*sued individually and as successor by*

19  *merger to* CONOCO, INC. *and* CONTINENTAL OIL COMPANY); **EXXON MOBIL**

20  **CORPORATION** *(sued individually and as successor-in-interest to* ESSO RESEARCH AND

21  ENGINEERING COMPANY, STANDARD OIL COMPANY (NEW JERSEY) *and* SOCONY

22  MOBIL OIL COMPANY INC. f/k/a SOCONY VACUUM OIL COMPANY); **EXXONMOBIL**

23  **OIL CORPORATION** (*sued individually and as successor-in-interest to* SOCONY

24  VACUUM OIL COMPANY *and* STANDARD OIL COMPANY OF NEW JERSEY);

25  **R.J. REYNOLDS TOBACCO COMPANY** (*sued individually and as successor in interest to*

26  R.J. REYNOLDS INDUSTRIES, INC. *and as successor by merger to* RJR CORPORATION *and*

27  AMERICAN INDEPENDENT OIL COMPANY *a/k/a* AMINOIL); **ROYAL DUTCH SHELL,**

28  **PLC** (*sued individually and as successor-in-interest to* SHELL PETROLEUM N.V.); **SHELL**

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

- 8 -

1   **OIL COMPANY** *(sued individually and as successor-in-interest to* ROYAL DUTCH SHELL

2   PLC and SHELL UNION OIL CORPORATION); **SHELL PETROLEUM COMPANY**

3   **LIMITED** *(sued individually and as successor-in-interest to* SHELL PETROLEUM N.V.);

4   **SHELL PETROLEUM N.V.; THE STANDARD OIL COMPANY; TEXACO INC.** *(sued*

5   *individually and as successor-in-interest to* THE TEXAS COMPANY and GETTY OIL

6   COMPANY); and DOES 1 through 500 INCLUSIVE; THEIR "ALTERNATE ENTITIES" were

7   participants in a joint venture or single business enterprise for profit, between and among

8   themselves, Iranian Oil Participants, Ltd., the Iranian Oil Refining Company and the Iranian Oil

9   Exploration and Producing Company. Prior to the creation of the joint venture in September, 1954,

10  the Abadan Oil Refinery in Abadan, Iran was maintained, controlled and exclusively operated by

11  the Anglo-Iranian Oil Company (now known as BP P.L.C. and BP AMERICA INC.).This joint

12  venture was thereafter operated as a single business enterprise formed by written agreements

13  and implied by the parties' conduct, which represented a consortium of companies involving

14  the aforementioned entities. This single business enterprise was formed to establish, maintain

15  and control the largest oil refinery in the world at Abadan, Iran. This joint venture or

16  enterprise was formed and operated for the purpose of pooling and combining capital,

17  management and skills in the operation and management of the oil properties of the National

18  Iranian Oil Company, specifically the aforementioned oil refinery in Abadan, Iran. This

19  common business undertaking included the grant of full and effective control of the refinery in

20  Abadan, Iran to the referenced entities in order to operate that refinery in conformity with

21  good oil industry practice and sound engineering principles applicable to that industry.

22                                   **FIRST CAUSE OF ACTION**

23                                   **PROFESSIONAL NEGLIGENCE**

24      PLAINTIFFS COMPLAIN OF DEFENDANT UOP, LLC (sued individually and as successor-in-interest to UNIVERSAL OIL PRODUCTS CO.); AND DOES 1-500 INCLUSIVE, FOR A CAUSE

25  OF ACTION FOR PROFESSIONAL NEGLIGENCE AND ALLEGE AS FOLLOWS:

26      5.      At all times herein mentioned, Defendant UOP, LLC (sued individually and as

27  successor-in-interest to UNIVERSAL OIL PRODUCTS CO.) ("UOP") negligently and carelessly

28  provided engineering services, sold designs for defective products, performed service contracts,

- 9 -

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

1  provided detailed designs, prints, specifications and purchase requisitions that called for the

2  installation and use of hazardous asbestos and asbestos-containing products and equipment,

3  provided engineering support and personnel for construction of refinery additions that called for

4  and resulted in the installation and use of hazardous asbestos and asbestos-containing products and

5  equipment, and designed a process that specified the installation and use of hazardous asbestos and

6  asbestos-containing products and equipment at the Abadan refinery where Plaintiffs FARID

7  MALEK worked.

8      6.    Defendant UOP failed to use the skill and care that a reasonably careful engineer

9  would have used in providing engineering services for the design, licensing, construction, and

10  service of oil refinery units at the Abadan refinery where Plaintiff FARID MALEK worked such

11  that Defendant UOP's conduct fell below the standard of care.

12      7.    Among other things, Defendant UOP knew, or would have known, that

13  specifying asbestos and products containing asbestos in its design specifications for oil refinery

14  units, and/or specifying asbestos and products containing asbestos in its design specifications

15  for oil refinery units without providing any warnings or engineering controls, fell beneath the

16  standard of care. A reasonably careful engineer would know that the inhalation of asbestos

17  fibers was a human health hazard and the custom and practice of a reasonably careful engineer

18  in the 1960s would have been to provide adequate warnings or specifications for engineering

19  safety controls in connection with the asbestos materials Defendant UOP specified for use at

20  the Abadan refinery where Plaintiff FARID MALEK worked.

21      8.    In 1962, Defendant UOP published a manual entitled *Health Hazards From*

22  *Aromatic Hydrocarbons* (hereinafter "1962 Hydrocarbon Manual"). UOP itself reflected this

23  standard or care when it provided detailed warnings and safety practices to be followed by its

24  refinery customers with respect to dangerous byproducts of it chemical engineering processes —

25  but it failed to follow those standards with respect to asbestos.

26      9.    Defendant UOP entered into a Service Agreement with National Iranian Oil

27  Company in January of 1974 (hereinafter "Service Agreement") and negligently and carelessly

28  provided services pursuant to the Service Agreement regarding the operation, maintenance, repairs

PLAINTIFFS' FIRST AMENDED COMPLAINT

EXHIBIT C - Page 31

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

1   and improvements of the related oil refinery units.

2       10.    Defendant UOP knew of the serious health hazards associated with the asbestos

3   Defendant UOP was specifying for use and installation at the Abadan refinery. Defendant UOP

4   revised its standard specifications for insulation in 1975 to no longer include asbestos.

5       11.    Defendant UOP had a duty to exercise due care to protect end users from serious

6   health hazards in the pursuance of the activities mentioned above and Defendant UOP breached

7   said duty of due care.

8       12.    Defendant UOP knew, or would have known, that specifying asbestos and

9   products containing asbestos would be used for insulation, construction, plastering, fireproofing

10  and/or other applications, including, but not limited to: sawing, chipping, hammering, scraping,

11  sanding, breaking, removal, "rip-out," and other manipulation, resulting in the release of airborne

12  asbestos fibers, and that through such foreseeable use and/or handling "exposed person," including

13  Plaintiff FARID MALEK herein, would use or be in proximity of and exposed to said asbestos

14  fibers.

15      13.    Defendant UOP knew or would have known, and intended that the

16  aforementioned asbestos and asbestos-containing products and equipment would be used or

17  handled as specified in Exhibit "A," which is attached hereto and incorporated by reference

18  herein, resulting in the release of airborne asbestos fibers, and that through such foreseeable use

19  and/or handling "exposed person," including Plaintiff FARID MALEK herein, would be in

20  proximity to and exposed to said asbestos fibers.

21      14.    Plaintiff FARID MALEK has used, handled, or been otherwise exposed to

22  asbestos and asbestos-containing products and equipment referred to herein in a manner that was

23  reasonably foreseeable. Plaintiff FARID MALEK's exposure to asbestos and asbestos-containing

24  products occurred at various locations as set forth in Exhibit "A," which is attached hereto and

25  incorporated by reference herein.

26      15.    As a direct and proximate result of the conduct of the Defendant UOP, Plaintiff

27  FARID MALEK's exposure to asbestos and asbestos-containing products caused Plaintiff FARID

28  MALEK's mesothelioma.

-- 11 -

PLAINTIFFS' FIRST AMENDED COMPLAINT

EXHIBIT C - Page 32

16.    Plaintiffs are informed and believe, and thereon allege, that progressive lung disease, cancer and other serious diseases are caused by inhalation of asbestos fibers without perceptible trauma and that said disease results from exposure to asbestos and asbestos-containing products over a period of time.

17.    Plaintiff FARID MALEK suffered from malignant mesothelioma, caused by an exposure to asbestos and asbestos-containing products and equipment. Plaintiff FARID MALEK was not aware at the time of exposure that asbestos or asbestos-containing products presented any risk of injury and/or disease.

18.    As a direct and proximate result of the aforesaid conduct of Defendant UOP, Plaintiff FARID MALEK suffered permanent injuries to his person, body and health, including, but not limited to, mesothelioma, other lung damage, and cancer, from the effect of exposure to asbestos fibers, all to his general damage in a sum in excess of the jurisdictional limit of a limited civil case.

19.    As a direct and proximate result of the aforesaid conduct of the Defendant UOP, Plaintiffs have incurred liability for physicians, surgeons, nurses, hospital care, medicine, hospices, X-rays and other medical treatment, the true and exact amount thereof being unknown to Plaintiffs at this time, and Plaintiffs pray leave to amend this complaint accordingly when the true and exact cost thereof is ascertained.

