| | |
|---|---|
| 1 | AMANDA PUSHINSKY (SBN 267950) |
|   | JONES DAY |
| 2 | 555 South Flower Street |
|   | Fiftieth Floor |
| 3 | Los Angeles, CA 90071.2300 |
|   | Telephone:  213.489.3939 |
| 4 | Facsimile:   213.243.2539 |
|   | apushinsky@jonesday.com |
| 5 |   |
| 6 | Attorneys for Defendant |
|   | **R. J. REYNOLDS TOBACCO** |
| 7 | **COMPANY** |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FARID MALEK, an individual; MARY MALEK, an individual, | Case No.  2:15-cv-044540SJO-JEMx |
|   | *Assigned to Honorable S. James Otero Court Room 1* |
| Plaintiffs, |   |
| vs. | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT R. J. REYNOLDS TOBACCO COMPANY'S NOTICE OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(2)** |
| BLACKMER PUMP COMPANY, *et al.*, |   |
| Defendants. |   |
|   | Date:        July 20, 2015 |
|   | Time:        10:00 a.m. |
|   | Courtroom:   1 |
|   | Action Filed: May 7, 2015 |
|   | First Amended Complaint Filed: May 20, 2015 |
|   | Trial Date:  None Set |

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

On May 7, 2015, Plaintiffs Farid Malek and Mary Malek ("Plaintiffs") filed a civil action against a number of defendants, including R. J. Reynolds Tobacco Company, individually and as successor by merger to RJR Corporation ("Reynolds"),[1] in the Los Angeles Superior Court.  On May 20, 2015, Plaintiffs filed an Amended Complaint against the same defendants, including Reynolds.  On June 22, 2015, Reynolds learned Defendants Chevron U.S.A. Inc. and Texaco Inc. had removed the case to this court.[2]

Plaintiffs seek to hold defendants liable for injuries they contend Mr. Malek sustained while working at the Abadan and Tehran Refineries in Iran from 1951 to 1979; the Iranian Oil Refining Company ("IORC"); and later, the National Iranian Oil Company ("NIOC"), which operated these refineries.  This Court should dismiss Reynolds for lack of personal jurisdiction.

---

[1] Plaintiffs also attempted to sue Reynolds as successor in interest to R.J. Reynolds Industries, Inc. and as successor by merger to American Independent Oil Company a/k/a Aminoil.  However, as set forth in the attached Affidavit of Constantine E. Tsipis ("Tsipis Aff."), Reynolds is not the successor in interest to R.J. Reynolds Industries, Inc., nor is it the successor by merger to American Independent Oil Company a/k/a Aminoil.  *See* Tsipis Aff., ¶¶ 5-6.  Accordingly, Reynolds files this motion for itself, individually and as successor by merger to RJR Corporation, only.

[2] The case was removed on June 11, 2015, but Reynolds was not served with a notice of removal.

First, this Court does not have specific jurisdiction over Reynolds, because Plaintiffs have not and cannot establish that their claims "arise out of" or are "related to" Reynolds' activities in California. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477-78 (1985). To the contrary, the activities alleged in Plaintiffs' First Amended Complaint and the Preliminary Fact Sheet took place in Iran.

Second, this Court does not have general jurisdiction over Reynolds, because Reynolds is a North Carolina corporation with its principal place of business in Winston-Salem, North Carolina, which is also "where the majority of its corporate officers direct, control, and coordinate operations." *See* Tsipis Aff., ¶¶ 3-4. Under recent Supreme Court of the United States precedent, Reynolds is not "at home" in California, and thus, is not subject to general jurisdiction here. *See Daimler AG v. Bauman*, 134 S.Ct. 746, 760 (2014); *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S.Ct. 2846 (2011).

Whatever the merits of Plaintiffs' claims, they have no connection to any activity performed by Reynolds in California sufficient to warrant haling Reynolds, a North Carolina corporation, into this Court. Because there is no basis for this Court to exercise personal jurisdiction, Reynolds' motion to dismiss should be granted.

