Benno Ashrafi, Esq. (CSBN 247623)
*bashrafi@weitzlux.com*
Josiah Parker, Esq. (CSBN 278703)
*jparker@weitzlux.com*
WEITZ & LUXENBERG, P.C.
1880 Century Park East, Suite 700
Los Angeles, California 90067
Telephone: (310) 247-0921
Facsimile:  (310) 786-9927

Attorneys for Plaintiffs

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FARID MALEK, an individual; MAY MALEK, an individual;<br><br>    Plaintiffs,<br><br> v.<br><br>BLACKMER PUMP COMPANY, et al.,<br><br>    Defendants. | CASE NO.  2:15-CV-04454-SJO-JEM<br><br>**PLAINTIFFS' AMENDED OPPOSITION TO DEFENDANT JOHN CRANE INC.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION – FRCP 12(b)(2); MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Hearing Date:  July 20, 2015<br>Time:    10:00 A.M.<br>Place:    Courtroom 1<br>Judge:    Hon. S. James Otero<br><br>Complaint Filed: May 7, 2015<br>Trial Date:   None Set |

# **TABLE OF CONTENTS**

I.      INTRODUCTION AND FACTS ............................................................. 1

III.    LEGAL ARGUMENT ........................................................................... 4

        A.      Standard of Review on 12(b)(2) Motion ....................................... 4

        B.      State Statutes Granting Personal Jurisdiction Over Out-of-State
                Corporations That Register an Agent for Service Within the State Are
                Constitutional .............................................................................. 5

        C.      California Courts Have Erred in Ruling that They Do Not Have Personal
                Jurisdiction Over Out-of-State Corporations that Register an Agent for
                Service Within the State .............................................................. 10

        D.      If this Court Does Not Find that JCI Has Consented to General Jurisdiction
                in California, It Should Permit Plaintiffs to Conduct Jurisdictional
                Discovery to Determine Whether JCI's California Operations Are
                Substantial Enough To Make It "at Home" in This State ......................... 17

III.    CONCLUSION ................................................................................... 19

# **TABLE OF AUTHORITIES**

CASES

*Acorda Therapeutics, Inc. v. Mylan Pharm. Inc*., 2015 WL 186833,

   (D. Del. Jan. 14, 2015)...............................................................................8, 9

*AT & T v. Compagnie Bruxelles Lambert*, 94 F.3d 586 (9th Cir. 1996) ...................4, 5

*Ault v. Dinner for Two, Inc*., 27 Cal.App.3d 145 fn. 2 (1972) .....................................14

*Ballard v. Savage*, 65 F.3d 1495 (9th Cir. 1995)............................................................4

*Bane v. Netlink, Inc*., 925 F.2d 637 (3d Cir.1991)..........................................................9

*Beijing Automotive Indus. Import and Export Corp. v. Indian Indus., Inc*.,

   2013 WL 4040072,  (C.D.Cal. Aug.7, 2013) ..........................................................10

*BNSF Railway Co. v. Super. Ct.,* 235 Cal.App. 591 ......................................................1

*Burnham v. Super. Court of California,* 495 U.S. 604 (1990) ............. 2, 6, 7, 8, 10, 16

*Circus Circus Hotels, Inc. v. Superior Court,* 120 Cal.App.3d 546 (1981) ................15

*Daimler AG v. Bauman*, 134 S. Ct. 746 (2014) ........................................ 1, 8, 9, 16, 18

*Data Disc, Inc. v. Systems Tech. Assoc., Inc*., 557 F.2d 1280 (9th Cir. 1977) ..............4

*Delfosse v. C.A.C.I., Inc.-Fed*., 218 Cal.App.3d 683 (1990).......................................14

*Dill v. Berquist Constr. Co.,* 24 Cal.App.4th 1426 (1994) .........................................14

*Doe v. Unocal Corp*., 248 F.3d 915 (9th Cir. 2001)........................................................4

*DVI, Inc. v. Superior Court*, 104 Cal.App.4th 1080 (2002) ........................................10

*eMag Solutions, LLC v. Toda Kogyo Corp.*, 2006 WL 3783548,

   (N.D. Cal. Dec. 21, 2006)..........................................................................................18

*Fed. Mach. & Welder Co. v. Superior Court of Los Angeles Cnty*.,

   259 Cal.App.2d 927 (1968) ......................................................................................16

*Flame S.A. v. Pasha Fin., Inc*., 2010 WL 2902774, (C.D. Cal. July 26, 2010) ............9

*Gibble v. Car-Lene Research, Inc*., 67 Cal.App.4th 295 fn. 7(1998).........................14

*Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain* Co.,

   284 F.3d 1114 (9th Cir.2002) ...................................................................................19

*Gracey v. Janssen Pharm., Inc*., 2015 WL 2066242, (E.D. Mo. May 4, 2015)............8

*Gray Line Tours v. Reynolds Electrical & Engineering Co.,*
    193 Cal.App.3d 190 (1987).. .............................................................3, 10, 15, 16

*Hahn v. Diaz-Barba,* 194 Cal. App. 4th 1177 (2011)....................................................14

*Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd*.,
    328 F.3d 1122 (9th Cir.2003) ........................................................................17

*Holloway v. Wright & Morrissey, Inc*., 739 F.2d 695 (1st Cir.1984)............................9

*In re Fitzgerald v. King*, 39 Cal.App.4th 1419 .......................................................2, 10

*Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee,*
    456 U.S. 694 (1982).........................................................................................5

*King v. Am. Family Mut. Ins. Co*., 632 F.3d 570, (9th Cir.2011) ..................................9

*Knowlton v. Allied Van Lines, Inc*., 900 F.2d 1196 (8th Cir.1990) ...........................8, 9

*Koninklijke Luchtvaart Maatschappij v. Superior Court in & for Los Angeles Cnty*.,
    107 Cal.App.2d 495 (1951) .........................................................................16

*Laub v. U.S. Dept. of Interior*, 342 F.3d 1080 (9th Cir.2003) .....................................17

*Lebel v. Mai*, 210 Cal.App.4th 1154 (2012) ...............................................................15

*M. Lowenstein & Sons, Inc. v. Superior Court,* 80 Cal.App.3d 762 (1978)........... 14-15