20.    As a further direct and proximate result of the said conduct of the Defendant UOP, Plaintiffs have been, and in the future will be, deprived of the support, society, solace, care, comfort, companionship, affection, advice, service and guidance of FARID MALEK. Plaintiffs have also incurred, and will incur, pecuniary loss, including loss of income, wages, profits and commissions, a diminishment of earning potential, and other pecuniary losses, the full nature and extent of which are not yet known to Plaintiffs; and leave is requested to amend this complaint to conform to proof at the time of trial.

21.    Defendant UOP and its officers, directors, and managing agents participated in, authorized, expressly and impliedly ratified, and had full knowledge of, or should have known of, each of the acts set forth herein.

PLAINTIFFS' FIRST AMENDED COMPLAINT

EXHIBIT C - Page 33

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

22.     Defendant UOP are liable for the fraudulent, oppressive, and malicious acts and each of Defendant UOP's officers, directors, and managing agents participated in, authorized, expressly and impliedly ratified, and had full knowledge of, or would have known of the acts as set forth herein.

23.     The herein-described conduct of Defendant UOP was and is willful, malicious, fraudulent, outrageous, and in conscious disregard and indifference to the safety and health of "exposed person." Plaintiffs, for the sake of example and by way of punishing said Defendant UOP, seek punitive damages according to proof.

24.     WHEREFORE, Plaintiffs pray for judgment against Defendant UOP as hereinafter set forth.

## SECOND CAUSE OF ACTION

### NEGLIGENCE

AS FOR A SECOND, SEPARATE, FURTHER AND DISTINCT CAUSE OF ACTION FOR NEGLIGENCE PLAINTIFFS COMPLAIN OF DEFENDANTS AND DOES 1-500, THEIR "ALTERNATE ENTITIES," AND EACH OF THEM, AND FOR A CAUSE OF ACTION FOR NEGLIGENCE ALLEGE AS FOLLOWS:

25.     Plaintiffs re-allege and incorporate here by reference, as though fully set forth at length herein, all of the allegations of paragraphs 1 through 24 above, inclusive.

26.     At all times herein mentioned, each of the named Defendants and DOES 1 through 500 was the successor, successor in business, successor in product line or a portion thereof, parent, subsidiary, wholly or partially owned by, or the whole or partial owner of or member in an entity researching, studying, manufacturing, fabricating, designing, modifying, labeling, assembling, distributing, leasing, buying, offering for sale, supplying, selling, inspecting, servicing, installing, contracting for installation, repairing, marketing, warranting, re-branding, manufacturing for others, packaging and advertising a certain substance, the generic name of which is asbestos, and other products containing said substance. Said entities shall hereinafter collectively be called "alternate entities." Each of the herein named Defendants is liable for the tortious conduct of each successor, successor in business, successor in product line

WEITZ & LUXENBERG, P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

- 13 -

1   or a portion thereof; assign, predecessor in product line or a portion thereof, parent, subsidiary,

2   whole or partial owner, or wholly or partially owned entity, or entity that it was a member of, or

3   funded, that researched, repaired, marketing, warranted, re-branded, manufactured for others and

4   advertised a certain substance, the generic name of which is asbestos, and other products

5   containing said asbestos. The following Defendants, and each of them, are liable for the acts of

6   each and every "alternate entity," and each of them, in that there has been a virtual destruction of

7   Plaintiffs' remedy against each such "alternate entity"; Defendants, and each of them, have

8   acquired the assets, product line, or a portion thereof; of each such "alternate entity"; Defendants,

9   and each of them, have caused the destruction of Plaintiffs' remedy against each such "alternate

10  entity"; each such Defendant has the ability to assume the risk-spreading role of each such

11  "alternate entity"; and that each such Defendant enjoys the goodwill originally attached to each

12  such "alternate entity".

13        27.    At all times herein mentioned, Defendants, their "alternate entities," and each of

14  them, were and are engaged in the business of researching, manufacturing, fabricating, designing,

15  modifying, labeling, assembling, distributing, leasing, buying, offering for sale, supplying, selling,

16  inspecting, servicing, installing, contracting for installation, repairing, marketing, warranting, re-

17  branding, manufacturing for others, packaging, and advertising a certain substance, the generic

18  name of which is asbestos and other products containing said substance.

19        28.    At all times herein mentioned, Defendants, their "alternate entities," and each of

20  them, singularly and jointly, negligently and carelessly researched, manufactured, fabricated,

21  designed, modified, tested or failed to test, failed to recall or retrofit, abated or failed to abate,

22  warned or failed to warn of the health hazards, labeled, assembled, distributed, leased, bought,

23  offered for sale, supplied, sold, inspected, serviced, installed, contracted for installation, repaired,

24  marketed, warranted, re-branded, manufactured for others, packaged, and advertised a certain

25  substance, the generic name of which is asbestos, and other products and equipment containing

26  said substance, in that said substance proximately caused personal injuries to users, consumers,

27  workers, bystanders, and others, including Plaintiff FARID MALEK herein (hereinafter

28  collectively called "exposed person"), while being used in a manner that was reasonably

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

- 14 -

PLAINTIFFS' FIRST AMENDED COMPLAINT

EXHIBIT C - Page 35

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

1    foreseeable, thereby rendering said substance unsafe and dangerous for use by the "exposed

2    person". Additionally, at all times herein mentioned, Defendants, their "alternate entities," and

3    each of them, singularly and jointly, negligently and carelessly provided engineering services,

4    sold designs for defective products, performed service contracts, provided detailed designs,

5    prints, specifications and purchase requisitions that called for the installation and use of

6    hazardous asbestos and asbestos-containing products and equipment, provided engineering

7    support and personnel for construction of refinery additions that called for and resulted in the

8    installation and use of hazardous asbestos and asbestos-containing products and equipment, and

9    designed a process that specified the installation and use of hazardous asbestos and asbestos-

10   containing products and equipment at the Abadan and Tehran refineries where Plaintiff FARID

11   MALEK worked. Further, Defendants **BP AMERICA INC.; BP P.L.C.; CHEVRON U.S.A.**

12   **INC.; CONOCOPHILLIPS COMPANY; EXXON MOBIL CORPORATION;**

13   **EXXONMOBIL OIL CORPORATION; R.J. REYNOLDS TOBACCO COMPANY;**

14   **ROYAL DUTCH SHELL, PLC; SHELL OIL COMPANY; SHELL PETROLEUM**

15   **COMPANY LIMITED; SHELL PETROLEUM N.V.; STANDARD OIL COMPANY OF**

16   **CALIFORNIA; THE STANDARD OIL COMPANY; TEXACO INC.,** and DOES 1-500,

17   negligently failed to ensure that the Abadan Refinery was operating in accordance with good oil

18   industry practice and sound engineering principles resulting in injury to Plaintiff FARID

19   MALEK. These obligations were set forth in the Government Agreement and related documents

20   and agreements between the Consortium Members, the NIOC, and the Government of Iran.

21        29.    Defendants, their "alternate entities," and each of them, had a duty to exercise due

22   care in the pursuance of the activities mentioned above and Defendants, and each of them,

23   breached said duty of due care.

24        30.    Defendants, their "alternate entities," and each of them, knew, or should have

25   known, and intended that the aforementioned asbestos and products containing asbestos would be

26   transported by truck, rail, ship and other common carriers, and that in the shipping process the

27   products would break, crumble or be otherwise damaged; and/or that such products would be used

28   for insulation, construction, plastering, fireproofing, soundproofing, automotive, aircraft and/or

- 15 -

PLAINTIFFS' FIRST AMENDED COMPLAINT

EXHIBIT C - Page 36

1    other applications, including, but not limited to: sawing, chipping, hammering, scraping, sanding,

2    breaking, removal, "rip-out," and other manipulation, resulting in the release of airborne asbestos

3    fibers, and that through such foreseeable use and/or handling "exposed person," including Plaintiff

4    FARID MALEK herein, would use or be in proximity of and exposed to said asbestos fibers.

5         31.    Defendants, their "alternate entities," and each of them, knew, or should have

6    known, and intended that the aforementioned asbestos and asbestos-containing products and

7    equipment would be used or handled as specified in Exhibit "A," which is attached hereto and

8    incorporated by reference herein, resulting in the release of airborne asbestos fibers, and that

9    through such foreseeable use and/or handling "exposed person," including Plaintiff FARID

10   MALEK herein, would be in proximity to and exposed to said asbestos fibers.

11        32.    Plaintiff FARID MALEK has used, handled, or been otherwise exposed to asbestos

12   and asbestos-containing products and equipment referred to herein in a manner that was reasonably

13   foreseeable. Plaintiff FARID MALEK' exposure to asbestos and asbestos-containing products

14   occurred at various locations as set forth in Exhibit "A," which is attached hereto and incorporated

15   by reference herein.

16        33.    As a direct and proximate result of the conduct of the Defendants, their "alternate

17   entities," and each of them, as aforesaid, Plaintiff FARID MALEK's exposure to asbestos and

18   asbestos-containing products caused Plaintiff FARID MALEK's mesothelioma.

19        34.    Plaintiffs are informed and believe, and thereon allege, that progressive lung

20   disease, cancer and other serious diseases are caused by inhalation of asbestos fibers without

21   perceptible trauma and that said disease results from exposure to asbestos and asbestos-containing

22   products over a period of time.