## II. LEGAL STANDARD

Defendants may challenge pleadings based on lack of personal jurisdiction. *See* Fed. R. Civ. P. 12(b). Federal Rule of Civil Procedure 4(k) governs personal jurisdiction under federal law. "Because California's long-arm jurisdictional statute is coextensive with federal due process requirements, the jurisdictional analyses under state law and federal due process are the same." *Schwarzenegger v. Fred Martin Co.*, 374 F.3d 797, 800-01 (9th Cir. 2004). Under California's long-arm statute, Plaintiffs have the burden of proving that all jurisdictional criteria are met, including proof that Reynolds' contacts with California are sufficient to pass constitutional muster. *See Floveyor Internat. Ltd. v. Superior Court*, 59 Cal. App. 4th 789, 796 (1997). When a non-resident defendant "challenges personal jurisdiction by a motion to dismiss, the plaintiff has the burden of proving, by a preponderance of the evidence, the factual bases justifying the exercise of jurisdiction." *BSNSF Ry. Co. v. Superior Court*, 235 Cal. App. 4th 591, 599 (2015) (citation omitted). Plaintiffs cannot merely rely on allegations in an unsubstantiated complaint; rather, they must come forward with affidavits or other competent evidence to carry this burden. *See id.* at 449.

Under California's long-arm statute, California state courts may exercise specific jurisdiction "on any basis not inconsistent with the Constitution of this state or of the United States." In turn, the Due Process Clause of the United States Constitution limits California courts' exercise of personal jurisdiction to instances

where: (1) the court can assert specific jurisdiction, or (2) the plaintiff can prove general jurisdiction by establishing that the defendant corporation is "essentially at home" in the forum state. *See Daimler*, *supra*, 134 S.Ct. at 751. Consequently, to survive this motion to dismiss, Plaintiffs must prove either that (1) specific jurisdiction over Reynolds is proper, or (2) Reynolds is "essentially at home" in California. For the reasons set forth below, Plaintiffs have not and cannot meet their burden.

### III. LEGAL ARGUMENT

#### A. THIS COURT CANNOT EXERCISE SPECIFIC JURISDICTION OVER REYNOLDS BECAUSE THIS LAWSUIT DOES NOT ARISE OUT OF REYNOLDS' ACTIVITIES IN CALIFORNIA

Plaintiffs cannot establish that this Court has specific jurisdiction over Reynolds. A court may exercise specific jurisdiction over a nonresident defendant only if: (1) the defendant has purposefully directed its activities at California; (2) the litigation results from alleged injuries that "arise out of or relate to" those activities: and (3) the assertion of personal jurisdiction would comport with fair play and substantial justice. *See Burger King*, 471 U.S. at 472, 476. The analysis begins and swiftly ends with the second requirement. To satisfy this requirement, Plaintiffs must prove that this litigation results from alleged injuries that arise out of or relate to Reynolds' activities in California. *See id.* Plaintiffs have not and cannot make that showing.

Plaintiffs' claims for personal injuries against Reynolds are based on alleged activities that took place entirely within Iran – and not anywhere in California.

Without any allegation that Reynolds' alleged misconduct occurred in California, this Court cannot exercise specific jurisdiction over Reynolds.

### B. THIS COURT CANNOT EXERCISE GENERAL JURISDICTION OVER REYNOLDS BECAUSE REYNOLDS IS NOT "ESSENTIALLY AT HOME" IN CALIFORNIA

Reynolds is not subject to general personal jurisdiction in California. Only a limited set of affiliations with a forum state will render a defendant amenable to general jurisdiction in such state. *Daimler*, *supra*, 134 S. Ct. at 760. "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home." *Id.* (quoting *Goodyear*, *supra*, 131 S. Ct. at 2854). With respect to a corporation, the place of incorporation and principal place of business are paradigm bases for general jurisdiction. *See id.* at 760. A corporation's "principal place of business," in turn, "refer[s] to the place where a corporation's officers direct, control, and coordinate the corporation's activities . . . [a]nd in practice it should normally be the place where the corporation maintains its headquarters." *Hertz Corp. v. Friend,* 130 S.Ct. 1181, 1192 (2010).