*Miner v. United Air Lines Transport Corporation,* 16 F. Supp. 930 (1936)........ passim

*Nanoexa Corp. v. Univ. of Chicago*, 2010 WL 4236855 (N.D. Cal. Oct. 21, 2010) ...10

*Neirbo Co. v. Bethlehem Shipbuilding Corp*., 308 U.S. 165 (1939) .............................6

*Nobel Floral, Inc. v. Pasero*, 106 Cal.App.4th 654 (2003) .....................................2, 10

*Orchid Biosciences, Inc. v. ST. Louis Univ .,* 198 F.R.D. 670 (S.D.Cal.2001) ...........18

*Overhill Farms Inc. v. W. Liberty Foods* LLC,
    No. CV 14-03533-RSWL, 2014 WL 4180920,  (C.D. Cal. Aug. 21, 2014).............10

*Pa. Fire Ins. Co. v. Gold Issue Mining and Milling Co*. 243 U.S. 93, 94 (1917)..........6

*Pasadena Medi-Ctr. Associates v. Superior Court*, 9 Cal.3d 773 (1973) .............12, 16

*Perkins v. Benguet Consol. Min. Co,* 342 U.S. 437 (1952).. ....................................6, 8

*Presidio Home Care, LLC v. B-E., LLC*,

    2014 WL 2711299, (C.D. Cal. June 13, 2014)........................................................10

*Pritchard v. Sully-Miller Contracting Co*., 178 Cal.App.2d 246 (Ct. App. 1960).......15

*Read v. Sonat Offshore Drilling, Inc*., 515 So. 2d 1229 (Miss. 1987)...........................7

*Robert Mitchell Furniture Co. v. Selden Breck Const. Co*., 257 U.S. 213 (1921) .11, 16

*Roberts v. Synergistic Int'l, LLC*, 676 F. Supp. 2d 934, 942 (E.D. Cal. 2009).............19

*Rockefeller University v. Ligand Pharms. Inc*., 581 F.Supp.2d 461 (S.D.N.Y.2008 .....9

*Sara M. v. Superior Court*, 36 Cal. 4th 998, 1012, 116 P.3d 550 (2005)....................14

*Schwarzenegger v. Fred Martin Motor Co*., 374 F.3d 797 (9th Cir. 2004) ..............4, 5

*Senju Pharm. Co. v. Metrics, Inc., No*. CIV.A. 14-3962 JBS, 2015 WL 1472123,

    (D.N.J. Mar. 31, 2015)...........................................................................................8

*Sibley v. Superior Court*, 16 Cal.3d 442 (1976) ...........................................................5

*Tiffany Records, Inc. v. M. B. Krupp Distributors, Inc*., 276 Cal.App.2d 610 (1969) .16

*Tuazon v. R.J. Reynolds Tobacco Co*., 433 F.3d 1163 (9th Cir.2006) .........................19

*Vorys, Sater, Seymour & Pease v. Ryan,* 154 Cal.App.3d 91 (1984)...........................15

*W. Pub. Co. v. Superior Court of City & Cnty. of San Francisco*, 20 Cal.2d (1942)...16

*Warner Bros. Records v. Golden W. Music Sales*, 36 Cal.App.3d 1012 (1974) ..........15

*Wenche Siemer v. Learjet Acquisition Corp*., 966 F.2d 179 (5th Cir.1992)..................9

*World Lebanese Cultural Union, Inc. v. World Lebanese Cultural Union of New York,*

    *Inc*., 2011 WL 5118525, (N.D. Cal. Oct. 28, 2011) ...............................................10

*Yamaha Motor Co. v. Superior Court*, 174 Cal.App.4th 264 (2009) ...........................11

**STATUES**

Cal. Civ. Proc. Code § 406a.........................................................................................11

Cal. Civ. Proc. Code § 410.10.................................................. 4, 5, 12, 13, 15, 16, 17

Cal Corp. Code § 6403.......................................................................................12, 13, 15

Cal. Civ. Proc. Code § 405...........................................................................................11

**RULES**

Fed.R.Civ.P. 12(b)(2)..........................................................................................4

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION AND FACTS

John Crane Inc. ("JCI") asks to be dismissed on the ground that the Court lacks personal jurisdiction over it. Relying on the recent Supreme Court holding *Daimler AG v. Bauman*, 134 S. Ct. 746, (2014) ("*Daimler*"), it claims that where suit against an out-of-state corporation does not arise from its in-state contacts, the Court may only assert general, or all-purpose, jurisdiction over it in "exceptional cases"— namely, where "the corporation's operations in a forum other than its…place of incorporation or principal place of business [are] so substantial and of such a nature as to render the corporation at home."[1]

But Plaintiffs' claims against the Defendants in this case do not arise from their in-state conduct. Rather, Plaintiffs claim that Farid Malek ("Malek") developed mesothelioma as a result of his exposure to asbestos from his work at the Abadan Oil refinery in Iran from 1951-1979.[2] Specifically, Plaintiffs claim that certain Defendant oil companies entered into a contract, the "Government Agreement," with the Iranian government and companies representing it to "establish, maintain and control the largest oil refinery in the world at Abadan, Iran"; that as part of the Government Agreement, Defendants, including JCI, furnished defective asbestos-containing products to the Abadan Refinery to which Malek was exposed; and that the Defendant

---

[1] *Daimler,* 134 S.Ct. at 761, fn. 19. See also *BNSF Railway Co. v. Super. Ct.,* 235 Cal.App. 591, 603-604.

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

oil companies further "failed to ensure that the Abadan Refinery was operat[ed] in accordance with good oil industry practice and sound engineering principles" as "set forth" in the Government Agreement, also exposing Malek to asbestos.[3]

Since, JCI insists, Plaintiffs' claims against it do not relate to its in-state contacts, it can only be subject to personal jurisdiction in California if it is "at home" here. But it isn't: JCI is incorporated in Delaware, its principal place of business is in Illinois, and Plaintiffs have not pled that JCI's California operations are sufficiently substantial to make it "at home."  The gambit of possibilities for general jurisdiction having been presumably run, JCI holds that it must be dismissed.