23        35.    Plaintiff    FARID    MALEK    suffers    from    malignant    mesothelioma,

24   caused by an exposure to asbestos and asbestos-containing products and equipment. Plaintiff

25   FARID MALEK was not aware at the time of exposure that asbestos or asbestos-containing

26   products presented any risk of injury and/or disease.

27        36.    As a direct and proximate result of the aforesaid conduct of Defendants, their

28   "alternate entities," and each of them, Plaintiff FARID MALEK suffers permanent injuries to his

- 16 -

PLAINTIFFS' FIRST AMENDED COMPLAINT

EXHIBIT C - Page 37

1   person, body and health, including, but not limited to, mesothelioma, other lung damage, and

2   cancer, from the effect of exposure to asbestos fibers, all to his general damage in a sum in excess

3   of the jurisdictional limit of a limited civil case.

4       37.    As a direct and proximate result of the aforesaid conduct of the Defendants, their

5   "alternate entities," and each of them, Plaintiffs have incurred liability for physicians, surgeons,

6   nurses, hospital care, medicine, hospices, X-rays and other medical treatment, the true and exact

7   amount thereof being unknown to Plaintiffs at this time, and Plaintiffs pray leave to amend this

8   complaint accordingly when the true and exact cost thereof is ascertained.

9       38.    As a further direct and proximate result of the said conduct of the Defendants, their

10   "alternate entities," and each of them, Plaintiffs have been, and in the future will be, deprived of the

11   support, society, solace, care, comfort, companionship, affection, advice, service and guidance

12   of FARID MALEK. Plaintiffs have also incurred, and will incur, pecuniary loss, including loss

13   of income, wages, profits and commissions, a diminishment of earning potential, and other

14   pecuniary losses, the full nature and extent of which are not yet known to Plaintiffs; and leave

15   is requested to amend this complaint to conform to proof at the time of trial.

16       39.    Defendants, their "alternate entities," and each of them, and their officers, directors,

17   and managing agents participated in, authorized, expressly and impliedly ratified, and had full

18   knowledge of, or should have known of, each of the acts set forth herein.

19       40.    Defendants, their "alternate entities," and each of them, are liable for the

20   fraudulent, oppressive, and malicious acts of their "alternate entities," and each of them, and

21   each Defendants' officers, directors, and managing agents participated in, authorized, expressly

22   and impliedly ratified, and had full knowledge of, or should have known of, the acts of each of

23   their "alternate entities" as set forth herein.

24       41.    The herein-described conduct of said Defendants, their "alternate entities," and

25   each of them, was and is willful, malicious, fraudulent, outrageous, and in conscious disregard and

26   indifference to the safety and health of "exposed person." Plaintiffs, for the sake of example and by

27   way of punishing said Defendants, seek punitive damages according to proof.

28       WHEREFORE, Plaintiffs pray for judgment against Defendants, their "alternate entities,"

- 17 -

PLAINTIFFS' FIRST AMENDED COMPLAINT

EXHIBIT C - Page 38

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

1    and each of them, as hereinafter set forth.

2                        **THIRD CAUSE OF ACTION**

3                          **STRICT LIABILITY**

4
        AS FOR A THIRD, SEPARATE, FURTHER AND DISTINCT CAUSE OF ACTION FOR
5
     STRICT LIABILITY, PLAINTIFFS COMPLAIN OF DEFENDANTS, DOES 1-500, THEIR
6
     "ALTERNATE ENTITIES," AND EACH OF THEM, AND ALLEGE AS FOLLOWS:
7

8        42.    Plaintiffs re-allege and incorporate here by reference, as though fully set forth at

9    length herein, all of the allegations of paragraphs 1 through 41 above, inclusive.

10       43.    Defendants, their "alternate entities," and each of them, knew and intended that the

11   above-referenced asbestos and asbestos-containing products would be used by the purchaser or

12   user without inspection for defects therein or in any of their component parts and without

13   knowledge of the hazards involved in such use.

14       44.    Said asbestos and asbestos-containing products were defective and unsafe for

15   the intended purpose in that the inhalation of asbestos fibers causes serious disease and/or

16   death. The defect existed in the said products at the time they left the possession of the

17   Defendants, their "alternate entities," and each of them. Said products did, in fact, cause

18   personal injuries, including asbestosis, other lung damage, and cancer to "exposed person,"

19   including Plaintiff FARID MALEK herein, while being used in a reasonably foreseeable

20   manner, thereby rendering the same defective, unsafe, and dangerous for use.

21       45.    At all times mentioned herein, the above-referenced asbestos and asbestos-

22   containing products failed to perform as safely as an ordinary consumer and/or other "exposed

23   persons" would expect when used in an intended or reasonably foreseeable manner, and/or the risk

24   of danger inherent in this substance and products outweighed the benefits of said substance and

25   products.

26       46.    At all times mentioned herein, the foreseeable use of said asbestos and asbestos-

27   containing products involved a substantial danger not readily recognizable to an ordinary user,

28   consumer, or bystander, or other "exposed persons," but which danger was known or knowable

                                   - 18 -

                    PLAINTIFFS' FIRST AMENDED COMPLAINT

EXHIBIT C - Page 39

WEITZ & LUXENBERG P. C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

1  to Defendants, and Defendants failed to adequately warn of the substantial danger.

2        47.    "Exposed person" did not know of the substantial danger of using said products.

3  Said dangers were not readily recognizable by "exposed person". Said Defendants, their "alternate

4  entities," and each of them, further failed to adequately warn of the risks to which Plaintiff FARID

5  MALEK and others similarly situated were exposed.

6        48.    In researching, manufacturing, fabricating, designing, modifying, testing, or failing

7  to test, warning or failing to warn, labeling, assembling, distributing, leasing, buying, offering for

8  sale, supplying, selling, inspecting, servicing, installing, contracting for installation, repairing,

9  marketing, warranting, re-branding, manufacturing for others, packaging, advertising, designing

10  processes that called for the use of, and providing engineering services asbestos and asbestos-

11  containing products and equipment, Defendants, their "alternate entities," and each of them, did so

12  with conscious disregard for the safety of "exposed persons" who came in contact with said

13  asbestos and asbestos-containing products, including, but not limited to, asbestosis, other lung

14  damages, and cancer. Said knowledge was obtained, in part, from scientific studies performed by,

15  at the request of, or with the assistance of, said Defendants, their "alternate entities," and each of

16  them, on or before 1930, and thereafter.

17        48.    On or before 1930, and thereafter, said Defendants, their "alternate entities" and

18  each of them, were aware that members of the general public and other "exposed persons," who

19  would come in contact with their asbestos and asbestos-containing products, had no knowledge or

20  information indicating that asbestos or asbestos-containing products could cause injury, and said

21  Defendants, their "alternate entities," and each of them, knew that members of the general public,

22  and other "exposed persons," who came in contact with asbestos and asbestos-containing

23  products, would assume, and in fact did assume, that exposure to asbestos and asbestos-containing

24  products was safe, when in fact said exposure was extremely hazardous to health and human life.

25        49.    With said knowledge, said Defendants, their "alternate entities," and each of them,

26  opted to research, manufacture, fabricate, design, modify, label, assemble, distribute, lease, buy,

27  offer for sale, supply, sell, inspect, service, install, contract for installation, repair, market,

28  warrant, re-brand, manufacture for others, package, advertise, design processes that called for the

- 19 -

PLAINTIFFS' FIRST AMENDED COMPLAINT

EXHIBIT C - Page 40

1   use of, and provide engineering services that specified the use of said asbestos and asbestos-

2   containing products without attempting to protect "exposed persons" from, or warn "exposed

3   persons" of, the high risk of injury or death resulting from exposure to asbestos and asbestos-

4   containing products. Rather than attempting to protect "exposed persons" from, or warn "exposed

5   persons" of, the high risk of injury or death resulting from exposure to asbestos and asbestos-

6   containing products, Defendants, their "alternate entities," and each of them, intentionally failed to

7   reveal their knowledge of said risk, failed to warn of said risk and consciously and actively

8   concealed and suppressed said knowledge from "exposed persons" and members of the general

9   public, thus impliedly representing to "exposed persons" and members of the general public that

10  asbestos and asbestos-containing products were safe for all reasonably foreseeable uses.

11  Defendants, their "alternate entities," and each of them, engaged in this conduct and made these

12  implied representations with the knowledge of the falsity of said implied representations.

13       50.    The above-referenced conduct of said Defendants, their "alternate entities," and

14  each of them, was motivated by the financial interest of said Defendants, their "alternate entities,"

15  and each of them, in the continuing, uninterrupted research, design, modification, manufacture,

16  fabrication, labeling, assembly, distribution, lease, purchase, offer for sale, supply, sale,

17  inspection, installation, contracting for installation, repair, marketing, warranting, re-branding,

18  manufacturing for others, packaging advertising, designing processes that called for the use of,

19  and providing engineering services that specified the use of asbestos and asbestos-containing

20  products. In pursuance of said financial motivation, Defendants, their "alternate entities," and each

21  of them, consciously disregarded the safety of "exposed person" and in fact were consciously

22  willing and intended to permit asbestos and asbestos-containing products to cause injury to

23  "exposed person" and induced persons to work with and be exposed thereto, including Plaintiff

24  FARID MALEK.

25       51.    Plaintiffs allege that the aforementioned Defendants, their "alternate entities," and

26  each of them, impliedly warranted their asbestos and asbestos-containing products and equipment

27  to be safe for their intended use, but their asbestos and asbestos-containing products created an

28  unreasonable risk of bodily harm to "exposed person."