Within California's Federal Courts, *Daimler* was very recently applied in *Senne v. Kansas City Royals Baseball Corp.*, 2015 WL 2412245, *24 (N.D. Cal. 2015). There, the Northern District Court made clear that the concept of "at home" in the context of general jurisdiction should be construed narrowly – observing *Daimler*'s emphasis that merely [even] engaging in a "substantial, continuous and

systematic course of business" is not enough to establish general jurisdiction. *Id.* (citing *Daimler*, 134 S.Ct. at 761 n.19). The court then went on to note that *Daimler* established that only in an "exceptional" case would a defendant be "at home" in a state other than one that falls within the paradigm. *Id.* When considering whether a defendant is "at home," the court must evaluate the defendant's "activities in their entirety, nationwide and worldwide." *Id.* (citing *Daimler*, 134 S.Ct. at 762 n.20).

Likewise, the California State Court of Appeal has applied *Daimler* in a directly analogous asbestos personal injury case to reverse the trial court's exercise of general jurisdiction over a defendant with admittedly substantial and continuous business in California. *BNSF Ry. Co. v. Superior Court*, 235 Cal.App.4th 591, 185 Cal.Rptr.3d 391 (2015). There, the plaintiff sued BNSF, a railroad company incorporated in Delaware and headquartered in Texas, for an injury arising from occurrences at the company's Kansas facility. BNSF challenged the Superior Court's exercise of general jurisdiction by a Motion to Quash Summons stating that while it maintained tracks, operated trains, and generated substantial income within California, such connections within the state were insufficient to be considered "at home" in California. The Superior Court denied the motion, finding that BNSF's "'systematic and continuous business' in California, its status as an American company, and its role as a 'perpetrator' of the wrongdoing alleged by real parties rendered it amenable to general jurisdiction" in California. *Id.* at 597.

The California Court of Appeal reversed. Heeding *Daimler*'s call for "an appraisal of a corporation's activities in their entirety, nationwide and worldwide," the Court concluded: "[BNSF]'s operations in California are not sufficient in comparison to its national operations and are not so 'continuous and systematic' as to render it 'at home' in California." *Id*. at 604. This conclusion is based on BNSF's factual showing that "California is home to only 8 percent of its workforce, contains only 5 percent of its track infrastructure, and accounts for only 6 percent of its revenue." *Id*.

*Daimler* and *Goodyear* instruct that Reynolds is not "at home" in California. Although Plaintiffs will likely contend that Reynolds is subject to personal jurisdiction here, simply placing products in the stream of commerce in California is not enough. Reynolds is a North Carolina corporation. *See* Tsipis Aff., ¶ 3. It maintains its principal place of business in Winston-Salem, North Carolina, where it is headquartered and where "the majority of its corporate officers direct, control, and coordinate operations." *See* Tsipis Aff., ¶ 4; *Hertz*, 130 S.Ct. at 1192. Less than 7% of Reynolds' North American shipments go to California. Reynolds' activities in California are not sufficient in comparison with its nationwide activities to render it "at home" in California. *See BNSF Ry. Co.*, 235 Cal.App.4th at 604. Further, Reynolds has never been incorporated in California. *See* Tsipis Aff., ¶ 7. The fact that Reynolds has a registered agent for service of process in California is inconsequential to the assessment of general jurisdiction under

*Daimler*. *See* 134 S.Ct. at 746.

Under *Daimler* and *Goodyear*, Reynolds is not subject to general jurisdiction in California, and it would violate due process to hale Reynolds into California to defend itself in connection with alleged activities occurring outside the country. Accordingly, this Court may not exercise general jurisdiction over Reynolds.

## IV. CONCLUSION

Plaintiffs cannot establish that Reynolds is amenable to specific jurisdiction in California as their lawsuit against Reynolds is premised on activities that occurred solely in Iran – not anywhere in California, or even in the United States. Further, Plaintiffs cannot establish Reynolds is subject to general jurisdiction in California. Accordingly, Defendant R. J. Reynolds Tobacco Company, individually and as successor by merger to RJR Corporation, respectfully requests that this Court grant its motion and issue an Order dismissing all claims against Reynolds in this action for lack of personal jurisdiction.

Dated: June 26, 2015

Respectfully submitted,

JONES DAY

By: /s/ Amanda Pushinsky
     Amanda Pushinsky

Attorneys for Defendant
R. J. REYNOLDS TOBACCO COMPANY