JCI is wrong.  In-state contacts are only one way California can have general jurisdiction over a defendant.  Both California and federal courts have long recognized that *consent* is another.[4] And the great weight of authority is that state laws granting personal jurisdiction over out-of-state corporations that register an agent for service within the state are constitutional.[5]

While California and District Court decisions since 1987 have found that California's statutes cannot be read to establish general jurisdiction over corporations registering an agent for service within the state, the case from which that rule springs,

---

[2] Plaintiffs' Complaint, Parker Decl. Ex. A at ¶¶ 4, 14-15, 32.

[3] *Id.* at ¶¶ 4, 25-28, 42-54, 80.

[4] See, e.g., *Nobel Floral, Inc. v. Pasero*, 106 Cal.App.4th 654, 658 (2003). See also *In re Fitzgerald v. King*, 39 Cal.App.4th 1419, 1425–26, citing *Burnham v. Superior Court*, 495 U.S. 604, 611 (1990) (listing the three traditional bases for jurisdiction as: (1) in-state presence during service; (2) domicile; and (3) consent).

[5] See Section B, infra.

PLAINTIFFS' OPPOSITION TO DEFENDANT JOHN CRANE INC.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION – FRCP 12(b)(2); MEMORANDUM OF POINTS AND AUTHORITIES

*Gray Line Tours v. Reynolds Electrical & Engineering Co.*,[6] was wrongly decided. As explained more fully below, in rendering its ruling, the *Gray Line* court relied solely on the 1937 Southern District of California decision, *Miner v. United Air Lines Transport Corporation*.[7]   But the *Miner* court interpreted the jurisdictional scope of statutes that have long since been superseded. Had the *Gray Line* court interpreted the statutes in existence at that time, it would have looked to California's Judicial Council notes on those statutes, notes that the legislature had when it passed them.  According to those notes, when a corporation registers an agent for service of process within the state, it is consenting to jurisdiction. And "***the consent thus given is a question of interpretation of the instrument in which the consent is expressed. The California statute does not limit the required consent to causes of action that arise from only intrastate business done in the state***."[8] Because the Judicial Council interpreted the ***successor*** to the jurisdictional statute the *Miner* court relied on, ***not to limit*** a registering corporation's consent to causes of action arising from its in-state activities, and to make that consent a matter of the "interpretation of the instrument in which the consent is expressed," *Gray Line* erred in following the *Miner* court—and so did its progeny.  And because the instrument by which JCI registered an agent for service within this state does not limit its consent to actions arising from its business within

---

[6]  193 Cal.App.3d 190, 194 (1987).

[7]  16 F. Supp. 930 (1936) ("*Miner*").

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

this state, its consent is total.  It has consented to California's general jurisdiction over it.

Finally, to the extent that this Court is not persuaded by Plaintiffs' arguments below, Plaintiffs would request jurisdictional discovery to explore the extent of Mobil's California contacts to determine whether it might be "at home" in California.

## II.    LEGAL ARGUMENT

### A.    Standard of Review on 12(b)(2) Motion.

Under Fed.R.Civ.P. 12(b)(2), when a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing jurisdiction exists.[9] But when, as here, a district court rules on such a motion without an evidentiary hearing, "the plaintiff need make only a prima facie showing of jurisdictional facts in order to withstand the motion to dismiss."[10] In other words, the plaintiff "need only demonstrate facts that if true would support jurisdiction over the defendant."[11] Uncontroverted allegations in the complaint must be taken as true.[12] But the court may not assume the truth of such allegations if they are contradicted by affidavit.[13]

[8] Judicial Council Notes to Cal. Civ. Proc. Code § 410.10, Bases of Judicial Jurisdiction over Corporations, (3) Appointment of Agent--Foreign Corporations. (emphasis added)

[9] *Schwarzenegger v. Fred Martin Motor Co*., 374 F.3d 797, 800 (9th Cir. 2004).

[10] *Doe v. Unocal Corp*., 248 F.3d 915, 922 (9th Cir. 2001).

[11] *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995).

[12] *AT & T v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996).

[13] *Data Disc, Inc. v. Systems Tech. Assoc., Inc*., 557 F.2d 1280, 1284 (9th Cir. 1977).

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

PLAINTIFFS' OPPOSITION TO DEFENDANT JOHN CRANE INC.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION – FRCP 12(b)(2); MEMORANDUM OF POINTS AND AUTHORITIES

Conflicts in the evidence must be resolved in the plaintiff's favor.[14]

Where there is no applicable federal statute governing personal jurisdiction, a court applies the law of the state in which the district court sits.[15] "Because California's long-arm jurisdictional statute is coextensive with federal due process requirements, the jurisdictional analyses under state law and federal due process are the same."[16]

## B.    State Statutes Granting Personal Jurisdiction Over Out-of-State Corporations That Register an Agent for Service Within the State Are Constitutional.

The Supreme Court has long recognized that personal jurisdiction exists where a party consents to suit in the state.[17] A party may consent to personal jurisdiction in a number of ways. In *Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*, for example, the Court noted that a party may waive the requirements of personal jurisdiction through a variety of "legal arrangements [that] have been taken to represent express or implied consent to personal jurisdiction of the court."[18] The Court went on to note that one such arrangement may include "state procedures which find

---

[14] *AT & T*, 94 F.3d at 588.

[15] See *Schwarzenegger*, 374 F.3d at 800.

[16] *Id.* at 800-801; see Code of Civil Procedure section 410.10; *Sibley v. Superior Court*, 16 Cal.3d 442, 445 (1976) ("This statute manifests [the] intent to exercise the broadest possible jurisdiction, limited only by constitutional considerations.").

[17] See Lee Scott Taylor, Registration Statutes, Personal Jurisdiction, and the Problem of Predictability, 103 Colum. L. Rev. 1163, 1186 (2003) ("As a ground of jurisdiction, consent is, like 'presence,' of considerable vintage.")

[18] 456 U.S. 694, 704 (1982).