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

- 20 -

PLAINTIFFS' FIRST AMENDED COMPLAINT

EXHIBIT C - Page 41

52.     Plaintiffs further allege that Plaintiff FARID MALEK's mesothelioma was a result of cumulative exposure to asbestos and various asbestos-containing products and equipment manufactured, fabricated, inadequately researched, designed, engineered, specified, modified, inadequately tested, labeled, assembled, distributed, leased, brought, offered for sale, supplied, sold, inspected, serviced, installed, contracted for installation, repaired, marketed, warranted, re-branded, manufactured for others, packaged and advertised by the aforementioned Defendants, their "alternate entities," and each of them, all of which were a substantial contributing factor to Plaintiff FARID MALEK's development of the asbestos disease complained of herein. Among the injurious exposures alleged herein were Plaintiff FARID MALEK's exposures to asbestos supplied with, affixed and/or added to, and/or installed on the equipment at the Abadan and Tehran Oil Refineries.

53.     Plaintiff FARID MALEK relied upon Defendants, their "alternate entities," and each of their representations, lack of warnings, and implied warranties of the fitness of asbestos and asbestos-containing products. As a direct, foreseeable, and proximate result thereof, Plaintiffs have been injured permanently as alleged herein.

54.     As a direct and proximate result of the actions and conduct outlined herein, Plaintiffs have suffered the injuries and damages alleged herein.

WHEREFORE, Plaintiffs pray for judgment against Defendants, and their "alternate entities," and each of them, as hereinafter set forth.

///
///
///
///
///
///
///
///
///

PLAINTIFFS' FIRST AMENDED COMPLAINT

EXHIBIT C - Page 42

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WEITZ & LUXENBERG, P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

## FOURTH CAUSE OF ACTION

### PREMISES OWNER/CONTRACTOR LIABILITY

AS AND FOR A FURTHER, FOURTH, SEPARATE AND DISTINCT CAUSE OF ACTION, PLAINTIFFS COMPLAIN OF DEFENDANT BP AMERICA INC.; BP P.L.C.; CBS CORPORATION; CHEVRON U.S.A. INC.; CONOCOPHILLIPS COMPANY; EXXON MOBIL CORPORATION; EXXON MOBIL OIL CORPORATION; R.J. REYNOLDS TOBACCO COMPANY; FLUOR CONSTRUCTORS INTERNATIONAL, INC.; FLUOR CORPORATION; FLUOR DANIEL ENGINEERS & CONSTRUCTORS, LTD; FLUOR ENTERPRISES, INC.; FLUOR INTERNATIONAL, INC.; FLUOR MIDDLE EAST, LLC; FLUOR MIDEAST LIMITED; FOSTER WHEELER ENERGY CORPORATION; GENERAL ELECTRIC COMPANY; MIDDLE EAST FLUOR; PARSONS CORPORATION; PARSONS INFRASTRUCTURE & TECHNOLOGY GROUP; ROYAL DUTCH SHELL, PLC; SHELL OIL COMPANY; SHELL PETROLEUM COMPANY LIMITED; SHELL PETROLEUM N.V.; THE STANDARD OIL COMPANY; TEXACO INC.; and UOP LLC; DOES 1-500 THEIR "ALTERNATE ENTITIES," AND EACH OF THEM, (hereinafter "PREMISES OWNER/CONTRACTOR LIABILITY DEFENDANTS") AND ALLEGE AS FOLLOWS:

55.     Plaintiffs re-allege and incorporate here by reference, as though fully set forth at length herein, all of the allegations of paragraphs 1 through 54 above, inclusive.

56.     At all times herein mentioned, the PREMISES OWNER/CONTRACTOR LIABILITY DEFENDANTS were a successor, successor-in-business, assign, predecessor, predecessor-in-business, parent, subsidiary, wholly or partially owned by, or the whole or partial owner of an entity causing certain asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products and/or products which caused the release of respirable asbestos fibers and/or asbestos- and silica-containing insulation, other building materials, products, and/or toxic substances to be constructed, installed, maintained, used, managed, and/or controlled by them. Said entities shall hereinafter collectively be called "alternate entities". Each of the herein-named defendants is liable for the tortious conduct of each successor, successor-in-business, assign, predecessor-in-business, parent, subsidiary, whole or partial owner, or wholly or partially owned entity, that caused the presence as aforesaid of said asbestos- and silica-containing products and insulation and other toxic substances. Said defendants, and each of them, are liable for the acts of each and every "alternate entity," and each of them, in that there has been a virtual destruction of plaintiff's remedy against each such "alternate entity"; defendants, and each of them, have acquired the assets, or a portion thereof, of each such "alternate entity"; defendants, and each of them, have caused the destruction of plaintiff's remedy against each such

- 22 -

PLAINTIFFS' FIRST AMENDED COMPLAINT

EXHIBIT C - Page 43

1   "alternate entity"; each such defendant has the ability to assume the risk- spreading role of each

2   such "alternate entity," and that each such defendant enjoys the goodwill originally attached to

3   each such "alternate entity."

4        57.    At all times mentioned herein, the PREMISES OWNER/CONTRACTOR

5   LIABILITY DEFENDANTS, and each of them, respectively, owned, leased, maintained, managed

6   and/or controlled the premises when Plaintiff was present. The following information provided is

7   preliminary and is based on recall of events covering many years, and further investigation and

8   discovery may produce additional information.

9        58.    Additionally, Plaintiff might have been present at other PREMISES OWNER/

10   CONTRACTOR LIABILITY DEFENDANTS' premises at other locations and on other occasions.

11        59.    Prior to and at said times and places, said PREMISES OWNER/CONTRACTOR

12   LIABILITY DEFENDANTS, and each of them, respectively, caused certain asbestos-containing

13   products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing

14   products and/or products which caused the release of respirable asbestos fibers and/or asbestos-

15   and silica-containing insulation, other building materials, products, and toxic substances to be

16   constructed, installed, maintained, used, supplied, replaced, repaired, and/or removed on each of

17   the aforesaid respective premises, by their own workers and/or by various contractors, and

18   caused the release of dangerous quantities of toxic asbestos fibers and other toxic substances

19   into the ambient air and thereby created a hazardous and unsafe condition to Plaintiff FARID

20   MALEK, his family members and other persons exposed to said asbestos and toxic substances

21   while present at said premises.

22        60.    At all times mentioned herein, said PREMISES OWNER/CONTRACTOR

23   LIABILITY DEFENDANTS, and each of them, knew or in the exercise or ordinary and reasonable

24   care should have known, that the foregoing conditions and activities created a dangerous,

25   hazardous, and unsafe condition and unreasonable risk of harm and personal injury to Plaintiff

26   FARID MALEK, and other workers or persons so exposed, present at each of the aforesaid

27   respective premises.

28        61.    At all times relevant herein, Plaintiff FARID MALEK entered said

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90267

- 23 -

premises and used or occupied each of said respective premises as intended and for each of the respective PREMISES OWNER/CONTRACTOR LIABILITY DEFENDANTS' benefit and advantage and at PREMISES OWNER DEFENDANTS' request and invitation. In so doing, Plaintiff FARID MALEK was exposed to dangerous quantities of asbestos fibers and other toxic substances released into the ambient air by the aforesaid hazardous conditions and activities managed, maintained, initiated, and/or otherwise created, controlled, or caused by said PREMISES OWNER/CONTRACTOR LIABILITY DEFENDANTS, and each of them.

62.     Plaintiff FARID MALEK at all times was unaware of the hazardous condition or the risk of personal injury created by the aforesaid presence and use of asbestos products and materials and other toxic substances on said premises.

63.     At all times mentioned herein, said PREMISES OWNER/CONTRACTOR LIABILITY DEFENDANTS, and each of them, remained in control of the premises where Plaintiff FARID MALEK was performing his work.

64.     At all times mentioned herein, the PREMISES OWNER/CONTRACTOR LIABILITY DEFENDANTS owed to Plaintiff FARID MALEK, and others similarly situated, a duty to exercise ordinary care in the management of such premises in order to avoid exposing workers such as Plaintiff FARID MALEK to an unreasonable risk of harm and to avoid causing injury to said persons.

65.     At all times mentioned herein, said PREMISES OWNER/CONTRACTOR LIABILITY DEFENDANTS, and each of them, knew, or in the exercise of ordinary and reasonable care should have known, that the premises that were in their control would be used without knowledge of, or inspection for, defects or dangerous conditions; and that the persons present and using said premises would not be aware of the aforesaid hazardous conditions to which they were exposed on the premises.

66.     At all times mentioned herein, said PREMISES OWNER/CONTRACTOR LIABILITY DEFENDANTS, and each of them, negligently failed to maintain, manage, inspect, survey, or control said premises or to abate or correct, or to warn Plaintiff FARID MALEK of, the existence of the aforesaid dangerous conditions and hazards on said premises.