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

constructive consent to the personal jurisdiction of the state court in the voluntary use of certain state procedures."[19]

The Supreme Court has also previously suggested that a defendant consents to suit when it agrees to accept service of process in the forum. In *Pa. Fire Ins. Co. v. Gold Issue Mining and Milling Co*., the Court, through Justice Holmes, found that a corporation had consented to personal jurisdiction by complying with a state statute that required it to consent to service in the state as a condition of doing business in that state.[20] Since the defendant had complied with the statute and appointed an agent for service, the Court reasoned that it could rationally be held to consent to service of process in lawsuits filed against the defendant doing business in the state.[21]

Similarly, in *Perkins v. Benguet Consol. Min. Co*., the Supreme Court noted:

> Today if an authorized representative of a foreign corporation be physically present in the state of the forum and be there engaged in activities appropriate to accepting service or receiving notice on its behalf, we recognize that there is no unfairness in subjecting that corporation to the jurisdiction of the courts of that state through such service of process upon that representative.[22]

The principle of establishing jurisdiction by in-state service was emphasized more recently in the plurality opinion in *Burnham v. Super. Court of California*.[23] In

---

[19] *Id*.

[20] 243 U.S. 93, 94 (1917).

[21] 243 U.S. at 95; see also *Neirbo Co. v. Bethlehem Shipbuilding Corp*., 308 U.S. 165, 175 (1939) ("[S]tate legislation and consent of parties may bring about a state of facts which will authorize the courts of the United States to take cognizance of a case.").

[22] 342 U.S. 437, 444-445 (1952).

[23] 495 U.S. 604 (1990).

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

*Burnham*, the Court held that personal service upon a defendant who was within a forum state was enough to establish personal jurisdiction, regardless of whether the defendant had sufficient minimum contacts to satisfy due process. The Court explained that the long-standing in-state service rule does not require an independent inquiry into whether "traditional notions of fair play and substantial justice" were observed, because "a doctrine that dates back to the adoption of the Fourteenth Amendment and is still generally observed unquestionably meets that standard."[24] Citing a string of cases, including, importantly, some applying the in-state service rule to foreign corporate defendants accepting service by agent, the Court explicitly stated that the in-state service rule "remains the practice of, not only a substantial number of the States, but as far as we are aware all the States and the Federal Government."[25]

Four justices in *Burnham* who did not join the plurality opinion wrote separately to emphasize that they agreed that personal jurisdiction is obtained over one who is served within the state, thus upholding the doctrine of "transient jurisdiction," and joining in the unanimous affirmation of the lower court's holding that personal service in California upon a New Jersey resident who was transient in California comported with due process for California to exercise personal

---

[24] 495 U.S. at 622.

[25] 495 U.S. at 615–616, citing, e.g., *Read v. Sonat Offshore Drilling, Inc.*, 515 So. 2d 1229, 1231 (Miss. 1987) (finding that Mississippi courts had personal jurisdiction over out-of-state corporation for action arising from out-of-state personal injury because plaintiff served process on corporation's registered agent in Mississippi).

jurisdiction—even absent minimum contacts with the forum.[26] Similarly, Justice White and Justice Stevens also wrote separately to affirm the judgment and to agree that in-state service of even a transient defendant suffices to confer personal jurisdiction.[27]

Although transient jurisdiction is not "consent" it is analogous: each is a traditional basis for general jurisdiction, grounded in a state's territorial sovereignty, and insulated from an independent due process analysis.[28]

Put another way, "the implication of *Burnham* is that where the statute makes clear that it is extracting consent to general jurisdiction, despite any policy-based objections that might obtain, there is no due process barrier to general jurisdiction based solely on registration."[29]

Nor has consent-based jurisdiction been affected by *Daimler*.  As one District Court recently put it, "*Daimler* has nothing to do with consent as a basis for personal jurisdiction."[30]

---

[26] 495 U.S. at 628–629 (Brennan, J.).

[27] 495 U.S. at 628, 640.

[28] See *Daimler*, supra, 134 S. Ct. at 755-56 (citing *Perkins* as "the textbook case of general jurisdiction appropriately exercised over a foreign corporation *that has not consented* to suit in the forum") (emphasis added); Taylor, Registration Statutes, supra, 103 Colum. L. Rev. at 1188 ("[A] persuasive analogy can be drawn between the way in which presence is treated in *Burnham*…and the *Knowlton* court's treatment of consent. If registration is considered an established species of consent then it might attract the same kind of deference afforded actual physical presence. As a traditional ground of jurisdiction, it might, like in-state service, be insulated from any independent due process analysis.").

[29] Taylor, Registration Statutes, supra, 103 Colum. L. Rev. at 1189.

[30] *Acorda Therapeutics, Inc. v. Mylan Pharm. Inc.*, 2015 WL 186833, at *13 (D. Del. Jan. 14, 2015). See also *Senju Pharm. Co. v. Metrics, Inc., No.* CIV.A. 14-3962 JBS, 2015 WL 1472123, at *5-6 (D.N.J. Mar. 31, 2015); *Gracey v. Janssen Pharm., Inc.*, 2015 WL 2066242, at *3 (E.D. Mo. May 4, 2015) (likewise distinguishing *Daimler* and finding jurisdiction over a nonresident corporation by consent through registering an in-state agent); Lee Scott Taylor, Registration Statutes, supra, 103 Colum. L. Rev. at 1186 ("[D]ue process protections only apply to unconsenting

---

- 8 -

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

Finally, most courts that have considered the issue have found constitutional state statutes granting personal jurisdiction over out-of-state corporations that register an agent for service within the state. As a California District Court has noted, "[t]he majority of federal appellate courts that have addressed the issue of whether appointment of an agent of service of process and registration to do business within a state constitutes 'consent' to jurisdiction ___have concluded that such acts do establish consent to jurisdiction___."[31]

///

///

---

defendants; if a party consents to jurisdiction, the extent of due process protection might be profoundly limited."). See also *Acorda*, supra, 2015 WL 186833, at *14 ("The problem identified in *Daimler* only arises when continuous and systematic contacts are used to assess whether a corporation is 'at home' in a forum state, which requires a corporation to predict what level of contacts a court will find sufficient. When, instead, the basis for jurisdiction is the voluntary compliance with a state's registration statute…the corporation can have no uncertainty as to the jurisdictional consequences of its actions.")