- 24 -

PLAINTIFFS' FIRST AMENDED COMPLAINT

EXHIBIT C - Page 45

67.    Prior to and at the times and places aforesaid, said PREMISES OWNER/ CONTRACTOR LIABILITY DEFENDANTS, and each of them, respectively, caused certain asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products and/or products which caused the release of respirable asbestos fibers and/or asbestos- and silica-containing insulation, other building materials, products and toxic substances to be constructed, installed, maintained, used, replaced, repaired, and/or removed on each of their aforesaid respective premises, by their own workers and/or by employing various contractors, and caused the release of dangerous quantities of toxic asbestos fibers and other toxic substances into the ambient air and thereby injured Plaintiff FARID MALEK.

68.    At all times mentioned herein, said PREMISES OWNER/CONTRACTOR LIABILITY DEFENDANTS, and each of them, should have recognized that the work of said contractors would create during the progress of the work, dangerous, hazardous, and unsafe conditions which could or would harm Plaintiff FARID MALEK and others unless special precautions were taken.

69.    In part, Plaintiff FARID MALEK was exposed to dangerous quantities of asbestos fibers and other toxic substances by reason of such contractors' failure to take the necessary precautions.

70.    The work of contractors on premises controlled by the PREMISES OWNER/ CONTRACTOR LIABILITY DEFENDANTS created unsafe premises and an unsafe work place by reason of the release of dangerous quantities of toxic substances including, but not limited to, asbestos.

71.    The unsafe premises or work place was created, in part, by the negligent conduct of the contractors employed by the PREMISES OWNER/CONTRACTOR LIABILITY DEFENDANTS. Said negligent conduct includes, but is not limited to:

     (a)    Failure to warn of asbestos and other toxic dusts;

     (b)    Failure to suppress the asbestos-containing or toxic dusts;

     (c)    Failure to remove the asbestos-containing and toxic dusts through use of ventilation or appropriate means;

- 25 -

PLAINTIFFS' FIRST AMENDED COMPLAINT

EXHIBIT C - Page 46

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

1        (d)    Failure to provide adequate breathing protection, i.e., approved

2              respirators or masks;

3        (e)    Failure to inspect and/or test the air; Failure to provide medical

4              monitoring; and

5        (f)    Failure to select and hire a careful and competent contractor or

6              subcontractor.

7        (g)    Negligently and carelessly providing engineering services;

8        (h)    Negligently and carelessly selling designs for defective products;

9        (i)    Negligently and carelessly performing service contracts;

10       (j)    Negligently and carelessly providing detailed designs, prints,

11            specifications and purchase requisitions that called for the installation and

12            use of hazardous asbestos and asbestos-containing products and

13            equipment;

14      (k)    Negligently and carelessly providing engineering support and personnel

15            for

16            construction of refinery additions that called for and resulted in the

17            installation and use of hazardous asbestos and asbestos-containing

18            products and equipment; and

19      (l)    Negligently and carelessly designing a process that specified the

20            installation and use of hazardous asbestos and asbestos-containing

21            products and equipment.

22      72.    The PREMISES OWNER/CONTRACTOR LIABILITY DEFENDANTS' duty to

23 maintain and provide safe premises, a safe place to work, and to warn of dangerous conditions

24 are non-delegable; said duties arise out of common law, <u>Civil Code of Procedure,</u> section 1714,

25 and <u>California Labor Code,</u> section 6400, <u>et seq.,</u> or <u>Health and Safety Code,</u> section 40.200, <u>et</u>

26 <u>seq.,</u> and regulations promulgated thereunder. Therefore, the Premises Owner Liability

27 Defendant is responsible for any breach of said duties whether by themselves or others.

28      73.    Prior to and at said times and places, said PREMISES OWNER/CONTRACTOR

- 26 -

PLAINTIFFS' FIRST AMENDED COMPLAINT

EXHIBIT C - Page 47

1   LIABILITY DEFENDANTS were subject to certain ordinances, statutes, and other

2   governmental regulations promulgated by the United States Government, the State of California,

3   and others, including, but not limited to, the General Industry Safety Orders promulgated

4   pursuant to California Labor Code, section 6400 and the California Administrative Code under

5   the Division of Industrial Safety, Department of Industrial Relations, including, but not limited

6   to: Title VIII, Group 9 (Control of Hazardous Substances), Article 81, sections 4150, 4106,

7   4107, and 4108, and Threshold Limit Values as documented for asbestos and other toxic

8   substances under Appendix A, Table 1 of said Safety Orders; additionally, California Health and

9   Safety Code, section 40.200, et seq., which empowers the South Coast Area Air Quality

10  Management District to promulgate regulations including, but limited to: S.C.A.A.Q.M.D. Rule

11  1403; Title 40 Code of Federal Regulations, Chapter 1, Part 61, et seq. -- The National Emission

12  Standards for Hazardous Air Pollutants, which required said PREMISES

13  OWNER/CONTRACTOR LIABILITY DEFENDANTS to provide specific safeguards or

14  precautions to prevent or reduce the inhalation of asbestos dust and other toxic fumes or

15  substances; and said PREMISES OWNER/CONTRACTOR LIABILITY DEFENDANTS failed

16  to provide the required safeguards and precautions, or contractors employed by the PREMISES

17  OWNER/CONTRACTOR LIABILITY DEFENDANTS failed to provide the required safeguards

18  and precautions. Defendant's violations of said codes include, but are not limited to:

19      (a)     Failing to comply with statutes and allowing ambient levels of airborne

20              asbestos fiber to exceed the permissible/allowable levels with regard to the

21              aforementioned statutes;

22      (b)     Failing to segregate work involving the release of asbestos or other toxic

23              dusts;

24      (c)     Failing to suppress dust using prescribed ventilation techniques;

25      (d)     Failing to suppress dust using prescribed "wet down" techniques;

26      (e)     Failing to warn or educate Plaintiff FARID MALEK or others regarding

27              asbestos or other toxic substances on the premises;

28      (f)     Failing to provide approved respiratory protection devices;

- 27 -

PLAINTIFFS' FIRST AMENDED COMPLAINT

EXHIBIT C - Page 48

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

1      (g)    Failing to ensure "approved" respiratory protection devices were used
2              properly;
3      (h)    Failing to provide for an on-going health screening program for those
4              exposed to asbestos on the premises;
5      (i)    Failing to provide adequate housekeeping and clean-up of the work place;
6      (j)    Failing to properly warn of the hazards associated with asbestos as required
7              by these statutes;
8      (k)    Failing to properly report renovation and disturbance of asbestos-
9              containing materials, including, but not limited to: S.C.A.A.Q.M.D. Rule
10             1403;
11     (l)    Failing to have an asbestos removal supervisor as required by regulation;
12     (m)    Failing to get approval for renovation as required by statutes; and
13     (n)    Failing to maintain records as required by statute.

14      74.    Plaintiff FARID MALEK at all times was unaware of the hazardous condition or
15  the risk of personal injury created by defendants' violation of said regulations, ordinances, or
16  statutes.

17      75.    At all times mentioned herein, Plaintiff FARID MALEK was a member of the class
18  of persons whose safety was intended to be protected by the regulations, statutes, or ordinances
19  described in the foregoing paragraphs.

20      76.    At all times mentioned herein, said PREMISES OWNER/CONTRACTOR
21  LIABILITY DEFENDANTS, knew, or in the exercise of ordinary and reasonable care should have
22  known, that the premises that were in their control would be used without knowledge of, or
23  inspection for, defects or dangerous conditions, that the persons present and using said premises
24  would not be aware of the aforesaid hazardous conditions to which they were exposed on the
25  premises, and that such persons were unaware of the aforesaid violations of codes, regulations, and
26  statutes.

27      77.    As a legal consequence of the foregoing, Plaintiff FARID MALEK developed an
28  asbestos-related illness, which has caused great injury and disability as previously set forth, and

- 28 -

1    Plaintiffs have suffered damages as alleged herein.

2        78.    The herein-described conduct of said PREMISES OWNER/CONTRACTOR

3    LIABILITY DEFENDANTS, their "alternate entities," was and is willful, malicious, fraudulent,

4    outrageous, and in conscious disregard and indifference to the safety and health of "exposed

5    persons." Plaintiffs, for the sake of example and by way of punishing said defendants, seek punitive

6    damages according to proof.

7        WHEREFORE, Plaintiffs pray for judgment against PREMISES OWNER/CONTRACTOR

8    LIABILITY DEFENDANTS, their "alternate entities," as hereinafter set forth.

9                        **FIFTH CAUSE OF ACTION**

10      **NEGLIGENCE-JOINT VENTURE/SINGLE BUSINESS ENTERPRISE**

11   AS AND FOR A FURTHER, FIFTH SEPARATE, AND DISTINCT CAUSE OF ACTION FOR
     ALTER EGO, PLAINTIFFS COMPLAIN OF DEFENDANTS **BP AMERICA INC.; BP P.L.C.;**
12      **CHEVRON U.S.A. INC.; CONOCOPHILLIPS COMPANY; EXXON MOBIL
     CORPORATION; EXXONMOBIL OIL CORPORATION; R.J. REYNOLDS TOBACCO**
13      **COMPANY; ROYAL DUTCH SHELL, PLC; SHELL OIL COMPANY; SHELL
     PETROLEUM COMPANY LIMITED; SHELL PETROLEUM N.V.; STANDARD OIL**
14   **COMPANY OF CALIFORNIA; THE STANDARD OIL COMPANY; TEXACO INC.,** DOES
     1-500, THEIR "ALTERNATE ENTITIES," AND EACH OF THEM, (hereinafter "JOINT
15                VENTURE DEFENDANTS") AND ALLEGE AS FOLLOWS:

16       79.    Plaintiffs re-allege and incorporate here by reference, as though fully set forth at

17   length herein, all of the allegations of paragraphs 1 through 78 above, inclusive.