[31] *Flame S.A. v. Pasha Fin., Inc.*, 2010 WL 2902774, at *3 (C.D. Cal. July 26, 2010) (emphasis added). See also *Bane v. Netlink, Inc.*, 925 F.2d 637, 641 (3d Cir.1991) (upholding the constitutionality of Pennsylvania's registration statute, which expressly treated registration to do business in Pennsylvania as consent to the jurisdiction of Pennsylvania's courts over suits against the registering corporation); *Knowlton v. Allied Van Lines, Inc.*, 900 F.2d 1196, 1199–1200 (8th Cir.1990) (upholding general jurisdiction based on statutory interpretation of Minnesota Supreme Court and noting that "[t]he whole purpose of requiring designation of an agent for service is to make a nonresident suable in the local courts"); *Holloway v. Wright & Morrissey, Inc.*, 739 F.2d 695, 697 (1st Cir.1984) (upholding statutory consent to personal jurisdiction based on "natural reading" of relevant New Hampshire statute and explaining that "[i]t is well-settled that a corporation that authorizes an agent to receive service of process in compliance with the requirements of a state statute, consents to the exercise of personal jurisdiction in any action that is within the scope of the agent's authority"); *Rockefeller University v. Ligand Pharms. Inc.*, 581 F.Supp.2d 461, 466 (S.D.N.Y.2008) ("In maintaining an active authorization to do business and not taking steps to surrender it as it has a right to do, defendant was on constructive notice that New York deems an authorization to do business as consent to jurisdiction."). Two additional circuits appear to agree with the principle that a state may condition doing business in that state on an agreement to submit to the general jurisdiction of the courts of that state—although the statutes these circuits were analyzing did not, the courts found, amount to such consent. See *King v. Am. Family Mut. Ins. Co.*, 632 F.3d 570, 576, 578 (9th Cir.2011) ("[F]ederal courts must, subject to federal constitutional restraints, look to state statutes and case law in order to determine whether a foreign corporation is subject to personal jurisdiction in a given case because the corporation has appointed an agent for service of process.... [T]he Montana law regarding appointment of an agent for service of process does not, standing alone, subject foreign corporations to jurisdiction in Montana for acts performed outside of Montana, at least when the corporations transact no business in the state."); *Wenche Siemer v. Learjet Acquisition Corp.*, 966 F.2d 179, 183 (5th Cir.1992) ("No Texas state court decision has held that this provision acts as a consent to jurisdiction over a corporation in a case such as ours—that is where Plaintiffs are non-residents and the defendant is not conducting substantial activity within the state.").

PLAINTIFFS' OPPOSITION TO DEFENDANT JOHN CRANE INC.'S MOTION TO DISMISS FOR LACK OF
PERSONAL JURISDICTION – FRCP 12(b)(2); MEMORANDUM OF POINTS AND AUTHORITIES

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

**C.** **California Courts Have Erred in Ruling that They Do Not Have Personal Jurisdiction Over Out-of-State Corporations that Register an Agent for Service Within the State.**

California courts recognize consent to be a traditional basis for personal jurisdiction separate and distinct from jurisdiction conferred through minimum contacts.[32]

Yet since the Second District decision in *Gray Line Tours v. Reynolds Electrical & Engineering Co.* ("*Gray Line*"), California's Courts of Appeal (and District Courts) have unquestioningly relied on its holding—that California's corporate service statutes cannot be construed to "authorize[] service of process upon the statutory agent of the foreign corporation defendant where the suit is founded upon a cause of action in no way connected with business transacted within this state."[33]

Unfortunately, the *Gray Line* court erred; and that error has been perpetuated ever since. The *Gray Line* court based its ruling solely on the 1936 Southern District of California Court holding in *Miner v. United Air Lines Transport Corporation*.[34] The issue in *Miner* was whether the "the predecessor" to California's current

---

[32] See, e.g., *Nobel Floral, Inc. v. Pasero*, 106 Cal.App.4th 654, 658 (2003). See also *In re Fitzgerald v. King*, 39 Cal.App.4th 1419, 1425–26, citing *Burnham v. Superior Court*, 495 U.S. 604, 611 (1990) (listing the three traditional bases for jurisdiction as: (1) in-state presence during service; (2) domicile; and (3) consent).

[33] 193 Cal.App.3d 190, 194 (1987). See also *DVI, Inc. v. Superior Court*, 104 Cal.App.4th 1080, 1095 (2002) (finding no personal jurisdiction over nonresident corporation under *Gray Line*). For the District Court decisions, all of which rely on *Gray Line* without analysis, see *Nanoexa Corp. v. Univ. of Chicago*, 2010 WL 4236855, at *4 (N.D. Cal. Oct. 21, 2010); *World Lebanese Cultural Union, Inc. v. World Lebanese Cultural Union of New York, Inc.*, 2011 WL 5118525, at *4 (N.D. Cal. Oct. 28, 2011); *Beijing Automotive Indus. Import and Export Corp. v. Indian Indus., Inc.*, 2013 WL 4040072, at *2 n. 1 (C.D.Cal. Aug.7, 2013); *Presidio Home Care, LLC v. B-E., LLC*, 2014 WL 2711299, at *4 (C.D. Cal. June 13, 2014); *Overhill Farms Inc. v. W. Liberty Foods* LLC, No. CV 14-03533-RSWL, 2014 WL 4180920, at *4 (C.D. Cal. Aug. 21, 2014).

[34] 16 F. Supp. 930 (1936) ("*Miner*").

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

corporate service statute, Corp. Code section 2105, conferred consent-based jurisdiction on out-of-state corporations that register an agent for service within this state.[35] The *Miner* court reasoned that the United States Supreme Court has counseled that the purpose of state statutes requiring foreign corporations to appoint agents for service is primarily to subject them to jurisdiction in local courts for suits arising out of their in-state activity.[36] Thus courts should interpret such statutes narrowly, and only find that they permit general jurisdiction over a corporation when there is "language compelling it."[37] Based on these principles, the *Miner* court found that because no California court had given a construction to "sections 405 and 406a of the Civil Code" according to which, by registering an agent for service, a foreign corporation consents to general jurisdiction, it must interpret it otherwise: that when a corporation registers an agent for service it only indicates its consent to personal jurisdiction based on suits arising out of its in-state activity.[38]

Since *Miner*, California law has changed. California Civil Code sections 405 and 406a were repealed in 1947 by Cal. Corp. Code § 6201 et seq.; and Cal. Corp. Code § 6201 et seq. was repealed in 1975 by Cal Corp. Code § 2100 et seq.[39] But

---

[35] *Id.* 931.