18       80.    At all times mentioned herein, JOINT VENTURE DEFENDANTS were

19   participants in a joint venture or single business enterprise for profit, between and among

20   themselves, as well as the Iranian Oil Participants, Ltd., the Iranian Oil Refining Company and the

21   Iranian Oil Exploration and Producing Company. Upon information and belief, this joint venture

22   may have operated under the name of the Iranian Oil Refining Company (herein referred to as

23   "IORC"), among other names, and it was operated as a single business enterprise formed by

24   written agreements and implied by the parties' conduct, which represented a consortium of

25   companies involving the aforementioned entities. This joint venture or single business enterprise

26   (hereinafter "JOINT VENTURE") was formed to establish, maintain and control the largest oil

27   refinery in the world at Abadan, Iran. The JOINT VENTURE was formed and operated for the

28   purpose of pooling and combining property, capital, management, knowledge, skills in the

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST , SUITE 700
LOS ANGELES, CALIFORNIA 90067

- 29 -

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

1  operation and management of, and share in the profits and losses from operation of the oil refinery

2  in Abadan, Iran. The JOINT VENTURE also agreed on an equitable sharing among themselves of

3  the profits from the production, refining and sale of Iranian oil, including from the Abadan

4  Refinery. This common business undertaking included the grant of full and effective control of the

5  refinery in Abadan, Iran to the JOINT VENTURE in order to operate that refinery in conformity

6  with good oil industry practice and sound engineering principles applicable to that industry.

7        81.    The IORC and its oil refinery at Abadan, Iran was a joint venture of the JOINT

8  VENTURE DEFENDANTS, Iranian Oil Participants, Ltd., the Iranian Oil Refining Company, and

9  Iranian Oil Exploration and Producing Company, based on the information and belief, in that: (1)

10  The JOINT VENTURE and/or IORC were formed under a written agreement and implied by the

11  JOINT VENTURE DEFENDANTS' conduct; (2) JOINT VENTURE DEFENDANTS individually

12  held interest in the JOINT VENTURE, IORC enterprise and/or Abadan Oil Refinery; (3) JOINT

13  VENTURE DEFENDANTS shared a community of interest and a joint interest in the business

14  undertakings of the JOINT VENTURE and IORC, specifically the operation, control and profits of

15  the Abadan oil refinery; (4) JOINT VENTURE DEFENDANTS shared a right of management,

16  operation, and control of the Abadan Oil Refinery through the JOINT VENTURE and IORC

17  Enterprise; and (5) JOINT VENTURE DEFENDANTS had agreement on the sharing of the

18  profits, losses and control of the Abadan oil refinery through the JOINT VENTURE and IORC

19  enterprise.

20        82.    At all times mentioned herein, the JOINT VENTURE DEFENDANTS, and each

21  of them, respectively, owned, leased, maintained, managed and/or controlled the Abadan oil

22  refinery when Plaintiff was present. Additionally, Plaintiff might have been present at other JOINT

23  VENTURE DEFENDANTS' premises at other locations and on other occasions.

24        83.    Prior to and at said times and places, said JOINT VENTURE DEFENDANTS, and

25  each of them, respectively, caused certain asbestos-containing products and/or machinery requiring

26  or calling for the use of asbestos and/or asbestos-containing products and/or products which caused

27  the release of respirable asbestos fibers and/or asbestos- and silica-containing insulation, other

28  building materials, products, and toxic substances to be constructed, installed, maintained, used,

- 30 -

PLAINTIFFS' FIRST AMENDED COMPLAINT

EXHIBIT C - Page 51

1  supplied, replaced, repaired, and/or removed on each of the aforesaid respective premises, by their

2  own workers and/or by various contractors, and caused the release of dangerous quantities of toxic

3  asbestos fibers and other toxic substances into the ambient air and thereby created a hazardous and

4  unsafe condition to Plaintiff FARID MALEK, his family members and other persons exposed to

5  said asbestos and toxic substances while present at said premises.

6      84.   At all times mentioned herein, said JOINT VENTURE DEFENDANTS, and each

7  of them, knew or in the exercise or ordinary and reasonable care should have known, that the

8  foregoing conditions and activities created a dangerous, hazardous, and unsafe condition and

9  unreasonable risk of harm and personal injury to Plaintiff FARID MALEK, and other workers or

10  persons so exposed, present at each of the aforesaid respective premises.

11      85.   At all times relevant herein, Plaintiff FARID MALEK entered said premises and

12  used or occupied each of said respective premises as intended and for each of the respective

13  JOINT VENTURE DEFENDANTS' benefit and advantage and at JOINT VENTURE

14  DEFENDANTS' request and invitation. In so doing, Plaintiff FARID MALEK was exposed to

15  dangerous quantities of asbestos fibers and other toxic substances released into the ambient air

16  by the aforesaid hazardous conditions and activities managed, maintained, initiated, and/or

17  otherwise created, controlled, or caused by said JOINT VENTURE DEFENDANTS, and each of

18  them.

19      86.   Plaintiff FARID MALEK at all times was unaware of the hazardous condition or

20  the risk of personal injury and death created by the aforesaid presence and use of asbestos products

21  and materials and other toxic substances on said premises.

22      87.   At all times mentioned herein, said JOINT VENTURE DEFENDANTS, and each

23  of them, remained in control of the premises where Plaintiff FARID MALEK was performing his

24  work.

25      88.   At all times mentioned herein, the JOINT VENTURE DEFENDANTS owed to

26  Plaintiff FARID MALEK, and others similarly situated, a duty to exercise ordinary care in the

27  management of such premises in order to avoid exposing workers such as Plaintiff FARID MALEK

28  to an unreasonable risk of harm and to avoid causing injury to said persons.

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

- 31 -

89.     At all times mentioned herein, said JOINT VENTURE DEFENDANTS, and each of them, knew or in the exercise of ordinary and reasonable care should have known, that the premises that were in their control would be used without knowledge of, or inspection for, defects or dangerous conditions; and that the persons present and using said premises would not be aware of the aforesaid hazardous conditions to which they were exposed on the premises.

90.     At all times mentioned herein, said JOINT VENTURE DEFENDANTS, and each of them, negligently failed to maintain, manage, inspect, survey, or control said premises or to abate or correct, or to warn Plaintiff FARID MALEK of, the existence of the aforesaid dangerous conditions and hazards on said premises.

91.     Prior to and at the times and places aforesaid, said JOINT VENTURE DEFENDANTS, and each of them, respectively, caused certain asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products and/or products which caused the release of respirable asbestos fibers and/or asbestos- and silica-containing insulation, other building materials, products and toxic substances to be constructed, installed, maintained, used, replaced, repaired, and/or removed on each of their aforesaid respective premises, by their own workers and/or by employing various contractors, and caused the release of dangerous quantities of toxic asbestos fibers and other toxic substances into the ambient air and thereby injured Plaintiff FARID MALEK.

92.     At all times mentioned herein, said JOINT VENTURE DEFENDANTS, and each of them, should have recognized that the work of said contractors would create during the progress of the work, dangerous, hazardous, and unsafe conditions which could or would harm Plaintiff FARID MALEK and others unless special precautions were taken.

93.     In part, Plaintiff FARID MALEK was exposed to dangerous quantities of asbestos fibers and other toxic substances by reason of such contractors' failure to take the necessary precautions.

94.     The work of contractors on premises controlled by the JOINT VENTURE DEFENDANTS created unsafe premises and an unsafe work place by reason of the release of dangerous quantities of toxic substances including, but not limited to, asbestos.

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

- 32 -

95.   The unsafe premises or work place was created, in part, by the negligent conduct of the contractors employed by the JOINT VENTURE DEFENDANTS. Said negligent conduct includes, but is not limited to:

(a)   Failure to warn of asbestos and other toxic dusts;

(b)   Failure to suppress the asbestos-containing or toxic dusts;

(c)   Failure to remove the asbestos-containing and toxic dusts through use of ventilation or appropriate means;

(d)   Failure to provide adequate breathing protection, i.e., approved respirators or masks;

(e)   Failure to inspect and/or test the air;

(f)   Failure to provide medical monitoring; and

(g)   Failure to select and hire a careful and competent contractor or subcontractor,

(h)   Negligently and carelessly providing engineering services;

(i)   Negligently and carelessly selling designs for defective products;

(j)   Negligently and carelessly performing service contracts;

(k)   Negligently and carelessly providing detailed designs, prints, specifications and purchase requisitions that called for the installation and use of hazardous asbestos and asbestos-containing products and equipment;

(l)   Negligently and carelessly providing engineering support and personnel for construction of refinery additions that called for and resulted in the installation and use of hazardous asbestos and asbestos-containing products and equipment; and

(m)   Negligently and carelessly designing a process that specified the installation and use of hazardous asbestos and asbestos-containing products and equipment.