[36] *Id.*

[37] *Id.*, citing *Robert Mitchell Furniture Co. v. Selden Breck Const. Co.*, 257 U.S. 213, 216 (1921) ("Unless the state law either expressly <u>or by local construction</u> gives to the appointment a larger scope, we should not construe it to extend to suits in respect of business transacted by the foreign corporation elsewhere…") (emphasis added).

[38] *Miner*, 16 F.Supp. at 931.

[39] See *Yamaha Motor Co. v. Superior Court*, 174 Cal.App.4th 264, 272 (2009) (explaining the statutory history).

before the legislature replaced Cal. Corp. Code App. § 6201 et seq., it completely renovated California's jurisdiction and service-of-process statutes.[40] This 1969 renovation marked a significant policy shift.  As the Supreme Court noted:

> Recognizing 'the serious need to update California's jurisdiction and service of process statutes'…the California Judicial Council and State Bar, following a joint study, recommended a comprehensive revision of the California statutes…The suggested changes, including section 416.10, which governs service upon corporations, were enacted by the 1969 Legislature. Although some decisions under pre-1969 statutes required strict and exact compliance with the statutory requirements…the provisions of the new law, according to its draftsmen, 'are to be liberally construed'. . . . As stated in the Nov. 25, 1968, Report of the Judicial Council's Special Committee on Jurisdiction, pp. 14—15: '***The provisions of this chapter should be liberally construed to effectuate service and uphold the jurisdiction of the court <u>if actual notice has been received by the defendant</u>, and in the last analysis the question of service should be resolved by considering each situation from a practical standpoint. . . .***' The liberal construction rule, it is anticipated, will eliminate unnecessary, time-consuming, and costly disputes over legal technicalities, without prejudicing the right of defendants to proper notice of court proceedings.[41]

Along with recommending the replacement of the then-existing jurisdiction and service-of-process statutes, the Judicial Council provided the California legislature with copious notes concerning how its new jurisdiction and service-of-process statutes should be interpreted.  Within those notes, the Judicial Council set forth a much broader interpretation of the statutes' reach than that given to their predecessors by the *Miner* court.

For example, concerning Cal Corp. Code § 6403 those notes provide:

---

[40] See *Pasadena Medi-Ctr. Associates v. Superior Court*, 9 Cal.3d 773, 778 (1973); Cal. Civ. Proc. Code § 410.10 et seq.

[41] *Id.* at 778. (emphasis added)

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

By authorizing an agent or public official to accept service of process in actions brought against it, a ***corporation consents*** to the exercise of judicial jurisdiction over it as to all causes of action to which the authority of the agent or official extends. ***The extent of the consent thus given is a question of interpretation of the instrument in which the consent is expressed***. <u>***The California statute does not limit the required consent to causes of action that arise from only intrastate business done in the state***</u>, and includes all causes of actions that may be brought in the state against a foreign corporation. (See Cal.Corp.Code § 6403.)[42]

Thus in 1969, the Judicial Council interpreted the ***successor*** to the jurisdictional statute the *Miner* court relied on, <u>***not to limit***</u> a registering corporation's consent to causes of action arising from its in-state activities, and to make that consent a matter of the "interpretation of the instrument in which the consent is expressed."[43]

Nor is that the only place where the Judicial Council intimated that California courts may exercise general jurisdiction over corporations based on their registration of an agent for service within the state.   Under the heading "Consent—Foreign Corporations," the Judicial Council Notes provide:

By its consent a foreign corporation subjects itself to the judicial jurisdiction of a state to the same extent as would an individual. The rules governing such consent are as stated in subdivision (5) dealing with consent by individuals, *supra*.[44]

Under subdivision (5) for individuals, the notes state: ***"[c]onsent may be given by…***

---

[42] Judicial Council Notes to Cal. Civ. Proc. Code § 410.10, Bases of Judicial Jurisdiction over Corporations, (3) Appointment of Agent--Foreign Corporations. (emphasis added)

[43] *Id.*

[44] Judicial Council Notes to Cal. Civ. Proc. Code § 410.10, Bases of Judicial Jurisdiction over Corporations, (2) Consent--Foreign Corporations.

PLAINTIFFS' OPPOSITION TO DEFENDANT JOHN CRANE INC.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION – FRCP 12(b)(2); MEMORANDUM OF POINTS AND AUTHORITIES

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

*designation of an agent to receive process*."[45]  In keeping with the draftsmen's new, liberal construction policy, the Judicial Council further observes: "A specific appointment is not required, but the principal-agent relationship must be close and enduring enough to make it highly probable that the defendant will receive *actual notice*."[46] In sum, under the 1969 revisions, designating an agent to accept process constitutes consent to jurisdiction, and "actual notice" is the touchstone for proper service.  This is true for corporations and individuals.

Under California law, Judicial Council[47] interpretations—especially of jurisdictional statutes—are "highly persuasive."[48] They indicate what current law means.[49]

---

[45] *Id.*, Bases of Judicial Jurisdiction over Individuals, (5) Consent (emphasis added); see also § 416.90 (allowing plaintiffs to serve process on agents for individuals).

[46] Nov. 2, 1968, Report of the Judicial Council's Special Committee on Jurisdiction, pp. 35—36; see also: Li, Attorney's Guide to California Jurisdiction and Process (Cont.Ed.Bar 1970) pp. 85—86, s 1.34. (emphasis added)

[47] According to Article 6, sec. 6(a) of the California Constitution, "The Judicial Council consists of the Chief Justice and one other judge of the Supreme Court, three judges of courts of appeal, 10 judges of superior courts, two nonvoting court administrators, and any other nonvoting members as determined by the voting membership of the council, each appointed by the Chief Justice for a three-year term pursuant to procedures established by the council; four members of the State Bar appointed by its governing body for three-year terms; and one member of each house of the Legislature appointed as provided by the house."