- 33 -

PLAINTIFFS' FIRST AMENDED COMPLAINT

EXHIBIT C - Page 54

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

96.     The JOINT VENTURE DEFENDANTS' duty to maintain and provide safe premises, a safe place to work, and to warn of dangerous conditions are non-delegable; said duties arise out of common law, Civil Code of Procedure, section 1714, and California Labor Code, section 6400, et seq., or Health and Safety Code, section 40.200; et seq., and regulations promulgated thereunder. Therefore, the Premises Owner Liability Defendant is responsible for any breach of said duties whether by themselves or others.

97.     Prior to and at said times and places, said JOINT VENTURE DEFENDANTS were subject to certain ordinances, statutes, and other governmental regulations promulgated by the United States Government, the State of California, and others, including, but not limited to, the General Industry Safety Orders promulgated pursuant to California Labor Code, section 6400 and the California Administrative Code under the Division of Industrial Safety, Department of Industrial Relations, including, but not limited to: Title VIII, Group 9 (Control of Hazardous Substances), Article 81, sections 4150, 4106, 4107, and 4108, and Threshold Limit Values as documented for asbestos and other toxic substances under Appendix A, Table 1 of said Safety Orders; additionally, California Health and Safety Code, section 40.200, et seq., which empowers the South Coast Area Air Quality Management District to promulgate regulations including, but limited to: S.C.A.A.Q.M.D. Rule 1403; Title 40 Code of Federal Regulations, Chapter 1, Part 61, et seq. -- The National Emission Standards for Hazardous Air Pollutants, which required said JOINT VENTURE DEFENDANTS to provide specific safeguards or precautions to prevent or reduce the inhalation of asbestos dust and other toxic fumes or substances; and said JOINT VENTURE DEFENDANTS failed to provide the required safeguards and precautions, or contractors employed by the JOINT VENTURE DEFENDANTS failed to provide the required safeguards and precautions. Defendant's violations of said codes include, but are not limited to:

        (a)     Failing to comply with statutes and allowing ambient levels of airborne asbestos fiber to exceed the permissible/allowable levels with regard to the aforementioned statutes;

        (b)     Failing to segregate work involving the release of asbestos or other toxic dusts;

- 34 -

PLAINTIFFS' FIRST AMENDED COMPLAINT

EXHIBIT C - Page 55

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

(c)   Failing to suppress dust using prescribed ventilation techniques;

(d)   Failing to suppress dust using prescribed "wet down" techniques;

(e)   Failing to warn or educate plaintiff or others regarding asbestos or other toxic substances on the premises;

(f)   Failing to provide approved respiratory protection devices;

(g)   Failing to ensure "approved" respiratory protection devices were used properly;

(h)   Failing to provide for an on-going health screening program for those exposed to asbestos on the premises;

(i)   Failing to provide adequate housekeeping and clean-up of the work place;

(j)   Failing to properly warn of the hazards associated with asbestos as required by these statutes;

(k)   Failing to properly report renovation and disturbance of asbestos-containing materials, including, but not limited to: S.C.A.A.Q.M.D. Rule 1403;

(l)   Failing to have an asbestos removal supervisor as required by regulation;

(m)   Failing to get approval for renovation as required by statutes; and

(n)   Failing to maintain records as required by statute.

98.   Plaintiff FARID MALEK at all times was unaware of the hazardous condition or the risk of personal injury and death created by defendants' violation of said regulations, ordinances, or statutes.

99.   At all times mentioned herein, Plaintiff FARID MALEK was a member of the class of persons whose safety was intended to be protected by the regulations, statutes, or ordinances described in the foregoing paragraphs.

100.   At all times mentioned herein, said JOINT VENTURE DEFENDANTS, knew, or in the exercise of ordinary and reasonable care should have known, that the premises that were in their control would be used without knowledge of, or inspection for, defects or dangerous conditions, that the persons present and using said premises would not be aware of the aforesaid

- 35 -

1   hazardous conditions to which they were exposed on the premises, and that such persons were

2   unaware of the aforesaid violations of codes, regulations, and statutes.

3       101.   As a legal consequence of the foregoing, Plaintiff FARID MALEK developed an

4   asbestos-related illness, which has caused great injury and disability as previously set forth, and

5   Plaintiffs have suffered damages as alleged herein.

6       102.   The herein-described conduct of said JOINT VENTURE DEFENDANTS, their

7   "alternate entities," was and is willful, malicious, fraudulent, outrageous, and in conscious

8   disregard and indifference to the safety and health of "exposed persons". Plaintiffs, for the sake of

9   example and by way of punishing said defendants, seek punitive damages according to proof.

10       103.   Upon information and belief, Plaintiffs allege that the JOINT VENTURE

11   DEFENDANTS, and each of them, are independently and vicariously liable for the wrongful acts

12   that were committed by each and every other of the JOINT VENTURE DEFENDANTS with

13   respect to the operation, management and control of the Abadan Refinery because the wrongful acts

14   were within the scope of the authority of the joint venture and single business enterprise created by

15   the JOINT VENTURE DEFENDANTS, and as Plaintiffs will be wronged by being without an

16   adequate remedy against each or all of the JOINT VENTURE DEFENDANTS.

17       WHEREFORE, Plaintiffs pray for judgment against Defendants, their "alternate entities,"

18   and each of them, as hereinafter set forth.

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

- 36 -

PLAINTIFFS' FIRST AMENDED COMPLAINT

EXHIBIT C - Page 57

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

### SIXTH CAUSE OF ACTION

### ALTER EGO

AS AND FOR A FURTHER, SEVENTH SEPARATE, AND DISTINCT CAUSE OF ACTION FOR ALTER EGO, PLAINTIFFS COMPLAIN OF DEFENDANTS **BP AMERICA INC.; BP P.L.C.; CHEVRON U.S.A. INC.; CONOCOPHILLIPS COMPANY; EXXON MOBIL CORPORATION; EXXONMOBIL OIL CORPORATION; R.J. REYNOLDS TOBACCO COMPANY; ROYAL DUTCH SHELL, PLC; SHELL OIL COMPANY; SHELL PETROLEUM COMPANY LIMITED; SHELL PETROLEUM N.V.; STANDARD OIL COMPANY OF CALIFORNIA; THE STANDARD OIL COMPANY; TEXACO INC.; BRAND INSULATIONS, INC.;** DOES 1-500, THEIR "ALTERNATE ENTITIES," AND EACH OF THEM, AND ALLEGE AS FOLLOWS:

104.   Plaintiffs re-allege and incorporate here by reference, as though fully set forth at length herein, all of the allegations of paragraphs 1 through 103 above, inclusive.

105.   Additionally, Plaintiffs are informed and believe, and thereupon allege, that Iranian Oil Participants, Ltd., the Iranian Oil Refining Company and the Iranian Oil Exploration and Producing Company are the alter ego of **BP AMERICA INC.; BP P.L.C.; CHEVRON U.S.A. INC.; CONOCOPHILLIPS COMPANY; EXXON MOBIL CORPORATION; EXXONMOBIL OIL CORPORATION; R.J. REYNOLDS TOBACCO COMPANY; ROYAL DUTCH SHELL, PLC; SHELL OIL COMPANY; SHELL PETROLEUM COMPANY LIMITED; SHELL PETROLEUM N.V.; STANDARD OIL COMPANY OF CALIFORNIA; THE STANDARD OIL COMPANY; TEXACO INC.;** and DOES 1-500 INCLUSIVE; THEIR "ALTERNATE ENTITIES" (referred hereinafter collectively as the "CONSORTIUM MEMBERS"). At all times, during the management, operation, and/or control by IORC, which exposed FARID MALEK to asbestos fibers, the CONSORTIUM MEMBERS had influenced and governed IORC in such a way that there was unity of ownership and interest in that the individuality, or separateness, of the CONSORTIUM MEMBERS and IORC had ceased; The limitation of liability for injury caused by the manufacture, distribution or sale of the asbestos containing materials by the IORC would sanction a fraud or promote an injustice in that the IORC has insufficient assets to pay for the damages caused to Plaintiff by its wrongful conduct.

106.   The IORC was the alter ego of the CONSORTIUM MEMBERS, on information and belief, in that CONSORTIUM MEMBERS siphoned off funds and the profits related to

- 37 -

1    IORC's operation of the aforementioned Abadan oil refinery.

2         107.    At all times herein mentioned, IORC was a mere instrumentality of the

3    CONSORTIUM MEMBERS in that the CONSORTIUM MEMBERS exercised control over it

4    in such a way as to defraud or harm Plaintiffs' ability to obtain redress for damages caused by

5    management, operation, and/or control of the Abadan oil refinery by the IORC. That IORC

6    was a mere instrumentality of the CONSORTIUM MEMBERS, on information and belief, is

7    shown by some or all of the following alternative facts, among others: (1) the CONSORTIUM

8    MEMBERS and the IORC had common directors or officers; (2) CONSORTIUM MEMBERS

9    financed the IORC; (3) the IORC had grossly inadequate capital to pay for its foreseeable

10   liability for the operation and management of the Abadan oil refinery; (4) that CONSORTIUM

11   MEMBERS paid some of the expenses of the IORC; (5) that CONSORTIUM MEMBERS in

12   its papers and in statements of the officers described the IORC and the Abadan oil refinery as

13   a department or division of itself; (6) The directors or executives of the IORC did not act

14   independently in the interests of themselves, but took their orders from CONSORTIUM

15   MEMBERS and in CONSORTIUM MEMBERS interest; and (8) The formal legal

16   requirements of the IORC were not observed.