[48] See, e.g., *Dill v. Berquist Constr. Co.,* 24 Cal.App.4th 1426, 1435 (1994) ("Since the act recommended by the Judicial Council was adopted by the Legislature…and since the Judicial Council's explanatory comments were before the Legislature when it did so, those comments are *highly persuasive* evidence of the Legislature's intent regarding the proper interpretation of these statutes.") (emphasis added). See also *Sara M. v. Superior Court,* 36 Cal. 4th 998, 1012, 116 P.3d 550, 557 (2005) ("The Judicial Council, as an independent agency charged with a specialized and focused task of promulgating rules...is the entity…presumably equipped or informed by experience to perform such task, and whose findings warrant deferential treatment by the court."); *Gibble v. Car-Lene Research, Inc.,* 67 Cal.App.4th 295, 304, fn. 7(1998) ("[W]e note that California courts often look to such [the Judicial Council notes] for guidance when trying to ascertain the legislative intent behind California statutes, including those governing service of process and issues of personal jurisdiction."); *Hahn v. Diaz-Barba,* 194 Cal. App. 4th 1177, 1190 (2011) ("Our courts rely on the Judicial Council comment to section 410.30, which declares that a forum is suitable if the defendant can be subjected to the jurisdiction of the courts in the alternative forum and the statute of limitations poses no bar."); *Delfosse v. C.A.C.I., Inc.-Fed.,* 218 Cal.App.3d 683, 689 (1990) (noting that the Judicial Council Comments to Code of Civil Procedure section 410.30 "are entitled to significant weight in interpreting the statute"); *Ault v. Dinner for Two, Inc.,* 27 Cal.App.3d 145, 149, fn. 2 (1972) ("The Judicial Council Comments provide an important guide to statutory interpretation."); *M.

---

- 14 -

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

Further, California courts regularly exercise jurisdiction over *natural persons* based on service of process on their agents.[50] And according to the Judicial Council, corporations and persons shouldn't be treated any differently for jurisdictional purposes.

Thus the *Gray Line* court erred. The *Miner* court interpreted California's old jurisdictional laws in a limited manner because there was no "local construction" compelling a broader reading.[51] But the Judicial Council commentary to Cal. Civ. Proc. Code § 410.10, giving a broader interpretation to Cal.Corp.Code § 6403—the successor to the statute the *Miner* court relied on—is precisely that: "state law…by local construction giv[ing] to the appointment a larger scope."[52] The *Gray Line* court should have considered California's <u>existing</u> laws in deciding whether California implies consent to jurisdiction in laws requiring out-of-state corporations to register an agent for service within the state—especially after "the California Judicial Council and

---

*Lowenstein & Sons, Inc. v. Superior Court,* 80 Cal.App.3d 762, 771 (1978); *Circus Circus Hotels, Inc. v. Superior Court,* 120 Cal.App.3d 546, 563 (1981); *Vorys, Sater, Seymour & Pease v. Ryan,* 154 Cal.App.3d 91, 93 (1984).

[49] See *Pritchard v. Sully-Miller Contracting Co*., 178 Cal.App.2d 246, 256 (Ct. App. 1960) ("A statute is to be construed according to the intent of the law-making body. The intent is the vital part, and the primary rule of construction is to ascertain and give effect to that intent. If a statute is plain, certain, and unambiguous, so that no doubt arises from its own terms as to its scope and meaning, a bare reading suffices and there is no room for construction. The mere literal construction, however, ought not to prevail if it is opposed to the intention of the legislature apparent by the act itself; and, if the words are sufficiently flexible to admit of some other construction, it should be adopted to effectuate the intention. The intent prevails over the letter, and the letter will, if possible, be so read as to conform to the spirit of the act.")

[50] See, e.g., *Warner Bros. Records v. Golden W. Music Sales*, 36 Cal.App.3d 1012 (1974) (finding personal jurisdiction over individuals based on their in-state service of process on their attorney because the attorney's "relationship with the individual defendants may have been sufficiently close and enduring to make it reasonably certain that they would be apprised of the service on Leeds upon their behalf"); *Lebel v. Mai*, 210 Cal.App.4th 1154 (2012) (finding plaintiffs' evidence insufficient to establish that foreign-domiciled landlord's mother was her agent for service of process).

[51] *Miner,* 16 F.Supp. at 931.

PLAINTIFFS' OPPOSITION TO DEFENDANT JOHN CRANE INC.'S MOTION TO DISMISS FOR LACK OF
PERSONAL JURISDICTION – FRCP 12(b)(2); MEMORANDUM OF POINTS AND AUTHORITIES

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

State Bar, following a joint study," had recently undertaken "a comprehensive revision of the California statutes."[53] It didn't.  And neither did the courts that followed it.[54]

This error has been exacerbated by later courts, which have not only similarly failed to look to existing California law, but have failed to consider how recent Supreme Court holdings—including *Burnham* and *Bauxites*—support consent-based jurisdiction through registration.

*Gray Line* blundered. In-state registration of an agent for service confers general jurisdiction based on consent under existing California law, unless the consent is limited in "the instrument in which the consent is expressed." [55] Here, JCI registered "C T Corporation System" as its Los Angeles agent for service of process.[56] Its

---

[52] *Id.*, citing *Robert Mitchell*, supra, 257 U.S. at 216.

[53] *Pasadena Medi-Ctr*, supra, 9 Cal.3d at 778.

[54] See infra, fn. 4.

[55] Judicial Council Notes to Cal. Civ. Proc. Code § 410.10, Bases of Judicial Jurisdiction over Corporations, (3) Appointment of Agent--Foreign Corporations. Plaintiffs here note that some California courts have found that serving process on an out-of-state corporation's in-state agent cannot confer personal jurisdiction on the corporation *unless the corporation is "doing business" within California*—where "doing business" required a minimum contacts/due process analysis. See, e.g., *W. Pub. Co. v. Superior Court of City & Cnty. of San Francisco*, 20 Cal.2d 720, 726-727 (1942); *Koninklijke Luchtvaart Maatschappij v. Superior Court in & for Los Angeles Cnty.*, 107 Cal.App.2d 495, 499 (1951); *Fed. Mach. & Welder Co. v. Superior Court of Los Angeles Cnty.*, 259 Cal.App.2d 927, 930 (1968); *Tiffany Records, Inc. v. M. B. Krupp Distributors, Inc.*, 276 Cal.App.2d 610, 614 (1969). See also Mary Twitchell, Why We Keep Doing Business with Doing-Business Jurisdiction, 2001 U. Chi. Legal F. 171, 195 (2001).  But whatever "doing-business" jurisdiction once amounted to, it has long since been displaced.  And definitively so by *Daimler*. See *Daimler*, supra, 134 S. Ct. at 761-62. ("A corporation that operates in many places can scarcely be deemed at home in all of them. Otherwise, 'at home' would be synonymous with 'doing business' tests framed before specific jurisdiction evolved in the United States."). And, in any case, neither the Judicial Council nor Supreme Court premise consent-based jurisdiction on an *amount* of in-state activity.  Consent occupies a jurisdictional category of its own. See Taylor, Registration Statutes, supra, 103 Colum. L. Rev. at 1186; *Bauxites*, supra, 456 U.S. at 704 ("[T]he Court has upheld state procedures which find constructive consent to the personal jurisdiction of the state court in the voluntary use of certain state procedures.")