17        108.    CONSORTIUM MEMBERS used its control over the IORC to commit a fraud or

18   wrong in their operation of the Abadan Refinery in such a way in which they knew would cause

19   injury and death, in such a way that the assets of CONSORTIUM MEMBERS would not be

20   subject to liability for the acts of the IORC. By using the corporate form of the IORC,

21   CONSORTIUM MEMBERS wrongfully sought to obtain the benefit off the profits related to the

22   operation of the Abadan oil refinery.

23        109.    Upon information and belief, Plaintiffs allege that because of the actions of

24   CONSORTIUM MEMBERS in improperly and wrongfully using IORC as a "shield" to protect it

25   from its intentional, reckless, and hazardous operation of the Abadan oil refinery, Plaintiffs will be

26   wronged by being without an adequate remedy against the IORC.

27        110.    Additionally, Plaintiffs are informed and believe, and thereupon allege, that

28   Kafrang Brand Co., Ltd. is the alter ego of **BRAND INSULATIONS, INC.;** and DOES 1-500

PLAINTIFFS' FIRST AMENDED COMPLAINT

EXHIBIT C - Page 59

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

1    INCLUSIVE. At all times, during the operations which exposed FARID MALEK to asbestos

2    fibers, **BRAND INSULATIONS, INC.** had influenced and governed Kafrang Brand Co., Ltd. in

3    such a way that there was unity of ownership and interest in that the individuality, or separateness,

4    of **BRAND INSULATIONS, INC.** and Kafrang Brand Co., Ltd. had ceased; The limitation of

5    liability for injury caused by the manipulation, manufacture, distribution or sale of the asbestos

6    containing materials by the Kafrang Brand Co., Ltd. would sanction a fraud or promote an

7    injustice in that the Kafrang Brand Co., Ltd. has insufficient assets to pay for the damages caused

8    to Plaintiff by its wrongful conduct.

9        111.    The Kafrang Brand Co., Ltd. was the alter ego of **BRAND INSULATIONS, INC.**,

10   on information and belief, in that **BRAND INSULATIONS, INC.** siphoned off funds and the

11   profits related to Kafrang Brand Co., Ltd.'s operation of the aforementioned Abadan oil refinery.

12       112.    At all times herein mentioned, Kafrang Brand Co., Ltd. was a mere

13   instrumentality of **BRAND INSULATIONS, INC.** in that **BRAND INSULATIONS, INC.**

14   exercised control over it in such a way as to defraud or harm Plaintiffs' ability to obtain

15   redress for damages caused by activities of the Kafrang Brand Co., Ltd.. That Kafrang Brand

16   Co., Ltd. was a mere instrumentality of **BRAND INSULATIONS, INC.**, on information and

17   belief; is shown by some or all of the following alternative facts, among others: (1) **BRAND**

18   **INSULATIONS, INC.** and the Kafrang Brand Co., Ltd. had common directors or officers; (2)

19   **BRAND INSULATIONS, INC.** financed the Kafrang Brand Co., Ltd.; (3) the Kafrang Brand

20   Co., Ltd. had grossly inadequate capital to pay for its foreseeable liability for using asbestos-

21   containing products and other activities; (4) that **BRAND INSULATIONS, INC.** paid some

22   of the expenses of the Kafrang Brand Co., Ltd.; (5) that **BRAND INSULATIONS, INC.** in its

23   papers and in statements of the officers described the Kafrang Brand Co., Ltd. and as a

24   department or division of itself; (6) The directors or executives of the Kafrang Brand Co., Ltd.

25   did not act independently in the interests of themselves, but took their orders from **BRAND**

26   **INSULATIONS, INC.** and in **BRAND INSULATIONS, INC.** interest; and (8) The formal

27   legal requirements of the Kafrang Brand Co., Ltd. were not observed.

28       113.    **BRAND INSULATIONS, INC.** used its control over the Kafrang Brand Co.,

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

- 39 -

PLAINTIFFS' FIRST AMENDED COMPLAINT

EXHIBIT C - Page 60

Ltd. to commit a fraud or wrong in their activities in such a way in which they knew would cause injury and death, in such a way that the assets of **BRAND INSULATIONS, INC.** would not be subject to liability for the acts of the Kafrang Brand Co., Ltd.. By using the corporate form of the Kafrang Brand Co., Ltd., **BRAND INSULATIONS, INC.** wrongfully sought to obtain the benefit off the profits related to activities at the Abadan Oil Refinery.

114.    Upon information and belief; Plaintiffs allege that because of the actions of **BRAND INSULATIONS, INC.** in improperly and wrongfully using Kafrang Brand Co., Ltd..as a "shield" to protect it from its intentional, reckless, and hazardous activities at the Abadan oil refinery, Plaintiffs will be wronged by being without an adequate remedy against the Kafrang Brand Co., Ltd.

## SEVENTH CAUSE OF ACTION

### LOSS OF CONSORTIUM

(Against All Defendants and DOES 1 through 500)

115.    Plaintiffs re-allege and incorporate here by reference, as though fully set forth at length herein, all of the allegations of paragraphs 1 through 114 above, inclusive.

116.    Plaintiff MARY MALEK was at all relevant times the lawfully wedded spouse of plaintiff FARID MALEK.

117.    Plaintiff FARID MALEK sustained injuries caused by inhalation of asbestos fibers as alleged herein above.  Prior to the aforesaid injuries, plaintiff FARID MALEK was able to and did perform duties as a spouse.

118.    Subsequent to the injuries, and as a proximate result thereof, plaintiff FARID MALEK was unable to perform the necessary duties as a spouse and the work and service usually performed in the care, maintenance and management of the family home, and therefore has sustained special damages in an amount which has not as yet been fully ascertained and which will be asserted according to proof at trial.

119.    Subsequent to the injuries, and as a proximate result thereof, plaintiff MARY MALEK suffered loss of consortium, including, but not by way of limitation, loss of services, marital relations, society, comfort, companionship, love and affection of her said spouse, and has

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

PLAINTIFFS' FIRST AMENDED COMPLAINT

EXHIBIT C - Page 61

1    suffered severe mental and emotional distress and general nervousness as a result thereof.

2        As the above referenced conduct complained of in this complaint of defendants and DOES

3    1 through 500, and each of them, inclusive, was and is vile, base, willful, malicious, fraudulent,

4    oppressive, outrageous, and that said defendants, and each of them, demonstrated such an entire

5    want of care as to establish that their acts and omissions were the result of actual conscious

6    indifference to the rights, safety, and welfare of plaintiff MARY MALEK, such that plaintiff, for

7    the sake of example, and by way of punishing said defendants, seeks punitive damages according

8    to proof.

9        **WHEREFORE**, Plaintiffs pray judgment against Defendants, and DOES 1 through

10   500, and each of them, inclusive, as follows:

11       1.  For general damages according to proof;

12       2.  For special damages according to proof;

13       3.  For medical and related expenses according to proof;

14       4.  For loss of income, earning capacity, earning potential according to proof;

15       5.  For exemplary or punitive damages according to proof;

16       6.  For costs of suit herein;

17       7.  For prejudgment interest on all damages as allowed by laws; and

18       8.  For such other and further relief as the Court deems just and proper.

19

20   DATED: May 20, 2015            WEITZ & LUXENBERG, P.C.

21

22   BY: _____

23       BENNO ASHRAFI
         VENUS BURNS
24       Attorneys for Plaintiffs

25

26

27

28

WEITZ & LUXENBERG, P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

- 41 -

1

## DEMAND FOR JURY TRIAL

2    Plaintiffs demand a jury trial on all issues.

3    DATED: May 20, 2015        WEITZ & LUXENBERG, P.C.

4

5                              BY: _____
                                   BENNO ASHRAFI
6                                  VENUS BURNS
                                   Attorneys for Plaintiffs
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WEITZ & LUXENBERG, P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

- 42 -

EXHIBIT "A"

Plaintiff's exposure to asbestos and asbestos-containing products occurred at various locations including, but not limited to:

| Employer | Location of Exposure | Job Title | Exposure Date(s) |
|---|---|---|---|
| IORC/NIOC | Abadan Oil Refinery | Shift operator, planning dept., computer dept. | Approximately 1951-1979 |

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

- 43 -

1

## CERTIFICATE OF SERVICE

2

3          The undersigned counsel for Defendant John Crane Inc. hereby certifies that a

4     true and correct copy of the forgoing document was filed with the Court and served

5     electronically through the CM-ECF (Electronic Case Filing) system to all counsel of

6     record registered to receive a Notice of Electronic Filing for this case on this 18th day

7     of June, 2015. To ensure service to the parties that have yet to appear in the federal

8     court action, it was also served electronically through Lexis File & ServeXpress to all

9     counsel of record in the state court action on this 18th day of June, 2015.

10

11                                                              /s/ J. Kyle Gaines

12                                                              J. Kyle Gaines

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

10624506v.1