[56] Declaration of Jason Dixon, ¶ 3 Ex. A, JCI's registration of an in-state agent for service, pursuant to Cal. Corp. Code § 2105(a)(5)-(6).

---

PLAINTIFFS' OPPOSITION TO DEFENDANT JOHN CRANE INC.'S MOTION TO DISMISS FOR LACK OF
PERSONAL JURISDICTION – FRCP 12(b)(2); MEMORANDUM OF POINTS AND AUTHORITIES

registration documents, filed with California's Secretary of State, provide: "[JCI] hereby irrevocably consents to service of process directed to it upon the agent designated [C T Corporation System], and to service of process on the Secretary of State of California if the agent so designated or the agent's successor is no longer authorized to act or cannot be found at the address given."[57] Because this language expresses no limitation on JCI's consent, its consent must be construed as total: not limited to "causes of action that arise from only intrastate business."[58]

**D.    If this Court Does Not Find that JCI Has Consented to General Jurisdiction in California, It Should Permit Plaintiffs to Conduct Jurisdictional Discovery to Determine Whether JCI's California Operations Are Substantial Enough To Make It "at Home" in This State.**

On a motion to dismiss, a court has discretion to allow a plaintiff to conduct jurisdictional discovery.[59] "[D]iscovery should ordinarily be granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary."[60]

Ninth Circuit district courts have found that a plaintiff is not obligated to make a "prima facie" case of personal jurisdiction before it can obtain limited jurisdictional discovery, because "[i]t would ... be counterintuitive to require a plaintiff, *prior to*

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

---

[57] *Id.*

[58] Judicial Council Notes to Cal. Civ. Proc. Code § 410.10, Bases of Judicial Jurisdiction over Corporations, (3) Appointment of Agent--Foreign Corporations.

[59] See, e.g., *Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1135 (9th Cir.2003).

[60] *Laub v. U.S. Dept. of Interior*, 342 F.3d 1080, 1093 (9th Cir.2003) (citation omitted).

conducting discovery, to meet the same burden that would be required to defeat a motion to dismiss."[61]

Here, the third paragraph of Plaintiffs' complaint provides that all Defendants were and are "authorized to do and are doing business in the state of California, and…have regularly conducted business in the County of Los Angeles, State of California."[62] Prior to *Daimler*, when "large companies [did] a large amount of business locally on a regular basis," that was enough to establish general jurisdiction over them.[63] Plaintiffs have not conducted jurisdictional discovery under the clarified *Daimler* standard, which, in order to establish general jurisdiction over a corporate defendant, requires the plaintiff to produce proof that the defendant's in-state contacts are comparable to its contacts in the state of its corporate headquarters or principal place of business. Thus, should this Court find that JCI did not consent to general jurisdiction by registering an agent for service within the state, Plaintiffs request that this Court to allow them to conduct jurisdictional discovery to determine whether JCI's California contacts are comparable to its contacts in states where it is "at home."

///

///

///

---

[61] *Orchid Biosciences, Inc. v. ST. Louis Univ .,* 198 F.R.D. 670, 672–73 (S.D.Cal.2001) (emphasis in original); *eMag Solutions, LLC v. Toda Kogyo Corp.*, 2006 WL 3783548, at *2 (N.D. Cal. Dec. 21, 2006).

[62] Plaintiffs' Complaint, Parker Decl. Ex. A at ¶ 3.

PLAINTIFFS' OPPOSITION TO DEFENDANT JOHN CRANE INC.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION – FRCP 12(b)(2); MEMORANDUM OF POINTS AND AUTHORITIES

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

### III.   CONCLUSION

Based on the foregoing, as well as all other papers and evidence submitted, Plaintiffs respectfully request the Court to deny Defendant JCI Controls International LLC's motion to dismiss for lack of personal jurisdiction in its entirety.

Dated: June 29, 2015                          Respectfully submitted,
                                              WEITZ & LUXENBERG, P.C.

                                              By: /s/ Josiah Parker
                                                  BENNO ASHRAFI
                                                  JOSIAH PARKER
                                                  Attorneys for Plaintiffs

---

[63] See *Roberts v. Synergistic Int'l, LLC*, 676 F. Supp. 2d 934, 942 (E.D. Cal. 2009), citing *Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1169 (9th Cir.2006); *Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain* Co., 284 F.3d 1114, 1125 (9th Cir.2002).

## CERTIFICATE OF SERVICE

*Malek et al. v. Blackmer Pump Company, et al.*
United States District Court Central District of California
Case No. 2:15-CV-04454-SJO-JEM

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 years and am not a party to the within action.  My business address is 1880 Century Park East, Suite 700, Los Angeles, California 90067.

On June 29, 2015, I served the foregoing documents entitled:

**PLAINTIFFS' AMENDED OPPOSITION TO DEFENDANT JOHN CRANE INC.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION – FRCP 12(b)(2); MEMORANDUM OF POINTS AND AUTHORITIES**

on all interested parties in this action by:

☒         **ELECTRONIC COURT FILING (ECF):**  the above-entitled document to be served electronically through the United States District Court, Central District ECF website, addressed to all parties appearing in the Court's ECF service list. A copy of the "Filing Receipt" PAGE will be maintained with the original document in our office.

I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

Executed on June 29, 2015 at Los Angeles, California.

/s/ Melissa Wilner_____
Melissa Wilner

PLAINTIFFS' OPPOSITION TO DEFENDANT JOHN CRANE INC.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION – FRCP 12(b)(2); MEMORANDUM OF POINTS AND AUTHORITIES